IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEEDTRACK INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., et al., <br><br> Defendants. _____/ | No. C 09-04479 JSW <br><br><br> **ORDER DENYING MOTION TO DISMISS** |

Now before the Court is the motion to dismiss the amended complaint filed by defendants Amazon.com and Retail Convergence, Inc. d/b/a Smartbargains.com ("Defendants"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES Defendants' motion to dismiss.

**BACKGROUND**

Defendants move to dismiss on the basis that the Plaintiff's patent infringement claims must fail as a matter of law. Defendants argue that the asserted patent, United States Patent No. 5,544,360 ("the '360 Patent") entitled "Method for Accessing Computer Files and Data, Using Linked Categories Assigned to Each Data File Record on Entry of the Data File Record" is invalid under 35 U.S.C. section 101 ("Section 101") for lack of patent-eligible subject matter. The patent

covers inventions comprising systems and methods for accessing information stored in the data storage system of a computer.

Plaintiff originally filed this action in September 2009 asserting infringement by Defendants of the '360 Patent issued in August 1996. On July 5, 2011, the United States Patent and Trademark Office confirmed the validity of the '360 Patent by issuing an *Ex Parte* Reexamination Certificate.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.     Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, plaintiffs must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, the Court should grant leave to amend, unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

2

To state a claim for patent infringement, "a patentee need only plead facts sufficient to place the alleged infringer on notice. The requirement ensures that the accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v. Hospitality Franchise System, Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

**B.    Patent Eligibility.**

    **1.    Judgment is Not Premature.**

Defendants assert that the patents-in-suit fail to claim patent-eligible subject matter under Section 101 and pursuant to the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, --- U.S. ---, 134 S. Ct. 2347 (2014) ("*Alice*"). Whether a claim recites patent-eligible subject matter under Section 101 is a question of law. *In re Roslin Inst. (Edinburgh),* 750 F.3d 1333, 1335 (Fed. Cir. 2014). There are many courts that have considered Section 101 eligibility at the motion to dismiss stage, prior to conducting a claims construction. *See, e.g., OIP Technologies v. Amazon,com, Inc.*, 2012 WL 3985118, at *5 (N.D. Cal. Sept. 11, 2012) (Chen, J.) (citing other cases). "Where, as here, the basic character of the claimed subject matter is readily ascertainable from the face of the patent, the Court finds that it may determine patentability at the motion to dismiss stage." *Internet Patents Corp. v. The Gen. Auto. Ins. Servs., Inc.*, 29 F. Supp. 3d 1264, 1268 (N.D. Cal. 2013) (White, J.), *aff'd Internet Patent Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1344 (Fed. Cir. 2015). "Where the court has a 'full understanding of the basic character of the claimed subject matter,' the question of patent eligibility may properly be resolved on the pleadings." *Pabst Licensing GmbH & Co. KG v. Xilinx Inc.*, --- F. Supp. 3d ---, 2016 WL 3196657, at *7 (N.D. Cal. 2016 (Koh, J.) (quoting *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1349 (Fed. Cir. 2014)).

    **2.    Principles of Patent Eligibility and Abstractness.**

Under Section 101, the scope of patentable subject matter includes "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." Notwithstanding the broad scope of Section 101, there are three important and judicially-created exceptions to patentability: "laws of nature, physical phenomena, and abstract ideas." *Diamond v. Chakrabarty*, 447 U.S. 303, 309 (1980); *see also Ass'n for Molecular Pathology v.*

3

*Myriad Genetics, Inc.*, 569 U.S. ---, 133 S. Ct. 2107, 2116 (2013). These principles are not patent-eligible because "they are the basic tools of scientific and technological work," which are "free to all men and reserved exclusively to none." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, --- U.S. ---, 132 S. Ct. 1289, 1293 (2012) (citations omitted). "'[M]onopolization of those tools through the grant of a patent might tend to impede innovation more than it would tend to promote it,' thereby thwarting the primary object of the patent laws." *Alice*, 134 S. Ct. at 2354 (citing *Mayo*, 132 S. Ct. at 1293).

Not all inventions involving an abstract concept are barred from patentability, however. The Supreme Court in *Alice* recently affirmed the approach set out in *Mayo* as the test for determining the patent eligibility of an invention involving patent-ineligible subject matter. *Id.* at 2355-59. The analysis, generally known as the *Alice* framework, follows a two-step analysis for distinguishing patents that claim laws of nature, natural phenomenon, and abstract ideas from those that claim patent-eligible applications of those concepts. First, courts must determine whether the claims at issue are directed to a patent-ineligible concept, such as an abstract idea. *Alice*, 134 S. Ct. at 2355; *Mayo*, 132 S. Ct. at 1296-97. If the claims are not directed to an abstract or otherwise patent-ineligible idea, the claims are considered patentable and the inquiry ends. *Id.* If, however, the court finds the claims are in fact directed to ineligible or abstract ideas, the court must consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible claim. *See Alice*, 134 S. Ct. at 2355 (citing *Mayo*, 132 S. Ct. at 1297, 1298). Step two of the process involves the "search for an 'inventive concept' – *i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (citing *Mayo*, 132 S. Ct. at 1294). Therefore, "application[s]" of an abstract concept "to a new and useful end" remain eligible for patent protection. *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972).

Although not dispositive of the issue, many courts use the "machine-or-transformation" test as "a useful and important clue" to assess whether some claim is patent-eligible. *Bilski v. Kappos*, 561 U.S. 593, 130 S. Ct. 3218, 3226 (2010). Under this test, a "claimed process is surely patent-

4

eligible under § 101 if: (1) tied to a particular machine or apparatus; or (2) it transforms a particular article into a different state or thing." *Id.* at 3224. Beyond the machine-or-transformation test, a reviewing court is obligated to "hew closely to established precedents in this area to determine whether an invention falls within one of the exceptions to § 101's broad eligibility." *OIP Technologies*, 2012 WL 3985118, at *5 (citing *Bilski*, 130 S. Ct. at 3231). Also, after the Supreme Court's decision in *Alice*, "there can remain no doubt: recitation of generic computer limitations does not make an otherwise ineligible claim patent-eligible." *DDR Holding, LLC v. Hotels.com, LP*, 773 F.3d 1245, 1256 (Fed. Cir. 2014) (citing *Alice*, 134 S. Ct. at 2358). While claims that "broadly and generally claim 'use of the Internet' to perform an abstract business practice" may not be patentable, claiming an "inventive concept for resolving [a] particular Internet-centric problem, render[s] the claims patent-eligible." *Id.* at 1258, 1259.

"Patents that merely claim well-established, fundamental concepts fall within the category of abstract ideas." *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 Fed. Appx. 988, 991 (Fed. Cir. 2014) (citing *Bilski*, 561 U.S. at 611-12). "The abstract idea exception prevents patenting a result where 'it matters not by what process or machinery the result is accomplished.'" *McRO, Inc. v. Bandai Namco Games America, Inc.*, at 19 (Fed. Cir. Sept. 13, 2016).[1]

Section 101 "does not permit a court to reject subject matter categorically because it finds that a claim is not worthy of a patent." *Research Corp. Techs. v. Microsoft Corp.*, 627 F.3d 859, 868 (Fed. Cir. 2010). The reason for the exceptions to eligibility rest on the presumption undergirding the patent system, which "represents a carefully crafted bargain that encourages both the creation and the public disclosures of new and useful advances in technology, in return for an exclusive monopoly for a limited period of time." *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1324 (Fed. Cir. 2012) (quoting *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 63 (1998)). "A patentee does not uphold his end of this 'bargain' if he seeks broad monopoly rights over a basic concept, fundamental principle, or natural law without a concomitant contribution to the existing body of scientific and technological knowledge." *Id.* Monopolization of the tools of abstract ideas

---

[1] Attached to Plaintiff's Statement of Recent Decision, Ex. A.

through the grant of a patent might tend to impede innovation more than it would tend to promote it, thereby thwarting the primary objective of the patent laws. *Alice*, 134 S. Ct. at 2354. At the same time, however, courts must "tread carefully in construing this exclusionary principle lest it swallow all of patent law." *Alice*, 134 S. Ct. at 2354.

### 2. Application of Section 101 to the Patents-in-Suit.

#### a. Identification of Claims Directed to an Abstract Idea.

Although abstract ideas are not patent-eligible subject matter, neither the Supreme Court nor the Federal Circuit has "established a definitive rule to determine what constitutes an 'abstract idea' sufficient to satisfy the first step of the *Mayo/Alice* inquiry." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334 (Fed. Cir. 2016) (citing *Alice*, 134 S. Ct. at 2357 (noting that the Court "need not labor to delimit the precise contours of the 'abstract ideas' category in this case")). Rather, instead of setting forth a bright line test separating abstract ideas from concepts that are sufficiently concrete so as to require no further inquiry under the first step of the *Alice* framework, courts are tasked with making the evaluation whether any particular claims are directed to a patent-ineligible abstract idea by "compar[ing] claims at issue to those already found to be directed to an abstract idea in previous cases." *Pabst*, 2016 WL 3196657, at *9 (citing *Enfish*, 822 F.3d at 1334). In the context of computer-implemented inventions, "courts have considered whether the claims purport to 'improve the functioning of the computer itself,' which may suggest that the claims are not abstract, or instead whether 'computers are invoked merely as a tool' to carry out an abstract process." *Id*. at *10 (citing *Alice*, 134 S. Ct. at 2359; *Enfish*, 822 F.3d at 1334). In addition, courts tasked with the analysis of the first step evaluation of abstractness may consider "whether the claims are, in essence, directed to a mental process or a process that could be done with pen and paper." *Id.* (citations omitted). "Another helpful way of assessing whether the claims of the patent are directed to an abstract idea is to consider if all the steps of the claim could be performed by human beings in a non-computerized 'brick and mortar' context." *Intellectual Ventures I LLC v. Symantec Corp.*, 100 F. Supp. 3d 371, 383 (D. Del. 2015) (citations omitted). "In distilling the purpose of a claim, the Court is careful not to express the claim's fundamental concept at an unduly 'high level of abstraction . . . untethered from the language of the claims,' but rather at a level consonant with the level of generality or

6

abstraction expressed in the claims themselves." *Pabst*, 2016 WL 3196657, at *12 (citations omitted).

Here, the Court finds that the claimed invention is not merely an abstract idea, but rather the '360 Patent claims an improved method for accessing files in a data storage system of a computer system. It requires the following steps: (1) initially creating in the computer system a "category description table" (construed as "at least one list or array, configured in any desired manner, or taking any form, containing a plurality of category descriptions")[2] containing a plurality of non-hierarchical "category descriptions" (construed as "information that includes a name that is descriptive of something about a stored file" where "name" means "'information' that must include, but is not limited to, a description in alphabetic form")[3]; (2) and then creating in the computer system a "file information directory" (construed as "a directory comprising information corresponding to at least one file")[4] having entries that include a unique file identifier and a set of category descriptions selected from the category description table; and (3) and then creating in the computer system a "search filter" comprising a set of category descriptions, where for each category description in the search filter, there is guaranteed to be an entry in the file information directory matching the set of category descriptions in the search filter.

The Court finds that the claimed invention is directed at solving a challenge unresolved by the prior art in which a search in a hierarchical directory structure did not guarantee a result. The claimed invention addressed that concern with the mechanism of allowing the user to search only those terms that are actually contained in the file description, thereby eliminating the possibility that the user may mistype or misspell a search term. The claimed invention seeks to remedy the problem by ensuring that the user is guaranteed a search result because (1) "the user is not required to type the key words to search; instead the user simply chooses the words from pick lists, making mistyping impossible"; and (2) "as the user builds the search filter definition, categories which

---

[2] *SpeedTrack, Inc. v. Wal-Mart Stores, Inc.*, Case No. 06-7336 PJH, 2008 WL 2491701, at *7 (N.D. Cal. June 18, 2008).

[3] *SpeedTrack v. Wal-Mart*, 2008 WL 2491701, at *6; *SpeedTrack, Inc. v. Endeca Techs., Inc.*, 524 Fed. App'x 651, 657 (Fed. Cir. 2013).

[4] *SpeedTrack v. Wal-Mart*, 2008 WL 2491701, at *8.

7

would find no data are automatically excluded as pick list possibilities." ('360 Patent at 4:5-14.) The Court finds that this improvement in the context of computer capabilities when accessing files stored in computer data storage device both guarantees a search result and makes mistyping impossible. The description of the invention and the claims created a technological solution to the problems that had existed with conventional file access methods. Because the Court finds that the patent claims are directed to a specific improvement to computer functionality, the claims are not directed to an ineligible abstract idea. *See Enfish*, 822 F.3d at 1336 (holding that where the plain focus of the claims was an improvement to computer functionality itself, the claims are not directed to an abstract idea within the meaning of *Alice*); *see also In re TLI Communications LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016).

### b. Evaluation of Claim for a Limiting Inventive Concept.

Because the Court finds that the present invention is not directed to an abstract idea, but rather is directed to a specific improvement in the way computers operate, the Court need not address whether the claims contain a limiting inventive concept. *See Alice,* 134 S. Ct. at 2354 (holding that if the claims are not directed to an abstract or otherwise patent-ineligible idea, the claims are considered patentable and the inquiry ends). However, even if the Court were to have found that the idea is an abstract one, the claims here provide a limiting inventive concept. Applications of an abstract concept "to a new and useful end" remain eligible for patent protection. *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972). "The claim limitations must disclose additional features indicating more than 'well-understood, routine, conventional activity.'" *In the Matter of Certain Portable Electronic Devices and Components Thereof*, Inv. 337-TA-994, Final Initial Determination at 26, U.S. International Trade Comm'n, (Aug. 19, 2016).[5] The limitations must "narrow, confine, or otherwise tie down the claim so that, in practical terms, it does not cover the full abstract idea itself. *Cyberfone*, 558 Fed. Appx. at 992 (quoting *Accenture Global Servs., GmbH v. Guided Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013)).

Step two of the *Mayo/Alice* analysis requires evaluation of abstract claims for a limiting inventive concept. "A claim drawn to an abstract idea is not necessarily invalid if the claim's

---

[5] Attached to Defendants' Statement of Recent Decision, Ex. A.

8

limitations – considered individually or as an ordered combination – serve to "transform the claims into a patent-eligible application." *Pabst*, 2016 WL 3196657, at *11 (citing *Content Abstraction*, 776 F.3d at 1348). This second step requires that the Court evaluate whether the claim contains "an element or combination of elements that ensures that the patent in practice amounts to significantly more than a patent upon the abstract idea itself." *Id.* (citing *Alice*, 134 S. Ct. at 2355.) Simply because a patent invokes the use of a computer does not transform an abstract idea into a patent-eligible invention: "[f]or the role of a computer in a computer-implemented invention to be deemed meaningful in the context of this analysis, it must involve more than the performance of 'well-understood, routine, [and] conventional activities previously known to the industry." *Content Extraction*, 776 F.3d at 1347-48 (quoting *Alice*, 134 S. Ct. at 2359). It is "well-settled that mere recitation of concrete, tangible components is insufficient to confer patent eligibility to an otherwise abstract idea" where those components simply perform their "well-understood, routine, conventional" functions. *In re TLI Communications*, 823 F.3d at 611. An "inventive concept must be significantly more than the abstract idea itself, and cannot simply be an instruction to implement or apply the abstract idea on a computer." *BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016).

Here, the Court finds the asserted claims of the '360 Patent recite specific implementation of a system of retrieving and accessing files stored in a computer storage device, using the combination of a "category description table," a "file information directory," and a "search filter" which, in combination, guarantees a search result and makes mistyping impossible. The Court further finds that although the patent claims do not preempt all ways to access files on a computer storage device, they do recite an improvement over the prior art methods for accessing such files that includes the additional features created to guarantee a search result. *See, e.g. id.* at 1350 (holding that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces.").

**CONCLUSION**

The Court finds that the claims are not directed to an abstract or ineligible idea. *See Alice*, 134 S. Ct. at 2355. Further, the Court finds that the patents-in-suit pass step two of *Alice*'s two-part

9

framework and disclose an inventive concept that transforms what could otherwise be considered an abstract idea into patentable subject matter. Thus, the claimed system is patent-eligible under Section 101. Accordingly, the Court DENIES Defendant's motion to dismiss the complaint.

**IT IS SO ORDERED.**

Dated: January 23, 2017

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE