**MCKOOL SMITH HENNIGAN, P.C.**
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
MARC MORRIS (SBN 183728)
mmorris@mckoolsmithhennigan.com
BRUCE R. MACLEOD (SBN 57674)
bmacleod@mckoolsmithhennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
T: (213) 694-1200; F: (213) 694-1234

**MCKOOL SMITH P.C.**
DOUGLAS A. CAWLEY (*admitted pro hac vice*)
dcawley@mckoolsmith.com
NICHOLAS MATHEWS (*admitted pro hac vice*)
nmathews@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
T: (214) 978-4000; F: (214) 978-4044

**MCKOOL SMITH P.C.**
KATHY H. LI (*admitted pro hac vice*)
kli@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
T: (512) 692-8700; F: (512) 692-8744

Attorneys for Plaintiff SPEEDTRACK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPEEDTRACK, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC.; BARNESANDNOBLE.COM, LLC; BARNESANDNOBLE.COM, INC.; J & R ELECTRONICS, INC.; DELL, INC.; BEST BUY CO.; BEST BUY.COM, LLC; SYSTEMAX, INC.; OFFICEMAX, INC.; MACY'S, INC.; MACYS.COM, INC.; OVERSTOCK.COM, INC.; RECREATIONAL EQUIPMENT, INC.; VALUE VISION INTERNATIONAL, INC., DBA SHOPNBC.COM; B &H FOTO & ELECTRONICS CORP.; HEWLETT-PACKARD COMPANY; RETAIL | Case No. 4:09-cv-04479-JSW<br><br>**PLAINTIFF SPEEDTRACK, INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANTS' BARNESANDNOBLE.COM, LLC'S AND BARNESANDNOBLE.COM, INC.'S COUNTERCLAIMS AND TO STRIKE AFFIRMATIVE DEFENSES [FED.R.CIV.P. 12(B)(6) AND 12(F)]**<br><br>OLD DATE: May 26, 2017<br>NEW DATE: June 23, 2017<br>TIME: 9:00 am<br>CTRM: No. 5, Hon. Jeffrey S. White |

CONVERGENCE, INC., DBA SMARTBARGAINS.COM, )
)
)
Defendants. )
)

TO DEFENDANTS BARNESANDNOBLE.COM, LLC AND BARNESANDNOBLE.COM, INC. AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the hearing set for May 26, 2017 at 9:00 am pursuant to Plaintiff SpeedTrack, Inc.'s Notice of Motion and Motion to Dismiss Defendants' Barnesandnoble.com, LLC's and Barnesandnoble.com, Inc.'s Counterclaims and to Strike Affirmative Defenses [Fed.R.Civ.P. 12(b)(6) and 12(f)] is re-set for June 23, 2017 at 9:00 am in the Courtroom of the Honorable Jeffrey S. White, at Oakland Courthouse, Courtroom 5 - 2nd Floor, 1301 Clay Street, Oakland, CA 94612. Plaintiff SpeedTrack, Inc. shall move, and hereby does move, for an order:

(1) dismissing Defendants Barnesandnoble.com, LLC's and Barnesandnoble.com, Inc.'s Counterclaims—for Declaration of Non-Infringement of U.S. Patent No. 5,544,360 (Answer, ECF 182, Paras. 917-921 and Prayer for Relief, Paras. C-E) and for Declaration of Invalidity of U.S. Patent No. 5,544,360 (Answer, ECF 182, Paras. 912-924 and Prayer for Relief, Paras. C-E)—under Fed. R. Civ. P. 12(b)(6); and

(2) striking Defendants Barnesandnoble.com, LLC's and Barnesandnoble.com, Inc.'s First through Ninth Affirmative Defenses (Answer, ECF 182, Paras. 900-911) under Fed. R. Civ. P. 12(f).

SpeedTrack's Motion is supported by the attached Memorandum of Points and Authorities, the record in this case and any other evidence or argument that the Court may accept at the hearing.

DATED: April 17, 2017

MCKOOL SMITH HENNIGAN P.C.

By *______/s/ Alan P. Block_____*
Alan P. Block

Attorneys for Plaintiff SpeedTrack, Inc.

# TABLE OF CONTENTS

**Page(s)**


I. SUMMARY OF ARGUMENT .......... 1

II. BACKGROUND FACTS .......... 1

- A. Barnes & Noble's Counterclaims .......... 2
- B. Barnes & Noble's Affirmative Defenses .......... 2

III. LEGAL STANDARDS .......... 4

- A. Motions to Dismiss Counterclaims Under Fed. R. Civ. P. 12(b)(6) .......... 4
- B. Motions to Strike Affirmative Defenses Under Fed. R. Civ. P. 12(f) .......... 5

IV. THE COURT SHOULD DISMISS BARNES & NOBLE'S COUNTERCLAIMS UNDER RULE 12(B)(6) .......... 6

- A. Non-Infringement Counterclaim .......... 6
- B. Invalidity Counterclaim .......... 7

V. THE COURT SHOULD STRIKE BARNES & NOBLE'S AFFIRMATIVE DEFENSES UNDER RULE 12(F) .......... 8

- A. First Affirmative Defense – Non-Infringement .......... 8
- B. Second Affirmative Defense – Invalidity .......... 8
- C. Third Affirmative Defense – Improper Joinder .......... 9
- D. Fourth Affirmative Defense – Prosecution History Estoppel .......... 9
- E. Fifth Affirmative Defense – Equitable Defenses .......... 10
- F. Sixth Affirmative Defense – Damages and Costs Limitations .......... 11
- G. Seventh Affirmative Defense – Actions of Others .......... 11
- H. Eighth Affirmative Defense – Government Sales .......... 11
- I. Ninth Affirmative Defense – Improper Venue .......... 12

VI. CONCLUSION .......... 12

# TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
556 U.S. 662 .......... 1, 4

*Barnes & Noble, Inc. v. LSI Corp.*,
849 F. Supp. 2d 925 (N.D. Cal. 2012) .......... 5

*Barnes v. AT&T Pension Benefit Plan*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) .......... 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 .......... 1, 4

*Blackberry Ltd. v. Typo Products LLC*,
2014 U.S. Dist. LEXIS 63947 (N.D. Cal. May 8, 2014) .......... 5, 7, 10

*Catch a Wave, Inc. v. Sirius XM Radio, Inc.*,
2013 U.S. Dist. LEXIS 67885 (May 10, 2013) .......... 5, 10

*Comcast Cable Communications, LLC v. OpenTV, Inc.*,
2017 U.S. Dist. LEXIS 35740 (N.D. Cal. March 13, 2017) .......... 6, 7

*Deep9 Corp. v. Barnes & Noble, Inc.*,
772 F. Supp. 2d 1349 (W.D. Wash. 2011) .......... 10

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
353 U.S. 222 (1957) .......... 12

*Murphy v. Trader Joe's*,
2017 U.S. Dist. LEXIS 7754 (N.D. Cal. Jan. 19, 2017) .......... 5, 6

*Pagemelding, Inc. v. ESPN, Inc.*,
2012 U.S. Dist. LEXIS 127041 (N.D. Cal. September 6, 2012) .......... 7

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
197 L. Ed. 2d 292 (U.S. 2017) .......... 10

*Ujhelyi v. Vilsack*,
2013 U.S. Dist. LEXIS 169057 (N.D. Cal. November 25, 2013, White, J.) .......... 1, 5

*Whittlestone, Inc. v. Handi–Craft Co.*,
618 F.3d 970 (9th Cir. 2010) .......... 5

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
2011 U.S. Dist. LEXIS 81986 (N.D. Cal. July 27, 2011) .......... 7

**STATUTES**

28 U.S.C. § 1498 .......... 11

35 U.S.C. § 101 .......... 7

35 U.S.C. § 282(b) .......... 5

35 U.S.C. §§ 286, 287 .......... 11

35 U.S.C. § 299 .......... 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .......... 1, 4, 6, 12

Fed. R. Civ. P. 12(f) .......... 1, 5, 8, 12

Fed. R. Civ. P. 8(c) .......... 4, 8

Fed. R. Civ. P. 8(c) .......... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Portions of Barnes & Noble's responsive pleading and counterclaims should be dismissed under Rule 12(b)(6), Fed.R.Civ.Pro., and stricken under Rule 12(f), Fed.R.Civ.Pro., because they are legally insufficient to state a claim or affirmative defense.[1] They contain only boilerplate, bare statements reciting legal conclusions without any factual support. They fail to meet the *Twombly/Iqbal* pleading standards. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Ujhelyi v. Vilsack*, 2013 U.S. Dist. LEXIS 169057, *6-7 (N.D. Cal. November 25, 2013, White, J.).

Additionally, some of Barnes & Noble's Affirmative Defenses (Third, Fourth, and Sixth Defenses) are not affirmative defenses at all, and these purported "defenses" should be stricken, without leave to amend, for this reason as well.

Lastly, for some Affirmative Defenses (Third, Sixth, and Eighth Defenses), there is no possible legal or factual basis for such defenses based on the allegations in SpeedTrack's Supplemental Complaint, and these defenses should be stricken, without leave to amend, for this reason as well.

## II. BACKGROUND FACTS

SpeedTrack filed its Corrected First Amended and Supplemental Complaint for Patent Infringement on May 18, 2016 (ECF 143) ("Complaint"). In its Second Claim for Relief, SpeedTrack provided detailed allegations, including screenshots, demonstrating infringement by Barnes & Noble of claims 1, 2, 7, 11, 15, 20, 21, and 22 of the '360 patent (Complaint, ECF 143, at 30-52).

---

[1] This pre-AIA lawsuit, originally filed in September, 2009, involves SpeedTrack's claims for infringement against 14 defendants/groups of related defendants. All defendants, except for J & R Electronics, Inc., served their Answers on March 23, 2017. All defendants asserted similar affirmative defenses and SpeedTrack contends that all such affirmative defenses should be stricken because they suffer from the same problems asserted in this motion. Accordingly, SpeedTrack has simultaneously filed 8 similar motions, of which this is one.

On March 23, 2017, Barnes & Noble filed its Answer and Declaratory Judgment Counterclaims (ECF 182) ("Answer").

**A. Barnes & Noble's Counterclaims**

In its Answer, Barnes & Noble asserted two Counterclaims. The first counterclaim seeks a declaration of non-infringement of U.S. Patent No. 5,544,360. The pertinent allegation is reproduced below (Answer, ECF 182 at Para. 921):

> 921. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Barnes & Noble Counterclaim Plaintiff requests a judicial determination and declaration that the Barnes & Noble Counterclaim Plaintiff does not and has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '360 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

The second counterclaim seeks a declaration of invalidity of U.S. Patent No. 5,544,360. The pertinent allegation is reproduced below (Answer, ECF 182, at Para. 924):

> 924. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the Barnes & Noble Counterclaim Plaintiff requests a judicial determination and declaration that the claims of the '360 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, 112, and the requirements of The Code of Federal Regulations.

**B. Barnes & Noble's Affirmative Defenses**

In its Answer, Barnes & Noble asserted nine Affirmative Defenses. All nine Affirmative Defenses are reproduced below in their entirety (Answer, ECF 182, at 71-72):

**FIRST DEFENSE – NON-INFRINGEMENT**

> 900. Barnes & Noble does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of

any valid and enforceable claim of the ’360 patent, including under the reverse doctrine of equivalents.

**SECOND DEFENSE – INVALIDITY**

901. The claims of the ’360 patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

902. The claims of the ’360 patent are invalid and unenforceable under 35 U.S.C. §§ 102 because the claims lack novelty, and are taught and suggested by the prior art.

903. The claims of the ’360 patent are invalid and unenforceable under 35 U.S.C. §§ 103 because the claims are obvious in view of the prior art.

904. The claims of the ’360 patent are invalid and unenforceable for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

**THIRD DEFENSE – IMPROPER JOINDER**

905. All or some of Plaintiff’s claims for relief are barred, in whole or in part, because they constitute an improper joinder in violation of 35 U.S.C. § 299.

**FOURTH DEFENSE – PROSECUTION HISTORY ESTOPPEL**

906. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the ’360 patent, Plaintiff’s claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**FIFTH DEFENSE – EQUITABLE DEFENSES**

907. On information and belief, all or some of Plaintiff’s claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches,

acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

**SIXTH DEFENSE – DAMAGES AND COSTS LIMITATION**

908. On information and belief, Plaintiff's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

**SEVENTH DEFENSE – ACTIONS OF OTHERS**

909. On information and belief, Plaintiff's claims are barred, in whole or in part, because Barnes & Noble is not liable for the acts of others over whom it has no control.

**EIGHTH DEFENSE – GOVERNMENT SALES**

910. Plaintiff's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498.

**NINTH DEFENSE – IMPROPER VENUE**

911. Venue for this action is not proper in this district. *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957).

## III. LEGAL STANDARDS

### A. Motions to Dismiss Counterclaims Under Fed. R. Civ. P. 12(b)(6)

The Supreme Court in *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678, set forth the applicable pleading standard under Federal Rule of Civil Procedure 8. Under that standard, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Although a court deciding a motion to dismiss under Rule 12(b)(6) must accept as true all factual allegations in the complaint, it is not bound to accept as true legal conclusions couched as factual allegations. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**B. Motions to Strike Affirmative Defenses Under Fed. R. Civ. P. 12(f)**

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Fed. R. Civ. Pro. 8(c) sets forth a list of avoidances or affirmative defenses which a party must affirmatively plead and 35 U.S.C. § 282(b) lists defenses applicable to patent cases.

Courts in this judicial district apply the standards enunciated in *Twombly* and *Iqbal* when considering whether to strike an affirmative defense under Rule 12(f). *Ujhelyi v. Vilsack,* 2013 U.S. Dist. LEXIS 169057, *6-7; *Murphy v. Trader Joe's*, 2017 U.S. Dist. LEXIS 7754, *2-6 (N.D. Cal. Jan. 19, 2017); *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010). This is true even in patent cases. *Blackberry Ltd. v. Typo Products LLC,* 2014 U.S. Dist. LEXIS 63947 (N.D. Cal. May 8, 2014); *Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, 2013 U.S. Dist. LEXIS 67885 (May 10, 2013); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925 (N.D. Cal. 2012).

The application of the heightened pleading standard to affirmative defenses serves two important purposes: (1) it precludes adding an affirmative defense to the case "simply upon some conjecture that it may somehow apply," *Barnes*, 718 F. Supp. 2d at 1172 (citations omitted); and (2) it serves to "weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Id.*; *accord Ujhelyi*, 2013 U.S. Dist. LEXIS *6.

Thus, in pleading its affirmative defenses, a party must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Murphy,* 2017 U.S. Dist. LEXIS 7754, *5 (quoting *Dion v. Fulton Friedman & Gullace LLP*, 2012 U.S. Dist. LEXIS 5116, at *2 (N.D. Cal. Jan. 17, 2012)). This standard does not require "extensive factual allegations," but "bare statements reciting mere legal conclusions may not be sufficient." *Murphy,*

2017 U.S. Dist. LEXIS 7754, *5 (quoting *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 U.S. Dist. LEXIS 41080, at *8 (N.D. Cal. Mar. 26, 2012)).

## IV. THE COURT SHOULD DISMISS BARNES & NOBLE'S COUNTERCLAIMS UNDER RULE 12(B)(6)

### A. Non-Infringement Counterclaim

Barnes & Noble's Non-Infringement Counterclaim asks the Court to judicially determine and declare that Barnes & Noble "does not and has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '360 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner." (Answer, ECF 182, at Para. 921). Barnes & Noble's Non-Infringement Counterclaim provides no factual, non-conclusory allegations from which to even infer that any Barnes & Noble method or system fails to meet at least one limitation of a claim of the '360 patent. No claim limitation of any claim of the '360 patent is even identified.

One court in this judicial district recently addressed the issue of whether a complaint seeking a declaratory judgment of non-infringement, which contained allegations similar to those here, must meet the *Twombly*/*Iqbal* pleading requirements, and if so, what allegations would be sufficient to meet those pleading requirements. In *Comcast Cable Communications, LLC v. OpenTV, Inc.*, 2017 U.S. Dist. LEXIS 35740, *12 (N.D. Cal. March 13, 2017), the court held that the *Twombly*/*Iqbal* pleading requirements do apply. It also held that, at a minimum, a declaratory judgment complaint alleging non-infringement of a patent "must go beyond only stating in conclusory terms that each accused product or service meets the elements of non-infringement and must also set forth factual allegations showing how each accused product or service specifically does not meet at least one claim limitation, such that it does not infringe the asserted patent." *Id.* Barnes & Noble's Non-Infringement Counterclaim, which alleges only the unsupported conclusion that Barnes & Noble "does not and has not infringed" any claim of the '360 patent plainly does not meet these requirements.

Further Barnes & Noble's Non-Infringement Counterclaim does not specify the methods and/or systems alleged not to infringement, and therefore it violates the rule that, "[i]n an action for

declaratory judgment concerning claims for patent non-infringement, the pleading must specify the products or conduct alleged not to infringe" *Xilinx, Inc. v. Invention Inv. Fund I LP*, 2011 U.S. Dist. LEXIS 81986, *19 (N.D. Cal. July 27, 2011).

**B. Invalidity Counterclaim**

Barnes & Noble's Invalidity Counterclaim asks the Court to judicially determine and declare that "the claims of the '360 Patent are invalid for failure to comply with one or more of the statutory requirements for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101[2], 102, 103, 112, and the requirements of The Code of Federal Regulations." (Answer, ECF 182, at Para. 924). Barnes & Noble's Invalidity Counterclaim provides no factual, non-conclusory allegations from which to even infer how or why any claim of the '360 patent is invalid under any of the statutes or Federal Regulations listed therein.

In *Comcast Cable Communications*, the court held that, to meet the *Twombly/Iqbal* pleading requirements, a declaratory judgment invalidity claim must go beyond conclusory allegations to "show[] how or why the accused patent is invalid." *Comcast Cable Communications*, 2017 U.S. Dist. LEXIS 35740, at *12. And, in *Pagemelding, Inc. v. ESPN, Inc.*, 2012 U.S. Dist. LEXIS 127041, *9 (N.D. Cal. September 6, 2012), the court granted a motion to dismiss a declaratory judgment invalidity claim that was nearly identical to Barnes & Noble's Invalidity Counterclaim, because it was merely "a general allegation that the '577 patent is defective, nothing more" and therefore it "falls short of the 'fair notice' requirement of FRCP 8 as interpreted by *Iqbal* and *Twombly*."

---

[2] Barnes & Noble's reference to invalidity under 35 U.S.C. §101 (patent eligibility) is improper for the additional reason that the Court has already addressed this issue and determined that the '360 patent meets the patent eligibility requirement of Section 101. (Order Denying Motion to Dismiss, ECF 163). Barnes & Noble therefore cannot make a plausible claim that the '360 patent is invalid under Section 101, and therefore it should not be permitted to include such a claim or defense in any amended pleading or in its invalidity contentions pursuant to Patent L.R. 3-3.

## V. THE COURT SHOULD STRIKE BARNES & NOBLE'S AFFIRMATIVE DEFENSES UNDER RULE 12(F)

### A. First Affirmative Defense – Non-Infringement

Barnes & Noble's Non-Infringement Defense mirrors its Non-Infringement Counterclaim: "Barnes & Noble does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '360 patent, including under the reverse doctrine of equivalents." (Answer, ECF 182, at Para. 900). *See e.g.*, *Blackberry Ltd.*, 2014 U.S. Dist. LEXIS 63947 at *12-13 (applying the *Twombly*/*Iqbal* pleading requirements to affirmative defenses).

For the same reasons described above in Section IV.A., with respect to Barnes & Noble's Non-Infringement Counterclaim, Barnes & Noble's Non-Infringement Defense does not comply with the *Twombly/Iqbal* pleading requirements and the Court should strike it.

### B. Second Affirmative Defense – Invalidity

Barnes & Noble's Invalidity Defense mirrors its Invalidity Counterclaim:

> 901. The claims of the '360 patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.
>
> 902. The claims of the '360 patent are invalid and unenforceable under 35 U.S.C. §§ 102 because the claims lack novelty, and are taught and suggested by the prior art.
>
> 903. The claims of the '360 patent are invalid and unenforceable under 35 U.S.C. §§ 103 because the claims are obvious in view of the prior art.
>
> 904. The claims of the '360 patent are invalid and unenforceable for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

(Answer, ECF 182, at Paras. 901-904).

For the same reasons described above in Section IV.B., with respect to Barnes & Noble's Invalidity Counterclaim, Barnes & Noble's Invalidity Defense does not comply with the *Twombly/Iqbal* pleading requirements and the Court should strike it. *See e.g., Blackberry Ltd.*, 2014 U.S. Dist. LEXIS 63947 at *12-13 (applying the *Twombly*/*Iqbal* pleading requirements to affirmative defenses).

**C. Third Affirmative Defense – Improper Joinder**

Barnes & Noble's Improper Joinder Defense asserts improper joinder under 35 U.S.C. §299: "905. All or some of Plaintiff's claims for relief are barred, in whole or in part, because they constitute an improper joinder in violation of 35 U.S.C. § 299." (Answer, ECF 182, at Para. 905).

Besides not being a defense, Barnes & Noble cannot make a plausible claim that SpeedTrack's claims are barred under Section 299 for two reasons: (1) there is no basis for "barring" a claim under Section 299; and (2) Section 299 does not apply to this case, because Congress did not enact Section 299 until September 16, 2011, well-after SpeedTrack filed its original complaint in this case on September 23, 2009. The Court should therefore strike Barnes & Noble's Third Affirmative Defense without leave to amend.

**D. Fourth Affirmative Defense – Prosecution History Estoppel**

Barnes & Noble's Prosecution History Estoppel Defense asserts: "906. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the '360 patent, Plaintiff's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel." (Answer, ECF 182, at Para. 906).

Barnes & Noble's Prosecution History Estoppel Defense does not make a plausible claim that the '360 patent is subject to prosecution history estoppel, because it contains no facts—it does not identify any amendment to the claims or argument that gives rise to prosecution history estoppel and it does not identify any particular application of the doctrine of equivalents that SpeedTrack seeks to apply. It does not identify the particular claim term or terms to which Barnes and Noble

contends the doctrine of prosecution history estoppel applies. By failing to plead any facts, Barnes & Noble's Prosecution History Estoppel Defense does not meet the *Twombly/Iqbal* pleading requirements and therefore it must be stricken. *Blackberry Ltd.*, 2014 U.S. Dist. LEXIS 63947, *11, 14 (striking similar prosecution history defense for failing to plead any facts.)

Further, prosecution history estoppel "is not an affirmative defense, but rather is properly asserted at claim construction if the plaintiff bases its infringement claim on the doctrine of equivalents." *Deep9 Corp. v. Barnes & Noble, Inc*., 772 F. Supp. 2d 1349, 1351 (W.D. Wash. 2011). The Court should therefore strike Barnes & Noble's Fourth Affirmative Defense without leave to amend.

**E. Fifth Affirmative Defense – Equitable Defenses**

Barnes & Noble's Equitable Defenses include an open-ended list of possible equitable defenses: "907. On information and belief, all or some of Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, laches, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies." (Answer, ECF 182, at Para. 907).

Equitable defenses by definition are based on conduct of the plaintiff. Barnes & Noble has provided no facts describing SpeedTrack's alleged conduct and therefore has not made a plausible claim that any of its list of equitable defenses apply. By failing to plead any facts, Barnes & Noble's equitable defenses do not meet the *Twombly/Iqbal* pleading requirements and therefore they must be stricken. *Blackberry Ltd.*, 2014 U.S. Dist. LEXIS 63947, *11, 14 (striking similar equitable estoppel, patent misuse defenses for failing to plead any facts); *Catch a Wave*, 2013 U.S. Dist. LEXIS 67885, *4-7 (striking similar laches, estoppel, and waiver defenses for failing to plead any facts). In fact, with respect to the defense of laches, the Supreme Court recently held that "laches cannot be invoked to bar a claim for damages incurred within a limitations period specified by Congress." *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 197 L. Ed. 2d 292, 294 (U.S. 2017). SpeedTrack's complaint, which only seeks damages for acts committed within the six-year limitations period prior to the filing of its complaint (Complaint, ECF 143, at Para. 96),

cannot be subject to the defense of laches after *SCA Hygiene*. Therefore the Court should dismiss the laches portion of Barnes & Noble's Fifth Affirmative Defense without leave to amend.

Barnes & Noble further fails to identify all equitable defenses it intends to assert; instead it pleads: ". . . and/or other equitable remedies." Such vague pleading is plainly improper, and the Court should dismiss that portion of Barnes & Noble's Fifth Affirmative Defense without leave to amend.

**F. Sixth Affirmative Defense – Damages and Costs Limitations**

Barnes & Noble's Damages and Costs Limitations Defense asserts: "908. On information and belief, Plaintiff's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288." This is nothing more than a denial of plaintiff's allegations that it can prove damages and costs under those sections of the Patent Act. This is not an affirmative defense.

The Court should therefore strike Barnes & Noble's Sixth Affirmative Defense without leave to amend.

**G. Seventh Affirmative Defense – Actions of Others**

Barnes & Noble's Actions of Others Defense is as follows: "909. On information and belief, Plaintiff's claims are barred, in whole or in part, because Barnes & Noble is not liable for the acts of others over whom it has no control." (Answer, ECF 182, at Para. 909).

What is Barnes & Noble even talking about? Barnes & Noble has not made a plausible claim that its Actions of Others Defense applies, because Barnes & Noble has plead no facts at all. For example, it claims to be not liable for "the acts of others over whom it has no control," but it fails to identify the entity or entities who committed acts for which Barnes & Noble is not liable and fails to describe why it is not liable for the alleged infringing acts. By failing to plead any facts, Barnes & Noble's Actions of Others Defense does not meet the *Twombly/Iqbal* pleading requirements and therefore it must be stricken.

**H. Eighth Affirmative Defense – Government Sales**

Barnes & Noble's Government Sales Defense relates to 28 U.S.C. § 1498: "910. Plaintiff's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498." (Answer, ECF 182, at Para. 910).

Barnes & Noble has not made, nor can it make, a plausible claim that its Government Sales Defense applies. Section 1498(a) relates to infringement claims brought against the United States and requires that the remedy for such claims be an action against the United States in the Court of Federal Claims. As is plain from the complaint, SpeedTrack does not plead any allegations against the United States, and Barnes & Noble does not allege that it does. The Court should therefore strike Barnes & Noble's Eighth Affirmative Defense without leave to amend.

### I. Ninth Affirmative Defense – Improper Venue

Barnes & Noble's Improper Venue Defense is as follows: "911. Venue for this action is not proper in this district. *See Fourco Glass Co. v. Transmirra Prods. Corp*., 353 U.S. 222 (1957)." (Answer, ECF 182, at Para. 911).

Barnes & Noble's Improper Venue Defense provides no factual, non-conclusory allegations from which to even infer that venue is improper in this District, and therefore its allegations fail to meet the *Twombly/Iqbal* pleading requirements.

## VI. CONCLUSION

For the reasons discussed above, the Court should dismiss Barnes & Noble's Counterclaims in their entirety under Rule 12(b)(6) and should strike Barnes & Noble's Affirmative Defenses under Rule 12(f).

DATED: April 17, 2017

MCKOOL SMITH HENNIGAN P.C.

By *\/s/ Alan P. Block*
Alan P. Block

Attorneys for Plaintiff SpeedTrack, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 17, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Yoshie Botta*
Yoshie Botta