1

**MCKOOL SMITH HENNIGAN, P.C.**
RODERICK G. DORMAN (SBN 96908)

2
rdorman@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)

3
ablock@mckoolsmithhennigan.com
MARC MORRIS (SBN 183728)

4
mmorris@mckoolsmithhennigan.com
BRUCE R. MACLEOD (SBN 57674)

5
bmacleod@mckoolsmithhennigan.com
300 South Grand Avenue, Suite 2900

6
Los Angeles, California 90071
T:  (213) 694-1200; F:  (213) 694-1234

7

**MCKOOL SMITH P.C.**

8
DOUGLAS A. CAWLEY *(PROHAC VICE)*
dcawley@mckoolsmith.com

9
NICHOLAS MATHEWS *(PROHAC VICE)*
nmathews@mckoolsmith.com

10
300 Crescent Court, Suite 1500
Dallas, Texas 75201

11
T:  (214) 978-4000; F:  (214) 978-4044

12
**MCKOOL SMITH P.C.**
JOHN B. CAMPBELL *(PROHAC VICE)*

13
jcampbell@mckoolsmith.com
KATHY H. LI *(PROHAC VICE)*

14
kli@mckoolsmith.com
300 W. 6th Street, Suite 1700

15
Austin, Texas 78701
T:  (512) 692-8700; F:  (512) 692-8744

16

17
Attorneys for Plaintiff SPEEDTRACK, INC.

UNITED STATES DISTRICT COURT

18
NORTHERN DISTRICT OF CALIFORNIA

19
OAKLAND DIVISION

20
SPEEDTRACK, INC.,                                          )   Case No. 4:09-cv-04479-JSW
                                                           )
21              Plaintiff,                                 )
                                                           )
22              vs.                                        )   **SECOND AMENDED AND**
                                                           )   **SUPPLEMENTAL COMPLAINT FOR**
23   AMAZON.COM, INC.;                                     )   **PATENT INFRINGEMENT**
     BARNESANDNOBLE.COM, LLC;                              )
24   BARNESANDNOBLE.COM, INC.; BARNES                      )
     & NOBLE BOOKSELLERS, INC.; J & R                      )
25   ELECTRONICS, INC.; DELL, INC.; BEST                   )   **DEMAND FOR JURY TRIAL**
     BUY CO., INC; BEST BUY.COM, LLC;                      )
26   SYSTEMAX, INC.; NA TECH DIRECT, INC.;                 )
     POCAHONTAS CORP; SYX NORTH                            )
27   AMERICAN TECH HOLDINGS LLC; NA                        )
     TECH COMPUTER SUPPLIES INC.;                          )
28   OFFICEMAX, INC.; MACY'S, INC.;

1  MACYS.COM, LLC; OVERSTOCK.COM,                )
   INC.; RECREATIONAL EQUIPMENT, INC.;           )
2  EVINE LIVE, INC. (f/k/a VALUE VISION          )
   INTERNATIONAL, INC., DBA                       )
3  SHOPNBC.COM); B &H FOTO &                      )
   ELECTRONICS CORP.; HP INC. (f/k/a             )
4  HEWLETT-PACKARD COMPANY); RETAIL              )
   CONVERGENCE.COM, LP, DBA                       )
5  SMARTBARGAINS.COM,                             )
                                                   )
6              Defendants.                         )
                                                   )
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

I.      JURISDICTION AND VENUE ..................................................................... 1

II.     THE PARTIES ............................................................................................. 2

III.    SPEEDTRACK'S U.S. PATENT NO. 5,544,360 ........................................ 6

IV.     FIRST CLAIM FOR RELIEF
        Against Defendant Amazon For Infringement Of U.S. Patent No. 5,544,360 ............... 10

        A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY AMAZON ............... 11

                1.      CLAIM 1 OF THE '360 PATENT ............................................... 11
                        a)      Preamble of Claim 1 of the '360 Patent ....................... 11
                        b)      Step (a) of Claim 1 of the '360 Patent ......................... 13
                        c)      Step (b) of Claim 1 of the '360 Patent ......................... 15
                        d)      Step (c) of Claim 1 of the '360 Patent ......................... 17

                2.      CLAIM 2 OF THE '360 PATENT ............................................... 25

                3.      CLAIM 7 OF THE '360 PATENT ............................................... 25

                4.      CLAIM 11 OF THE '360 PATENT ............................................. 25

                5.      CLAIM 15 OF THE '360 PATENT ............................................. 26
                        a)      Preamble of Claim 15 of the '360 Patent ..................... 26
                        b)      Element (a) of Claim 15 of the '360 Patent .................. 26
                        c)      Element (b) of Claim 15 of the '360 Patent .................. 26
                        d)      Element (c) of Claim 15 of the '360 Patent .................. 27
                        e)      Element (d) of Claim 15 of the '360 Patent .................. 27
                        f)      Element (e) of Claim 15 of the '360 Patent .................. 27

                6.      CLAIM 20 OF THE '360 PATENT ............................................. 29
                        a)      Preamble of Claim 20 of the '360 Patent ..................... 29
                        b)      Step (a) of Claim 20 of the '360 Patent ....................... 29
                        c)      Step (b) of Claim 20 of the '360 Patent ....................... 29
                        d)      Step (c) of Claim 20 of the '360 Patent ....................... 30
                        e)      Step (d) of Claim 20 of the '360 Patent ....................... 30
                        f)      Step (e) of Claim 20 of the '360 Patent ....................... 30
                        g)      Step (f) of Claim 20 of the '360 Patent ....................... 30
                        h)      Step (g) of Claim 20 of the '360 Patent ....................... 30
                        i)      Step (h) of Claim 20 of the '360 Patent ....................... 31

                7.      CLAIM 21 OF THE '360 PATENT ............................................. 31

                8.      CLAIM 22 OF THE '360 PATENT ............................................. 31

        B.      INDIRECT INFRINGEMENT OF THE '360 PATENT BY
                AMAZON ............................................................................................. 31

V.      SECOND CLAIM FOR RELIEF
        Against Defendants Barnesandnoble.com, LLC and Barnesandnoble.com,
        Inc. For Infringement Of U.S. Patent No. 5,544,360 ............................................. 32

        A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY BARNES
                & NOBLE ............................................................................................. 34

1.     CLAIM 1 OF THE '360 PATENT.................................................34
    a)     Preamble of Claim 1 of the '360 Patent .......................................34
    b)     Step (a) of Claim 1 of the '360 Patent.........................................35
    c)     Step (b) of Claim 1 of the '360 Patent.........................................39
    d)     Step (c) of Claim 1 of the '360 Patent.........................................41

2.     CLAIM 2 OF THE '360 PATENT.................................................46

3.     CLAIM 7 OF THE '360 PATENT.................................................47

4.     CLAIM 11 OF THE '360 PATENT...............................................47

5.     CLAIM 15 OF THE '360 PATENT...............................................48
    a)     Preamble of Claim 15 of the '360 Patent .....................................48
    b)     Element (a) of Claim 15 of the '360 Patent..................................48
    c)     Element (b) of Claim 15 of the '360 Patent..................................48
    d)     Element (c) of Claim 15 of the '360 Patent..................................49
    e)     Element (d) of Claim 15 of the '360 Patent..................................49
    f)     Element (e) of Claim 15 of the '360 Patent..................................50

6.     CLAIM 20 OF THE '360 PATENT...............................................51
    a)     Preamble of Claim 20 of the '360 Patent .....................................51
    b)     Step (a) of Claim 20 of the '360 Patent........................................51
    c)     Step (b) of Claim 20 of the '360 Patent........................................51
    d)     Step (c) of Claim 20 of the '360 Patent........................................52
    e)     Step (d) of Claim 20 of the '360 Patent........................................52
    f)     Step (e) of Claim 20 of the '360 Patent........................................52
    g)     Step (f) of Claim 20 of the '360 Patent........................................52
    h)     Step (g) of Claim 20 of the '360 Patent........................................53
    i)     Step (h) of Claim 20 of the '360 Patent........................................53

7.     CLAIM 21 OF THE '360 PATENT...............................................53

8.     CLAIM 22 OF THE '360 PATENT...............................................53

B.     INDIRECT INFRINGEMENT OF THE '360 PATENT BY
BARNES & NOBLE........................................................................53

VI.     THIRD CLAIM FOR RELIEF
Against Defendant J & R For Infringement Of U.S. Patent No. 5,544,360 ....................54

A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY J & R .......55

1.     CLAIM 1 OF THE '360 PATENT.................................................55
    a)     Preamble of Claim 1 of the '360 Patent .......................................55
    b)     Step (a) of Claim 1 of the '360 Patent.........................................57
    c)     Step (b) of Claim 1 of the '360 Patent.........................................59
    d)     Step (c) of Claim 1 of the '360 Patent.........................................61

2.     CLAIM 2 OF THE '360 PATENT.................................................69

3.     CLAIM 7 OF THE '360 PATENT.................................................69

4.     CLAIM 11 OF THE '360 PATENT...............................................69

5.     CLAIM 15 OF THE '360 PATENT...............................................70
    a)     Preamble of Claim 15 of the '360 Patent .....................................70

b)   Element (a) of Claim 15 of the '360 Patent..................................70
c)   Element (b) of Claim 15 of the '360 Patent ................................71
d)   Element (c) of Claim 15 of the '360 Patent .................................71
e)   Element (d) of Claim 15 of the '360 Patent ................................71
f)   Element (e) of Claim 15 of the '360 Patent..................................72

6.   CLAIM 20 OF THE '360 PATENT..................................................73
a)   Preamble of Claim 20 of the '360 Patent ....................................73
b)   Step (a) of Claim 20 of the '360 Patent.......................................73
c)   Step (b) of Claim 20 of the '360 Patent.......................................73
d)   Step (c) of Claim 20 of the '360 Patent.......................................74
e)   Step (d) of Claim 20 of the '360 Patent.......................................74
f)   Step (e) of Claim 20 of the '360 Patent.......................................74
g)   Step (f) of Claim 20 of the '360 Patent .......................................74
h)   Step (g) of Claim 20 of the '360 Patent.......................................75
i)   Step (h) of Claim 20 of the '360 Patent.......................................75

7.   CLAIM 21 OF THE '360 PATENT..................................................75

8.   CLAIM 22 OF THE '360 PATENT..................................................75

B.   INDIRECT INFRINGEMENT OF THE '360 PATENT BY J & R ...................75

VII.   FOURTH CLAIM FOR RELIEF
Against Defendant Dell For Infringement Of U.S. Patent No. 5,544,360 .....................76

A.   DIRECT INFRINGEMENT OF THE '360 PATENT BY DELL ......................77

1.   CLAIM 1 OF THE '360 PATENT....................................................77
a)   Preamble of Claim 1 of the '360 Patent ......................................77
b)   Step (a) of Claim 1 of the '360 Patent.........................................79
c)   Step (b) of Claim 1 of the '360 Patent.........................................83
d)   Step (c) of Claim 1 of the '360 Patent.........................................84

2.   CLAIM 2 OF THE '360 PATENT....................................................91

3.   CLAIM 7 OF THE '360 PATENT....................................................92

4.   CLAIM 11 OF THE '360 PATENT..................................................92

5.   CLAIM 15 OF THE '360 PATENT..................................................93
a)   Preamble of Claim 15 of the '360 Patent ....................................93
b)   Element (a) of Claim 15 of the '360 Patent .................................93
c)   Element (b) of Claim 15 of the '360 Patent ................................93
d)   Element (c) of Claim 15 of the '360 Patent .................................94
e)   Element (d) of Claim 15 of the '360 Patent ................................94
f)   Element (e) of Claim 15 of the '360 Patent..................................95

6.   CLAIM 20 OF THE '360 PATENT..................................................96
a)   Preamble of Claim 20 of the '360 Patent ....................................96
b)   Step (a) of Claim 20 of the '360 Patent.......................................96
c)   Step (b) of Claim 20 of the '360 Patent.......................................96
d)   Step (c) of Claim 20 of the '360 Patent.......................................97
e)   Step (d) of Claim 20 of the '360 Patent.......................................97
f)   Step (e) of Claim 20 of the '360 Patent.......................................97

|  |  |  | g) | Step (f) of Claim 20 of the '360 Patent | 97 |
|  |  |  | h) | Step (g) of Claim 20 of the '360 Patent | 97 |
|  |  |  | i) | Step (h) of Claim 20 of the '360 Patent | 98 |

7.     CLAIM 21 OF THE '360 PATENT ........................................................ 98

8.     CLAIM 22 OF THE '360 PATENT ........................................................ 98

B.     INDIRECT INFRINGEMENT OF THE '360 PATENT BY DELL ................. 98

VIII.   FIFTH CLAIM FOR RELIEF
Against Defendants Best Buy and Best Buy.com For Infringement Of U.S.
Patent No. 5,544,360 ........................................................................................ 99

A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY BEST
BUY ........................................................................................................ 100

1.     CLAIM 1 OF THE '360 PATENT ......................................................... 100
     a)    Preamble of Claim 1 of the '360 Patent ..................................... 100
     b)    Step (a) of Claim 1 of the '360 Patent ....................................... 102
     c)    Step (b) of Claim 1 of the '360 Patent ....................................... 104
     d)    Step (c) of Claim 1 of the '360 Patent ....................................... 105

2.     CLAIM 2 OF THE '360 PATENT ......................................................... 114

3.     CLAIM 7 OF THE '360 PATENT ......................................................... 115

4.     CLAIM 11 OF THE '360 PATENT ....................................................... 115

5.     CLAIM 15 OF THE '360 PATENT ....................................................... 116
     a)    Preamble of Claim 15 of the '360 Patent ................................... 116
     b)    Element (a) of Claim 15 of the '360 Patent ............................... 116
     c)    Element (b) of Claim 15 of the '360 Patent ............................... 117
     d)    Element (c) of Claim 15 of the '360 Patent ............................... 117
     e)    Element (d) of Claim 15 of the '360 Patent ............................... 117
     f)    Element (e) of Claim 15 of the '360 Patent ............................... 118

6.     CLAIM 20 OF THE '360 PATENT ....................................................... 119
     a)    Preamble of Claim 20 of the '360 Patent ................................... 119
     b)    Step (a) of Claim 20 of the '360 Patent ..................................... 119
     c)    Step (b) of Claim 20 of the '360 Patent ..................................... 119
     d)    Step (c) of Claim 20 of the '360 Patent ..................................... 120
     e)    Step (d) of Claim 20 of the '360 Patent ..................................... 120
     f)    Step (e) of Claim 20 of the '360 Patent ..................................... 120
     g)    Step (f) of Claim 20 of the '360 Patent ..................................... 120
     h)    Step (g) of Claim 20 of the '360 Patent ..................................... 121
     i)    Step (h) of Claim 20 of the '360 Patent ..................................... 121

7.     CLAIM 21 OF THE '360 PATENT ....................................................... 121

8.     CLAIM 22 OF THE '360 PATENT ....................................................... 121

B.     INDIRECT INFRINGEMENT OF THE '360 PATENT BY BEST
BUY ........................................................................................................ 121

IX.    SIXTH CLAIM FOR RELIEF
       Against Defendant Systemax For Infringement Of U.S. Patent No. 5,544,360 ............ 122

       A.    DIRECT INFRINGEMENT OF THE '360 PATENT BY
             SYSTEMAX ....................................................................................... 123

             1.    CLAIM 1 OF THE '360 PATENT .......................................... 123
                   a)   Preamble of Claim 1 of the '360 Patent ..................... 123
                   b)   Step (a) of Claim 1 of the '360 Patent ....................... 125
                   c)   Step (b) of Claim 1 of the '360 Patent ....................... 128
                   d)   Step (c) of Claim 1 of the '360 Patent ....................... 129

             2.    CLAIM 2 OF THE '360 PATENT .......................................... 135

             3.    CLAIM 7 OF THE '360 PATENT .......................................... 136

             4.    CLAIM 11 OF THE '360 PATENT ........................................ 136

             5.    CLAIM 15 OF THE '360 PATENT ........................................ 137
                   a)   Preamble of Claim 15 of the '360 Patent ................... 137
                   b)   Element (a) of Claim 15 of the '360 Patent ............... 137
                   c)   Element (b) of Claim 15 of the '360 Patent ............... 137
                   d)   Element (c) of Claim 15 of the '360 Patent ............... 138
                   e)   Element (d) of Claim 15 of the '360 Patent ............... 138
                   f)   Element (e) of Claim 15 of the '360 Patent ............... 138

             6.    CLAIM 20 OF THE '360 PATENT ........................................ 140
                   a)   Preamble of Claim 20 of the '360 Patent ................... 140
                   b)   Step (a) of Claim 20 of the '360 Patent ..................... 140
                   c)   Step (b) of Claim 20 of the '360 Patent ..................... 140
                   d)   Step (c) of Claim 20 of the '360 Patent ..................... 141
                   e)   Step (d) of Claim 20 of the '360 Patent ..................... 141
                   f)   Step (e) of Claim 20 of the '360 Patent ..................... 141
                   g)   Step (f) of Claim 20 of the '360 Patent ..................... 141
                   h)   Step (g) of Claim 20 of the '360 Patent ..................... 141
                   i)   Step (h) of Claim 20 of the '360 Patent ..................... 142

             7.    CLAIM 21 OF THE '360 PATENT ........................................ 142

             8.    CLAIM 22 OF THE '360 PATENT ........................................ 142

       B.    INDIRECT INFRINGEMENT OF THE '360 PATENT BY
             SYSTEMAX ....................................................................................... 142

X.     SEVENTH CLAIM FOR RELIEF
       Against Defendant OfficeMax For Infringement Of U.S. Patent No.
       5,544,360 ....................................................................................................... 143

       A.    DIRECT INFRINGEMENT OF THE '360 PATENT BY
             OFFICEMAX ...................................................................................... 144

             1.    CLAIM 1 OF THE '360 PATENT .......................................... 144
                   a)   Preamble of Claim 1 of the '360 Patent ..................... 144
                   b)   Step (a) of Claim 1 of the '360 Patent ....................... 145
                   c)   Step (b) of Claim 1 of the '360 Patent ....................... 148
                   d)   Step (c) of Claim 1 of the '360 Patent ....................... 149

-v-

2. CLAIM 2 OF THE '360 PATENT ...................................................... 156

3. CLAIM 7 OF THE '360 PATENT ...................................................... 156

4. CLAIM 11 OF THE '360 PATENT .................................................... 156

5. CLAIM 15 OF THE '360 PATENT .................................................... 157
    a) Preamble of Claim 15 of the '360 Patent ................................ 157
    b) Element (a) of Claim 15 of the '360 Patent .............................. 158
    c) Element (b) of Claim 15 of the '360 Patent .............................. 158
    d) Element (c) of Claim 15 of the '360 Patent .............................. 158
    e) Element (d) of Claim 15 of the '360 Patent .............................. 158
    f) Element (e) of Claim 15 of the '360 Patent .............................. 159

6. CLAIM 20 OF THE '360 PATENT .................................................... 160
    a) Preamble of Claim 20 of the '360 Patent ................................ 160
    b) Step (a) of Claim 20 of the '360 Patent .................................. 160
    c) Step (b) of Claim 20 of the '360 Patent .................................. 161
    d) Step (c) of Claim 20 of the '360 Patent .................................. 161
    e) Step (d) of Claim 20 of the '360 Patent .................................. 161
    f) Step (e) of Claim 20 of the '360 Patent .................................. 162
    g) Step (f) of Claim 20 of the '360 Patent .................................. 162
    h) Step (g) of Claim 20 of the '360 Patent .................................. 162
    i) Step (h) of Claim 20 of the '360 Patent .................................. 162

7. CLAIM 21 OF THE '360 PATENT .................................................... 162

8. CLAIM 22 OF THE '360 PATENT .................................................... 162

B. INDIRECT INFRINGEMENT OF THE '360 PATENT BY
OFFICEMAX ................................................................................. 163

XI. EIGHTH CLAIM FOR RELIEF
Against Defendants Macy's and Macys.com For Infringement Of U.S.
Patent No. 5,544,360 ...................................................................... 164

A. DIRECT INFRINGEMENT OF THE '360 PATENT BY MACY'S ............... 164

1. CLAIM 1 OF THE '360 PATENT ...................................................... 164
    a) Preamble of Claim 1 of the '360 Patent .................................. 164
    b) Step (a) of Claim 1 of the '360 Patent .................................... 166
    c) Step (b) of Claim 1 of the '360 Patent .................................... 169
    d) Step (c) of Claim 1 of the '360 Patent .................................... 170

2. CLAIM 2 OF THE '360 PATENT ...................................................... 178

3. CLAIM 7 OF THE '360 PATENT ...................................................... 178

4. CLAIM 11 OF THE '360 PATENT .................................................... 178

5. CLAIM 15 OF THE '360 PATENT .................................................... 179
    a) Preamble of Claim 15 of the '360 Patent ................................ 179
    b) Element (a) of Claim 15 of the '360 Patent .............................. 179
    c) Element (b) of Claim 15 of the '360 Patent .............................. 179
    d) Element (c) of Claim 15 of the '360 Patent .............................. 180
    e) Element (d) of Claim 15 of the '360 Patent .............................. 180
    f) Element (e) of Claim 15 of the '360 Patent .............................. 181

-vi-

6.  CLAIM 20 OF THE '360 PATENT.......................................................182
   a)  Preamble of Claim 20 of the '360 Patent .................................182
   b)  Step (a) of Claim 20 of the '360 Patent...................................182
   c)  Step (b) of Claim 20 of the '360 Patent...................................182
   d)  Step (c) of Claim 20 of the '360 Patent...................................183
   e)  Step (d) of Claim 20 of the '360 Patent...................................183
   f)  Step (e) of Claim 20 of the '360 Patent ...................................183
   g)  Step (f) of Claim 20 of the '360 Patent ...................................183
   h)  Step (g) of Claim 20 of the '360 Patent...................................184
   i)  Step (h) of Claim 20 of the '360 Patent...................................184

7.  CLAIM 21 OF THE '360 PATENT.......................................................184

8.  CLAIM 22 OF THE '360 PATENT.......................................................184

B.  INDIRECT INFRINGEMENT OF THE '360 PATENT BY
MACY'S .................................................................................................184

XII.  NINTH CLAIM FOR RELIEF
Against Defendant Overstock For Infringement Of U.S. Patent No.
5,544,360 ............................................................................................................185

A.  DIRECT INFRINGEMENT OF THE '360 PATENT BY
OVERSTOCK ........................................................................................186

1.  CLAIM 1 OF THE '360 PATENT.........................................................186
   a)  Preamble of Claim 1 of the '360 Patent ...................................186
   b)  Step (a) of Claim 1 of the '360 Patent.....................................188
   c)  Step (b) of Claim 1 of the '360 Patent.....................................190
   d)  Step (c) of Claim 1 of the '360 Patent.....................................191

2.  CLAIM 2 OF THE '360 PATENT.........................................................196

3.  CLAIM 7 OF THE '360 PATENT.........................................................197

4.  CLAIM 11 OF THE '360 PATENT.......................................................197

5.  CLAIM 15 OF THE '360 PATENT.......................................................198
   a)  Preamble of Claim 15 of the '360 Patent .................................198
   b)  Element (a) of Claim 15 of the '360 Patent..............................198
   c)  Element (b) of Claim 15 of the '360 Patent .............................198
   d)  Element (c) of Claim 15 of the '360 Patent..............................199
   e)  Element (d) of Claim 15 of the '360 Patent .............................199
   f)  Element (e) of Claim 15 of the '360 Patent..............................199

6.  CLAIM 20 OF THE '360 PATENT.......................................................201
   a)  Preamble of Claim 20 of the '360 Patent .................................201
   b)  Step (a) of Claim 20 of the '360 Patent...................................201
   c)  Step (b) of Claim 20 of the '360 Patent...................................201
   d)  Step (c) of Claim 20 of the '360 Patent...................................202
   e)  Step (d) of Claim 20 of the '360 Patent...................................202
   f)  Step (e) of Claim 20 of the '360 Patent...................................202
   g)  Step (f) of Claim 20 of the '360 Patent ...................................202
   h)  Step (g) of Claim 20 of the '360 Patent...................................203
   i)  Step (h) of Claim 20 of the '360 Patent...................................203

7.     CLAIM 21 OF THE '360 PATENT.......................................203

8.     CLAIM 22 OF THE '360 PATENT.......................................203

B.     INDIRECT INFRINGEMENT OF THE '360 PATENT BY
OVERSTOCK ..........................................................................203

XIII.   TENTH CLAIM FOR RELIEF
Against Defendant REI For Infringement Of U.S. Patent No. 5,544,360 ....................204

A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY REI ........................205

1.     CLAIM 1 OF THE '360 PATENT.........................................205
    a)    Preamble of Claim 1 of the '360 Patent ..........................205
    b)    Step (a) of Claim 1 of the '360 Patent.........................207
    c)    Step (b) of Claim 1 of the '360 Patent.........................211
    d)    Step (c) of Claim 1 of the '360 Patent.........................212

2.     CLAIM 2 OF THE '360 PATENT.........................................218

3.     CLAIM 7 OF THE '360 PATENT.........................................218

4.     CLAIM 11 OF THE '360 PATENT.......................................218

5.     CLAIM 15 OF THE '360 PATENT.......................................219
    a)    Preamble of Claim 15 of the '360 Patent ..........................219
    b)    Element (a) of Claim 15 of the '360 Patent ..........................219
    c)    Element (b) of Claim 15 of the '360 Patent ..........................219
    d)    Element (c) of Claim 15 of the '360 Patent ..........................220
    e)    Element (d) of Claim 15 of the '360 Patent ..........................220
    f)    Element (e) of Claim 15 of the '360 Patent..........................221

6.     CLAIM 20 OF THE '360 PATENT.......................................222
    a)    Preamble of Claim 20 of the '360 Patent ..........................222
    b)    Step (a) of Claim 20 of the '360 Patent .........................222
    c)    Step (b) of Claim 20 of the '360 Patent.........................222
    d)    Step (c) of Claim 20 of the '360 Patent.........................223
    e)    Step (d) of Claim 20 of the '360 Patent.........................223
    f)    Step (e) of Claim 20 of the '360 Patent .........................223
    g)    Step (f) of Claim 20 of the '360 Patent .........................223
    h)    Step (g) of Claim 20 of the '360 Patent.........................223
    i)    Step (h) of Claim 20 of the '360 Patent.........................224

7.     CLAIM 21 OF THE '360 PATENT.......................................224

8.     CLAIM 22 OF THE '360 PATENT.......................................224

B.     INDIRECT INFRINGEMENT OF THE '360 PATENT BY REI....................224

XIV.   ELEVENTH CLAIM FOR RELIEF
Against Defendant ShopNBC.com For Infringement Of U.S. Patent No.
5,544,360 ..........................................................................225

A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY SHOPNBC ............226

1.     CLAIM 1 OF THE '360 PATENT.........................................226
    a)    Preamble of Claim 1 of the '360 Patent ..........................226
    b)    Step (a) of Claim 1 of the '360 Patent..........................227

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | c) | Step (b) of Claim 1 of the '360 Patent | 230 |
|  |  | d) | Step (c) of Claim 1 of the '360 Patent | 231 |
|  | 2. | CLAIM 2 OF THE '360 PATENT | | 238 |
|  | 3. | CLAIM 7 OF THE '360 PATENT | | 238 |
|  | 4. | CLAIM 11 OF THE '360 PATENT | | 238 |
|  | 5. | CLAIM 15 OF THE '360 PATENT | | 239 |
|  |  | a) | Preamble of Claim 15 of the '360 Patent | 239 |
|  |  | b) | Element (a) of Claim 15 of the '360 Patent | 239 |
|  |  | c) | Element (b) of Claim 15 of the '360 Patent | 240 |
|  |  | d) | Element (c) of Claim 15 of the '360 Patent | 240 |
|  |  | e) | Element (d) of Claim 15 of the '360 Patent | 240 |
|  |  | f) | Element (e) of Claim 15 of the '360 Patent | 241 |
|  | 6. | CLAIM 20 OF THE '360 PATENT | | 242 |
|  |  | a) | Preamble of Claim 20 of the '360 Patent | 242 |
|  |  | b) | Step (a) of Claim 20 of the '360 Patent | 242 |
|  |  | c) | Step (b) of Claim 20 of the '360 Patent | 243 |
|  |  | d) | Step (c) of Claim 20 of the '360 Patent | 243 |
|  |  | e) | Step (d) of Claim 20 of the '360 Patent | 243 |
|  |  | f) | Step (e) of Claim 20 of the '360 Patent | 243 |
|  |  | g) | Step (f) of Claim 20 of the '360 Patent | 244 |
|  |  | h) | Step (g) of Claim 20 of the '360 Patent | 244 |
|  |  | i) | Step (h) of Claim 20 of the '360 Patent | 244 |
|  | 7. | CLAIM 21 OF THE '360 PATENT | | 244 |
|  | 8. | CLAIM 22 OF THE '360 PATENT | | 244 |
| B. | | INDIRECT INFRINGEMENT OF THE '360 PATENT BY SHOPNBC | | 244 |
| XV. | | TWELFTH CLAIM FOR RELIEF Against Defendant B & H Foto For Infringement Of U.S. Patent No. 5,544,360 | | 245 |
| A. | | DIRECT INFRINGEMENT OF THE '360 PATENT BY B & H FOTO | | 246 |
|  | 1. | CLAIM 1 OF THE '360 PATENT | | 246 |
|  |  | a) | Preamble of Claim 1 of the '360 Patent | 246 |
|  |  | b) | Step (a) of Claim 1 of the '360 Patent | 248 |
|  |  | c) | Step (b) of Claim 1 of the '360 Patent | 252 |
|  |  | d) | Step (c) of Claim 1 of the '360 Patent | 253 |
|  | 2. | CLAIM 2 OF THE '360 PATENT | | 260 |
|  | 3. | CLAIM 7 OF THE '360 PATENT | | 260 |
|  | 4. | CLAIM 11 OF THE '360 PATENT | | 260 |
|  | 5. | CLAIM 15 OF THE '360 PATENT | | 261 |
|  |  | a) | Preamble of Claim 15 of the '360 Patent | 261 |
|  |  | b) | Element (a) of Claim 15 of the '360 Patent | 261 |

Second Amended and Supplemental
Complaint for Patent Infringement

|  |  |  | c) | Element (b) of Claim 15 of the '360 Patent | 262 |
|  |  |  | d) | Element (c) of Claim 15 of the '360 Patent | 262 |
|  |  |  | e) | Element (d) of Claim 15 of the '360 Patent | 262 |
|  |  |  | f) | Element (e) of Claim 15 of the '360 Patent | 263 |
|  |  | 6. | CLAIM 20 OF THE '360 PATENT | | 264 |
|  |  |  | a) | Preamble of Claim 20 of the '360 Patent | 264 |
|  |  |  | b) | Step (a) of Claim 20 of the '360 Patent | 264 |
|  |  |  | c) | Step (b) of Claim 20 of the '360 Patent | 264 |
|  |  |  | d) | Step (c) of Claim 20 of the '360 Patent | 265 |
|  |  |  | e) | Step (d) of Claim 20 of the '360 Patent | 265 |
|  |  |  | f) | Step (e) of Claim 20 of the '360 Patent | 265 |
|  |  |  | g) | Step (f) of Claim 20 of the '360 Patent | 265 |
|  |  |  | h) | Step (g) of Claim 20 of the '360 Patent | 266 |
|  |  |  | i) | Step (h) of Claim 20 of the '360 Patent | 266 |
|  |  | 7. | CLAIM 21 OF THE '360 PATENT | | 266 |
|  |  | 8. | CLAIM 22 OF THE '360 PATENT | | 266 |
|  | B. | INDIRECT INFRINGEMENT OF THE '360 PATENT BY B & H FOTO | | | 266 |
| XVI. | THIRTEENTH CLAIM FOR RELIEF Against Defendant HP For Infringement Of U.S. Patent No. 5,544,360 | | | | 267 |
|  | A. | DIRECT INFRINGEMENT OF THE '360 PATENT BY HP | | | 268 |
|  |  | 1. | CLAIM 1 OF THE '360 PATENT | | 268 |
|  |  |  | a) | Preamble of Claim 1 of the '360 Patent | 268 |
|  |  |  | b) | Step (a) of Claim 1 of the '360 Patent | 270 |
|  |  |  | c) | Step (b) of Claim 1 of the '360 Patent | 272 |
|  |  |  | d) | Step (c) of Claim 1 of the '360 Patent | 274 |
|  |  | 2. | CLAIM 2 OF THE '360 PATENT | | 280 |
|  |  | 3. | CLAIM 7 OF THE '360 PATENT | | 280 |
|  |  | 4. | CLAIM 11 OF THE '360 PATENT | | 281 |
|  |  | 5. | CLAIM 15 OF THE '360 PATENT | | 281 |
|  |  |  | a) | Preamble of Claim 15 of the '360 Patent | 281 |
|  |  |  | b) | Element (a) of Claim 15 of the '360 Patent | 282 |
|  |  |  | c) | Element (b) of Claim 15 of the '360 Patent | 282 |
|  |  |  | d) | Element (c) of Claim 15 of the '360 Patent | 282 |
|  |  |  | e) | Element (d) of Claim 15 of the '360 Patent | 282 |
|  |  |  | f) | Element (e) of Claim 15 of the '360 Patent | 283 |
|  |  | 6. | CLAIM 20 OF THE '360 PATENT | | 284 |
|  |  |  | a) | Preamble of Claim 20 of the '360 Patent | 284 |
|  |  |  | b) | Step (a) of Claim 20 of the '360 Patent | 284 |
|  |  |  | c) | Step (b) of Claim 20 of the '360 Patent | 285 |
|  |  |  | d) | Step (c) of Claim 20 of the '360 Patent | 285 |
|  |  |  | e) | Step (d) of Claim 20 of the '360 Patent | 285 |
|  |  |  | f) | Step (e) of Claim 20 of the '360 Patent | 285 |

|  |  | g) | Step (f) of Claim 20 of the '360 Patent | 286 |
|  |  | h) | Step (g) of Claim 20 of the '360 Patent | 286 |
|  |  | i) | Step (h) of Claim 20 of the '360 Patent | 286 |
|  | 7. |  | CLAIM 21 OF THE '360 PATENT | 286 |
|  | 8. |  | CLAIM 22 OF THE '360 PATENT | 286 |
| B. |  |  | INDIRECT INFRINGEMENT OF THE '360 PATENT BY HP | 286 |

XVII. FOURTEENTH CLAIM FOR RELIEF
Against Defendant Smartbargains.Com For Infringement Of U.S. Patent No. 5,544,360 .......................................................................................................287

|  |  |  |  |  |
|---|---|---|---|---|
| A. |  |  | DIRECT INFRINGEMENT OF THE '360 PATENT BY SMART BARGAINS | 288 |
|  | 1. |  | CLAIM 1 OF THE '360 PATENT | 288 |
|  |  | a) | Preamble of Claim 1 of the '360 Patent | 288 |
|  |  | b) | Step (a) of Claim 1 of the '360 Patent | 290 |
|  |  | c) | Step (b) of Claim 1 of the '360 Patent | 293 |
|  |  | d) | Step (c) of Claim 1 of the '360 Patent | 294 |
|  | 2. |  | CLAIM 2 OF THE '360 PATENT | 299 |
|  | 3. |  | CLAIM 7 OF THE '360 PATENT | 299 |
|  | 4. |  | CLAIM 11 OF THE '360 PATENT | 300 |
|  | 5. |  | CLAIM 15 OF THE '360 PATENT | 300 |
|  |  | a) | Preamble of Claim 15 of the '360 Patent | 300 |
|  |  | b) | Element (a) of Claim 15 of the '360 Patent | 301 |
|  |  | c) | Element (b) of Claim 15 of the '360 Patent | 301 |
|  |  | d) | Element (c) of Claim 15 of the '360 Patent | 301 |
|  |  | e) | Element (d) of Claim 15 of the '360 Patent | 301 |
|  |  | f) | Element (e) of Claim 15 of the '360 Patent | 302 |
|  | 6. |  | CLAIM 20 OF THE '360 PATENT | 303 |
|  |  | a) | Preamble of Claim 20 of the '360 Patent | 303 |
|  |  | b) | Step (a) of Claim 20 of the '360 Patent | 304 |
|  |  | c) | Step (b) of Claim 20 of the '360 Patent | 304 |
|  |  | d) | Step (c) of Claim 20 of the '360 Patent | 304 |
|  |  | e) | Step (d) of Claim 20 of the '360 Patent | 304 |
|  |  | f) | Step (e) of Claim 20 of the '360 Patent | 305 |
|  |  | g) | Step (f) of Claim 20 of the '360 Patent | 305 |
|  |  | h) | Step (g) of Claim 20 of the '360 Patent | 305 |
|  |  | i) | Step (h) of Claim 20 of the '360 Patent | 305 |
|  | 7. |  | CLAIM 21 OF THE '360 PATENT | 305 |
|  | 8. |  | CLAIM 22 OF THE '360 PATENT | 305 |
| B. |  |  | INDIRECT INFRINGEMENT OF THE '360 PATENT BY SMART BARGAINS | 306 |

PRAYER FOR RELIEF .......................................................................................307

Demand for Jury Trial .......................................................................................308

1    For its complaint against Defendants Amazon.com, Inc. ("Amazon"); Barnesandnoble.com,

2    LLC; Barnesandnoble.com, Inc. ("Barnes & Noble"); J & R Electronics, Inc. ("J & R"); Dell, Inc.

3    ("Dell"); Best Buy Co. ("Best Buy"); Best Buy.com, LLC ("Best Buy.com"); Systemax, Inc.; NA

4    Tech Direct, Inc.; Pocahontas Corp; SYX North American Tech Holdings LLC.; NA Tech

5    Computer Supplies Inc. (the previous five Systemax-related Defendants are referred to herein

6    collectively as "Systemax"); OfficeMax, Inc. ("OfficeMax"); Macy's, Inc. ("Macy's"); Macys.com,

7    Inc. ("Macys.com"); Overstock.com, Inc. ("Overstock"); Recreational Equipment, Inc. ("REI");

8    Value Vision International, Inc. dba ShopNBC.com ("ShopNBC.com"); B &H Foto & Electronics

9    Corp. ("B & H Foto"); Hewlett-Packard Company ("HP"); Retail Convergence, Inc. dba

10   Smartbargains.com ("Smartbargains.com") (hereinafter collectively "Defendants"), Plaintiff

11   SpeedTrack, Inc. ("SpeedTrack") alleges as follows.

## I.    JURISDICTION AND VENUE

13   1.    This is a civil action arising in part under laws of the United States relating to patents

14   (35 U.S.C. §§ 271, 281, 283, 284, and 285).  This court has federal jurisdiction of such federal

15   question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16   2.    Personal jurisdiction as to each defendant is proper in the State of California and in

17   this judicial district.  The acts and transactions complained of herein were intentionally carried out

18   by each Defendant on an interactive website by which each defendant conducts substantial amounts

19   of commerce by selling goods within this State and within this judicial district.  Each of Defendants'

20   contacts with this State and with this judicial district are therefore substantial, continuous, and

21   systematic and each of Defendants' acts and transactions were made effective and had harmful

22   effect within this State and within this district.  Additionally, Defendants OfficeMax, Best Buy,

23   Macy's, Barnes and Noble, HP, and REI, each have regular and established places of business in this

24   State and in this judicial district.

25   3.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b), in that each Defendant

26   resides in this judicial district pursuant to 28 U.S.C. § 1391(c) and in that each Defendant has

27   committed acts of infringement in this judicial district.

28

-1-

1

## II.    THE PARTIES

2      4.    Plaintiff SpeedTrack, Inc. is a corporation duly organized and existing under the laws

3   of the State of California, with its principal place of business at 18340 Yorba Linda Blvd., Suite

4   107-194, Yorba Linda, California 92886.  SpeedTrack is the owner by assignment of all rights and

5   interests in U.S. Patent No. 5,544,360 ("the '360 patent").

6      5.    Defendant Amazon.com, Inc. is a corporation duly organized and existing under the

7   laws of the State of Delaware, with a principal place of business at 1200 12th Avenue South, Suite

8   1200, Seattle, Washington 98144-2734.

9      6.    Defendant Barnesandnoble.com, LLC is a corporation duly organized and existing

10   under the laws of the State of Delaware, with a principal place of business at 122 Fifth Avenue, New

11   York, New York 10011.

12      7.    Defendant Barnesandnoble.com, Inc. is a corporation duly organized and existing

13   under the laws of the State of Delaware, with a principal place of business at 122 Fifth Avenue, New

14   York, New York 10011.

15      8.    Defendant J & R Electronics, Inc. is a corporation duly organized and existing under

16   the laws of the State of New York, with a principal place of business at 23 Park Row, New York,

17   New York 10038.

18      9.    Defendant Dell, Inc. is a corporation duly organized and existing under the laws of the

19   State of Delaware, with a principal place of business at One Dell Way, Round Rock, Texas 78682.

20      10.    Defendant Best Buy Co. is a corporation duly organized and existing under the laws

21   of the State of Minnesota, with a principal place of business at 7601 Penn Avenue South, Richfield,

22   Minnesota 55423.

23      11.    Defendant Best Buy.com, LLC is a corporation duly organized and existing under the

24   laws of the State of Delaware, with a place of business at 100 S 5th Str #1075, Minneapolis,

25   Minnesota 55402.

26

27

28

1    12.    Defendant Systemax, Inc. is a corporation duly organized and existing under the laws

2    of the State of Delaware, with a principal place of business at 11 Harbor Park Drive, Port

3    Washington, New York 11050.

4         a.    Defendant NA Tech Direct, Inc. is a corporation duly organized and existing

5    under the laws of the State of Florida, with a principal place of business at 7795 West Flagler, Suite

6    35, Miami, Florida 33144.  Upon information and belief, NA Tech Direct, Inc. is the legal successor

7    to Tiger Direct, Inc.  Upon information and belief, during the relevant time period (September 23,

8    2003 to August 6, 2013), Tiger Direct, Inc. owned and operated a website at

9    http://www.tigerdirect.com.

10        b.    Upon information and belief, Tiger Direct, Inc. was, and NA Tech Direct, Inc.

11   is, a wholly-owned subsidiary of Defendant Systemax, Inc.  The claims asserted herein against NA

12   Tech Direct, Inc. relate back to the date of SpeedTrack's original complaint (ECF 1) as they arose

13   out of the conduct set out in SpeedTrack's original complaint against Systemax, Inc.  Further, in

14   2009-2010, Tiger Direct, Inc. and Systemax, Inc. shared a common Officer, Gilbert Fiorentino, and

15   therefore, upon information and belief, within 120 days after September 23, 2009, Tiger Direct, Inc.

16   received notice of SpeedTrack's original complaint.  Lastly, Tiger Direct, Inc. knew or should have

17   known that the action would have been brought against it, but for a mistake concerning the proper

18   party's identity.

19        c.    Defendant Pocahontas Corp is a corporation duly organized and existing

20   under the laws of the State of Delaware, with a principal place of business at 7795 West Flagler

21   Street, Suite 35, Miami, Florida 33144.  Upon information and belief, Pocahontas Corporation is the

22   legal successor to Circuitcity.com, Inc.  Upon information and belief, during the relevant time period

23   (September 23, 2003 to August 6, 2013), Circuitcity.com, Inc. owned and operated a website at

24   http://www.circuitcity.com.

25        d.    Upon information and belief, Circuitcity.com, Inc. was, and Pocahontas

26   Corporation is, a wholly-owned subsidiary of Defendant Systemax, Inc.  The claims asserted herein

27   against Pocahontas Corporation relate back to the date of SpeedTrack's original complaint (ECF 1)

28

-3-

1    as they arose out of the conduct set out in SpeedTrack's original complaint against Systemax, Inc.

2    Further, in 2009-2010, Circuitcity.com, Inc. and Systemax, Inc. shared common Officers/Directors,

3    Gilbert Fiorentino, Richard Leeds, and Thomas Axmacher, and therefore, upon information and

4    belief, within 120 days after September 23, 2009, Circuitcity.com, Inc. received notice of

5    SpeedTrack's original complaint.  Lastly, Circuitcity.com, Inc. knew or should have known that the

6    action would have been brought against it, but for a mistake concerning the proper party's identity.

7                    e.        Defendant SYX North America Tech Holdings LLC is a corporation duly

8    organized and existing under the laws of the State of Delaware, with a principal place of business at

9    7795 West Flagler Street, Suite 35, Miami, Florida 33144.  Upon information and belief, SYX North

10   America Tech Holdings LLC is the legal successor to Compusa.com, Inc.  Upon information and

11   belief, during the relevant time period (September 23, 2003 to August 6, 2013), Compusa.com, Inc.

12   owned and operated a website at http://www.compusa.com.

13                   f.        Upon information and belief, Compusa.com, Inc. was and SYX North

14   America Tech Holdings LLC is, a wholly-owned subsidiary of Defendant Systemax, Inc.  The

15   claims asserted herein against SYX North America Tech Holdings LLC relate back to the date of

16   SpeedTrack's original complaint (ECF 1) as they arose out of the conduct set out in SpeedTrack's

17   original complaint against Systemax, Inc.  Further, in 2009-2010, Compusa.com, Inc. and Systemax,

18   Inc. shared common Officers/Directors, Richard Leeds, Lawrence Reinhold, and Thomas

19   Axmacher, and therefore, upon information and belief, within 120 days after September 23, 2009,

20   Compusa.com, Inc. received notice of SpeedTrack's original complaint.  Lastly, Compusa.com, Inc.

21   knew or should have known that the action would have been brought against it, but for a mistake

22   concerning the proper party's identity.

23                   g.        Defendant NA Tech Computer Supplies Inc. is a corporation duly organized

24   and existing under the laws of the State of New York, with a principal place of business at 2139

25   Highway 39 North, Holmdel, New Jersey 07733.  Upon information and belief, NA Tech Computer

26   Supplies Inc. is the legal successor to Global Computer Supplies Inc.  Upon information and belief,

27   during the relevant time period (September 23, 2003 to August 6, 2013), Global Computer Supplies

28

-4-

1    Inc. owned and operated a website at http://www.globalcomputer.com.

2            h.      Upon information and belief, NA Tech Computer Supplies Inc. is, a wholly-

3    owned subsidiary of Defendant Systemax, Inc.  The claims asserted herein against NA Tech

4    Computer Supplies Inc. relate back to the date of SpeedTrack's original complaint (ECF 1) as they

5    arose out of the conduct set out in SpeedTrack's original complaint against Systemax, Inc.  Further,

6    in 2009-2010, Global Computer Supplies, Inc. and Systemax, Inc. shared a common

7    Officers/Directors, Lawrence Reinhold, and therefore, upon information and belief, within 120 days

8    after September 23, 2009, Global Computer Supplies, Inc. received notice of SpeedTrack's original

9    complaint.  Lastly, Global Computer Supplies, Inc. knew or should have known that the action

10   would have been brought against it, but for a mistake concerning the proper party's identity.

11          13.     Defendant OfficeMax, Inc. is a corporation duly organized and existing under the laws

12   of the State of Delaware, with a principal place of business at 263 Shuman Boulevard, Naperville,

13   Illinois 60563.

14          14.     Defendant Macy's, Inc. is a corporation duly organized and existing under the laws of

15   the State of Delaware, with a principal place of business at 151 West 34th Street, New York, New

16   York 10001.

17          15.     Defendant Macys.com, Inc. is a corporation duly organized and existing under the

18   laws of the State of New York, with a principal place of business at 685 Market Street, San

19   Francisco, CA 94105.

20          16.     Defendant Overstock.com, Inc. is a corporation duly organized and existing under the

21   laws of the State of Delaware, with a principal place of business at 6350 South 3000 East, Salt Lake

22   City, Utah 84121.

23          17.     Defendant Recreational Equipment, Inc. is a corporation duly organized and existing

24   under the laws of the State of Washington, with a principal place of business at 6750 S. 228th Street,

25   Kent, Washington 98032.

26          18.     Defendant Value Vision International, Inc., dba ShopNBC.com, is a corporation duly

27   organized and existing under the laws of the State of Minnesota, with a principal place of business at

28

6740 Shady Oak Road, Eden Prairie, Minnesota 55344-3433.

19.    Defendant B & H Foto & Electronics Corp. is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 420 9th Avenue, New York, New York 10001-1603.

20.    Defendant Hewlett-Packard Company is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

21.    Defendant Retail Convergence, Inc., dba Smartbargains.com, is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 10 Milk Street, Boston, Massachusetts 02108.

### III.    SPEEDTRACK'S U.S. PATENT NO. 5,544,360

22.    On August 6, 1996, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 5,544,360, entitled "METHOD FOR ACCESSING COMPUTER FILES AND DATA, USING LINKED CATEGORIES ASSIGNED TO EACH DATA FILE RECORD ON ENTRY OF THE DATA FILE RECORD," for inventions comprising systems and methods for accessing information stored in the data storage system of a computer. Plaintiff SpeedTrack is the owner by assignment of the entire right, title, and interest in and to the '360 patent. A true and correct copy of the '360 patent is attached hereto as Exhibit 1.

23.    The '360 patent was the subject of an ex parte reexamination proceeding, No. 90/010,325, filed on October 24, 2008, involving claims 1-4, 7, 11-14, 20 and 21. On July 2, 2011, the U.S. Patent and Trademark Office issued an Ex Parte Reexamination Certificate (8377th) confirming the patentability of all claims at issue (1-4, 7, 11-14, 20 and 21) and adding new claim 22, which the U.S. Patent and Trademark Office determined to be patentable. A true and correct copy of the Ex Parte Reexamination Certificate for the '360 patent is attached hereto as Exhibit 2.

24.    The '360 patent was in full force and effect at all times during the time period starting on its issuance date of August 6, 1996 up to and including its expiration date of August 6, 2013.

25.    Claims 1-2, 7, 11, 15, and 20-22 of the '360 patent claim the following:

1        1. A method for accessing files in a data storage system of a computer system
having means for reading and writing data from the data storage system,
2    displaying information, and accepting user input, the method comprising the steps
of:
3             (a) initially creating in the computer system a category description
table containing a plurality of category descriptions, each category description
4    comprising a descriptive name, the category descriptions having no predefined
hierarchical relationship with such list or each other;
5             (b) thereafter creating in the computer system a file information
directory comprising at least one entry corresponding to a file on the data
6    storage system, each entry comprising at least a unique file identifier for the
corresponding file, and a set of category descriptions selected from the
7    category description table; and
             (c) thereafter creating in the computer system a search filter
8    comprising a set of category descriptions, wherein for each category
description in the search filter there is guaranteed to be at least one entry in
9    the file information directory having a set of category descriptions matching
the set of category descriptions of the search filter.
10

11        2. A method for accessing files in accordance with claim 1, wherein each
category description comprises a user defined category name and a unique
12    category description identifier created by the computer system.
13

14        7. A method for accessing files in accordance with claim 1, wherein the step
of creating a search filter comprises the steps of:
15             (1) disabling category descriptions which if added to the search filter
would not match the category descriptions of at least one entry in the file
16    information directory;
             (2) accepting user input selecting at least one category description as a
17    component of the search filter.
18

19        11. A method for accessing files in accordance with claim 7, wherein each
category description comprises a user defined category description name and a
20    unique category description identifier created by the computer system, and further
including the step of displaying the name of each file in the file information
21    directory having category description identifiers matching the category
description identifiers of the category descriptions in the search filter.
22

23        15. A system for accessing files in a data storage system comprising:
             (a) a plurality of files in a data storage system;
             (b) a plurality of user-defined category descriptions, each category
24    description comprising a descriptive name, the category descriptions having
no predefined hierarchical relationship with such list or each other;
25             (c) file association means for associating at least one file with at least
one category description selected from the plurality of previously defined
26    category descriptions;
             (d) category description addition means for adding one or more
27    additional category descriptions to the plurality of user-defined category
descriptions; and
28
                                                      -7-

(e) category linking means for linking at least one linking category description to at least one linked category description, such that if a specific file is associated with a linking category description, the user must also associate that specific file with at least one of the linked category descriptions corresponding to the linking category description.

20. A method for accessing files in a data storage system of a computer system having means for reading and writing data from the data storage system, displaying information, and accepting user input, wherein each file located on the data storage system has a file name, the method comprising the steps of:

(a) initially defining in the computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other;

(b) thereafter accepting user input associating with a file at least one category description from at least one defined list;

(c) storing in the data storage system a file record containing at least the file name, file location information, and the associated category descriptions for the file;

(d) displaying from each defined list, as selectable items, only those category descriptions associated with at least one file;

(e) accepting user positional input defining a search filter of at least one category description selected from at least one displayed defined list;

(f) automatically disabling, in the computer system, selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined search filter;

(g) searching in the computer system the category descriptions of each stored file record for a logical match to the category descriptions of the defined search filter;

(h) displaying the file names of all file records having category descriptions that logically match each category description of the defined search filter.

21. The method for accessing files of claim 20, further including the steps of:

(a) accepting user input selecting at least one file from the displayed file names;

(b) accessing each selected file on the data storage system using the file location information from the file record associated with each corresponding selected file.

22. A method for accessing files in a data storage system of a computer system having means for reading and writing data from the data storage system, displaying information, and accepting user input, the method comprising the steps of:

(a) initially creating in the computer system a category description table containing a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other;

(b) thereafter creating in the computer system a file information directory comprising at least one entry corresponding to a file on the data storage system, each entry comprising at least a unique file identifier for the corresponding file, and a set of category descriptions selected from the category description table; and

(c) thereafter creating in the computer system a search filter comprising a set of category descriptions, wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions logically combined in the search filter, said set of category descriptions logically combined selected by choosing one category description at a time, in any order.

26.     In prior litigation involving the '360 patent in the Northern District of California (*SpeedTrack, Inc. v. Wal-Mart Stores, Inc.*, 06-CV-7336-PJH; ECF 132), the court construed the following claim terms contained in the '360 patent to have the following meaning:

- "category description table" means "at least one list or array, configured in any desired manner, or taking any form, containing a plurality of category descriptions."

- "file information directory" means "a directory comprising information corresponding to at least one file."

- "having no predefined hierarchical relationship" means "the category descriptions have no predefined hierarchical relationship. A hierarchical relationship is a relationship that pertains to a hierarchy. A hierarchy is a structure in which components are ranked into levels of subordination; each component has zero, one, or more subordinates; and no component has more than one superordinate component."

- "search filter" means "a set of one or more category descriptions (depending upon the context of claim 1 or claim 20) and at least one logical operator if there is more than one category description in the search filter that is used to search."

- "file" means "any collection of data or information stored on a computer system."

- "such list" means "a category description table."

- "computer system" means "a computer system, embodied in either a single computer or a distributed environment, having a hard disk drive, a computer display, and a computer mouse, and equivalents thereto."

- "user" means "one that uses – may be a person or another computer."

-9-

- "creating in the computer system" means "producing in the computer system."

27.     In the appeal of the Wal-Mart action to the Federal Circuit (*SpeedTrack, Inc. v. Endeca Techs., Inc.*, 524 Fed. App'x. 651, 657 (Fed. Cir. 2013), the Federal Circuit construed the term "category description" of the claims of the '360 patent to mean: "'information that includes a name that is descriptive of something about a stored file.' 'Name,' as used in the claim language, requires 'information' that must include, but is not limited to, a description in alphabetic form." Accordingly, the term "category description" as used in the claims of the '360 patent means "information that includes a description in alphabetic form of something about a stored file."

28.     In the following claims for relief, SpeedTrack shall apply the above constructions whenever discussing the claims of the '360 patent.  Further, for each claim for relief, for each patent claim, and for each element of each patent claim, SpeedTrack contends that each element is literally met by defendants, unless explicitly stated otherwise herein.

29.     With respect to each and every one of the claims for relief in this action, SpeedTrack represents and admits that it has no legal right to pursue such claims against any Defendant based on its use of Endeca's (now Oracle's) Information Access Platform.  This representation and admission does not extend to any Defendants' use of any software, hardware, and/or data that is not Endeca's (now Oracle's) Information Access Platform.

## IV.     FIRST CLAIM FOR RELIEF

### Against Defendant Amazon For Infringement Of U.S. Patent No. 5,544,360

30.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-5 and 22-29 of this Complaint as though fully set forth herein.

31.     Upon information and belief, at all times during the time period starting on September 23, 2003 up to and including August 6, 2013, Defendant Amazon directly infringed claims 1-2, 7, 11, 15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to the websites to search for products available for sale (i.e., search for files stored in a data storage system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

the website at http://www.amazon.com ("www.amazon.com").  SpeedTrack's allegations are not

limited to www.amazon.com, but rather include all websites owned and/or operated by Amazon

during the time period starting on September 23, 2003 up to and including August 6, 2013 that

operated in essentially the same manner as www.amazon.com with respect to the infringement

allegations contained herein.  Although SpeedTrack's allegations herein are descriptive of

www.amazon.com, such allegations are equally applicable to all websites owned and/or operated by

Amazon during the time period starting on September 23, 2003 up to and including August 6, 2013

that operated in essentially the same manner as www.amazon.com with respect to the infringement

allegations contained herein.

32.     SpeedTrack first gave written notice to Amazon of the '360 patent and of Amazon's

infringement of the '360 patent on or about December 20, 2006.

**A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY AMAZON**

**1.      CLAIM 1 OF THE '360 PATENT**

**a)      Preamble of Claim 1 of the '360 Patent**

33.     Amazon owns and operates a website located on the Internet at

http://www.amazon.com.  Upon information and belief, Amazon's website is hosted on a computer

system comprising, among other things, one or more web servers, one or more data storage systems,

and one or more computers used by Amazon to interact with the web servers and the data storage

systems (hereinafter collectively "Amazon's website").

34.     Upon information and belief, the computer system of Amazon's website has, among

other things: (1) means for reading and writing data from the data storage system including device

drivers (the software that controls the data storage system including formatting data) and associated

hardware; (2) means for displaying information (computer displays); and (3) means for accepting

user input (keyboard or mouse, and associated driver(s)).

35.     Customers and potential customers, who are at a location that is remote from

Amazon's computer system of its website, use their computers to communicate with Amazon's

website.

36.     Upon information and belief, Amazon stores many files on these data storage systems for the various products offered for sale by Amazon or its partners on www.amazon.com.  For example, upon information and belief, for each product offered for sale on the Amazon website, there is at least one file, i.e., collection of data or information stored on Amazon's computer system, for such product.  The collection of data or information includes text pertaining to the product and/or one or more pictures of the product.

37.     Amazon interacts with the web servers and the data storage systems of its website in order to, among other things, permit the creation and editing of data for the files in the data storage system.  A true and correct screenshot taken on or about September 4, 2007 of the Amazon webpage showing the Canon CNMS3ISPWRSHOT Digital Camera offered for sale by Amazon, with a red box added, is reproduced below.  An example of the collection of information or data (or at least a portion thereof) that comprises a file stored on Amazon's computer system is depicted below in the red box below:



38.     Upon information and belief, each file stored on Amazon's data storage system has a file name.  For example, for the file depicted above, the file name is "CNMS3ISPWRSHOT Digital Camera, 6.0Megapixel,12x Optical Zoom, Movie Mode, BK."

-12-

1

### b)   Step (a) of Claim 1 of the '360 Patent

2      39.    Step (a) of claim 1 of the '360 patent requires that a "category description table" be

3  initially created in the computer system.  Upon information and belief, Amazon defines a number of

4  category descriptions in the computer system of its website prior to its creation of a file information

5  directory (step (b)) and prior to its creation of a search filter (step (c)).

6      40.    For example, Amazon configured its website for the sale of digital point and shoot

7  cameras.  A customer or potential customer ("user") who visited Amazon's website

8  (www.amazon.com) on or about September 4, 2007 would have instructed the Amazon website to

9  display the Amazon landing page in his or her browser.  A true and correct screenshot taken on or

10  about September 4, 2007 of the landing page of www.amazon.com is reproduced below:



11

12

13

14

15

16

17

18

19

20      41.    Upon reaching the above webpage, a user looking for digital point and shoot cameras

21  could have clicked the link "Camera & Photo," thereby instructing Amazon's website to display the

22  below webpage in the user's browser.  A true and correct screenshot taken on or about September 4,

23  2007 of the webpage displayed after selecting "Camera & Photo" on www.amazon.com is

24  reproduced below:

25

26

27

28

1

2

3

4

5

6

7

8

9

10



11    42.    Upon reaching the above webpage, the user looking for digital point and shoot

12 cameras could have clicked the link "Digital Point & Shoots," thereby instructing Amazon's website

13 to display the below webpage in the user's browser.  The below webpage is a true and correct

14 screenshot taken on or about September 4, 2007 of the webpage displayed after selecting "Digital

15 Point & Shoots" on Amazon's webpage:

16

17

18

19

20

21

22

23

24

25



26    43.    On the above webpage, Amazon presented to the user a list, on the left side of the

27 screen, of a plurality of additional linked names that are descriptive of something about at least one

28

Case No. 4:09-CV-04479-JSW

1311385

Second Amended and Supplemental
Complaint for Patent Infringement

of Amazon's stored files (i.e., descriptions in alphabetic form), including, but not limited to, "Brand," "Canon," "Sony," "Olympus," "Panasonic," "Kodak," "Nikon," "Fuji," "Pentax," "Casio Inc.," "Samsung," "FujifilmFinepixF45," "Leica," "Seller," "Wall Street Photo," "Amazon.com," "Ace Photo Digital," "Adorama Camera," "TheFactoryDepot," "Beach Audio," "ANTOnline," "SkyBox USA," "J&R Music and Computer World," "Target," "Midway," "Costupdate," "Price," "$0-$24," "$25-$49," "$50-$99," "$100-$199," "$200-$499," "$500-$999," "$1000-$1999," "$2000-$4999," "$5000-$9999," "Megapixels," "1.9 MP & Under," "2 to 2.9 MP," "3 to 3.9 MP," "4 to 4.9 MP," "5 to 5.9 MP," "6 MP & Up," "Optical Zoom," "2.0x to 3.9x," "6.0x & Up," "1.9x & Under," "4.0x to 5.9x," "6x to 9.9x," "10x to 19x," "Display Size," "1.9 in. & Under," "2 to 2.9 in.," "3 to 4.9 in.," "Image Stabilization," "None," "Optical," "Electronic," "Viewfinder Type," "Optical," "None," and "LCD." These terms, and the terms "Camera & Photo" and "Digital Point & Shoots" from the above webpages, are descriptive of something about at least one of Amazon's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

44.     Upon information and belief, Amazon created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

45.     Upon information and belief, the category descriptions contained in the category description table created by Amazon have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

### c)     Step (b) of Claim 1 of the '360 Patent

46.     Upon information and belief, after Amazon creates the category description table in the computer system of its website (step (a)) and before Amazon creates a search filter in the computer system of its website (step (b)), Amazon created a directory in the computer system of its website comprising information corresponding to at least one file on the data storage system of the

1  Amazon website.  Upon information and belief, this directory has, among other things, a plurality of

2  entries, wherein each entry corresponds to at least one file stored on Amazon's data storage system

3  of its website and wherein the files contained information for the products offered for sale on

4  Amazon's website.  This directory is hereinafter referred to as a "file information directory."

5        47.     Upon information and belief, each entry of Amazon's file information directory also

6  included a unique identifier for each corresponding file, which may include a file name for the file.

7        48.     Upon information and belief, each entry of Amazon's file information directory

8  corresponding to a file on Amazon's data storage system also included *either*: (1) information

9  selected from the category description table that includes a description in alphabetic form of

10  something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with,

11  and therefore representative of, information stored in the category description table that includes a

12  description in alphabetic form of something about a stored file (option 2).  To the extent that

13  Amazon's website operates using option 1, Amazon literally meets this element of step (b) of claim

14  1 and literally infringes the claims of the '360 patent.  To the extent that Amazon's website operates

15  using option 2, Amazon meets this element of step (b) of claim 1 under the doctrine of equivalents

16  and infringes the claims of the '360 patent under the doctrine of equivalents.

17        49.     Upon information and belief, Amazon's file information directory contained, for

18  example, an entry for the file for the CNMS3ISPWRSHOT Digital Camera, 6.0Megapixel,12x

19  Optical Zoom, Movie Mode, BK ("Canon camera") and, upon information and belief, such file had

20  a file name, "CNMS3ISPWRSHOT Digital Camera, 6.0Megapixel,12x Optical Zoom, Movie Mode,

21  BK."  Upon information and belief, this entry in Amazon's file information directory did not contain

22  the file itself, but instead contained, among other things, a unique identifier for the file, such as, for

23  example, information for the location of the file in Amazon's data storage system.

24        50.     Upon information and belief, this entry in Amazon's file information directory also

25  contained *either*: (1) information selected from the category description table that includes a

26  description in alphabetic form of something about a stored file, such as, for example, "Canon,"

27  "$200-$499," "6MP & Up," and "10x-19x" optical zoom (option 1); *or* (2) a set of identifiers, each

28

1    uniquely associated with, and therefore representative of, information stored in the category

2    description table that includes a description in alphabetic form of something about a stored file, such

3    as, for example, identifiers that are uniquely associated with, and therefore representative of,

4    "Canon," "$200-$499," "6MP & Up," and "10x-19x" optical zoom  (option 2).

5             **d)    Step (c) of Claim 1 of the '360 Patent**

6         51.    After Amazon created the category description table in the computer system of its

7    website (step (a)) and after Amazon created the file information directory in the computer system of

8    its website (step (b)), the user of Amazon's website engages in a search for a digital camera by

9    instructing the Amazon to create within its computer system one or more search filters.  Starting at

10   Amazon's landing page (www.amazon.com), the user could have selected "Camera & Photo" and

11   "Digital Point-And-Shoot," as demonstrated above in Paragraphs 40-42, which would instruct

12   Amazon's website to present the user with lists of category descriptions, as also demonstrated above

13   in Paragraph 42.

14        52.    For example, from the webpage that Amazon displays after the user selects "Digital

15   Point and Shoot," the user could have first selected the category description "Canon" which

16   corresponds to a "Brand" of cameras.  The Amazon webpage includes the indication in the

17   parenthetical next to the term "Canon" of "(124)" meaning that, upon information and belief, at that

18   time Amazon had categorized 124 files on the computer system of its website as being digital point

19   and shoot cameras that were branded "Canon" and stored entries for the files for those cameras in its

20   file information directory.  Alternatively, the user could have selected any other available category

21   description.  A true and correct screenshot taken on or about September 4, 2007 of the webpage

22   displayed after selecting "Digital Point & Shoots" with the red oval being added is reproduced

23   below:

24

25

26

27

28



53.     Upon information and belief, selection by the user of the category description

"Canon" from the webpage depicted above instructed the computer system of the Amazon website

to create a search filter and conduct a search of the information stored in the Amazon website for all

"Canon" branded digital point and shoot cameras by, upon information and belief, searching the

category descriptions of each stored entry in the file information directory for a logical match to the

category descriptions of the defined search filter.  Accordingly, upon information and belief,

Amazon created a filter in the computer system of its website to search for all files associated with

the category description "Canon" as a brand of digital point-and-shoot cameras, hereinafter referred

to as a "search filter."

54.     Upon information and belief, for the category description "Canon," as a brand of

digital point-and-shoot cameras, that comprises the above-described search filter, there is guaranteed

to be at least one entry in the Amazon file information directory associated with those category

descriptions, because the Amazon website only presented category descriptions to the user for which

such entries existed, i.e., the Amazon website did not present any category descriptions to the user

for which no such entries existed.  This is demonstrated by the fact that, in the screenshot above,

each category description available for the selection by the user has associated with it a number that

1   is greater than zero, which, upon information and belief, indicates that the number of files associated

2   with that category description in the file information directory is greater than zero.

3       55.     Upon application of the search filter by Amazon, the Amazon computer system

4   returned a webpage to the user showing, upon information and belief, the matching Canon brand

5   digital point and shoot cameras together with the remaining category descriptions that match the

6   Canon brand digital point and shoot cameras.  The Amazon computer system further removed all

7   other category descriptions that are unrelated to the Canon brand digital point and shoot cameras as

8   were previously associated by Amazon in the file information directory, making such removed

9   category descriptions unselectable.  A true and correct screenshot taken on or about September 4,

10  2007 of the webpage displayed after selecting the category description "Canon" with the red oval

11  being added is reproduced below:



22      56.     From the webpage returned to the user by the Amazon website after the Amazon

23  computer system created and applied the search filter having the category description "Canon," the

24  user could have next selected the category description "6 MP & Up" which corresponds to a number

25  of "Megapixels" for the Canon brand cameras in the Amazon computer system.  The Amazon

26  webpage includes the indication in the parenthetical next to the term "6 MP & Up" of "(35)"

27  meaning that, upon information and belief, at that time Amazon had categorized 35 files on the

28

-19-

computer system (file information directory) of its website as being digital point and shoot cameras that were both branded "Canon" and had "6 MP & Up."  Alternatively, the user could have selected any other available category description.

57.     Upon information and belief, selection by the user of the category description "6 MP & Up" from the webpage depicted above instructed the computer system of the Amazon website to create and conduct a search of the information stored in the Amazon website for all "Canon" branded digital point and shoot cameras that also have a megapixel value of "6 MP & Up." Accordingly, Amazon created a filter in the computer system of its website to search for all digital point and shoot cameras that are both "Canon" branded *and* have a megapixel value of "6 MP & Up" by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter. Thus, upon information and belief, the Amazon website searched for both category descriptions with the "and" logical connector, all of which comprised the "search filter" in this instance.

58.     Upon information and belief, for the category descriptions "Canon" brand and "6 MP & Up" joined by the connector "and" (the search filter in this instance), there is guaranteed to be at least one entry in the Amazon file information directory for a digital point and shoot camera having been associated by Amazon with both the category descriptions "Canon" and "6 MP & Up," because the Amazon website only presented category descriptions to the user for which such entries existed, i.e., the Amazon website did not present any category descriptions to the user for which no such entries existed.  This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero.

59.     Upon application of this search filter by Amazon, the Amazon computer system returned to the user a webpage showing, upon information and belief, the matching Canon brand digital point and shoot cameras having 6 MP & up together with the remaining category descriptions that match the Canon brand digital point and shoot cameras having 6 MP and up.  The Amazon computer system further removed all other category descriptions that are unrelated to the Canon

1    brand digital point and shoot cameras having 6 MP and up as were previously associated by

2    Amazon in the file information directory.   A true and correct screenshot taken on or about

3    September 4, 2007 of the webpage displayed after selecting the category description "Canon" and

4    the category description "6 MP & Up," with the red oval being added, is reproduced below:



16        60.       From the webpage returned to the user by the Amazon website after the Amazon

17   computer system created and applied the search filter having the category descriptions "Canon" and

18   "6 MP & Up," the user could have next selected the category description for the price "$200-$499"

19   (shown in the red oval in the above screenshot) to further narrow the search and narrow the number

20   of results returned to 29, as this is the number depicted next to that category description.  For the

21   reasons described above, the Amazon computer system creates a search filter comprising these three

22   category descriptions and two "and" logical connectors: "Canon" and "6 MP & Up" and "$200 to

23   $499" and, for the reasons discussed above, the Amazon computer system of its website guaranteed

24   at least one entry in the Amazon file information directory associated with these three category

25   descriptions because the Amazon website only presented category descriptions to the user for which

26   such entries existed.

27        61.       Upon application of this search filter by Amazon, the Amazon computer system

28   returned to the user a webpage showing, upon information and belief, the matching Canon brand

-21-

1  digital point and shoot cameras having 6 MP & up and priced between $200 to $499 together with

2  the remaining category descriptions that match these category descriptions  by, upon information

3  and belief, searching the category descriptions of each stored entry in the file information directory

4  for a logical match to the category descriptions of the defined search filter.  The Amazon computer

5  system further removed all other category descriptions that are unrelated to the Canon brand digital

6  point and shoot cameras as were previously associated by Amazon in the file information directory.

7  A true and correct screenshot taken on or about September 4, 2007 of the webpage displayed after

8  selecting the category description "Canon," the category description "6 MP & Up," and the category

9  description "$200 to $499," with the red oval being added, is reproduced below:



21     62.     From the webpage returned to the user by the Amazon website after the Amazon

22  computer system created and applied the search filter having the category descriptions "Canon," "6

23  MP & Up," and "$200-$499," the user could have next selected the category description for the

24  optical zoom of "10x to 19x" to further narrow the search and narrow the number of results returned

25  to 1, as this is the number depicted next to that category description.  For the reasons described

26  above, the Amazon computer system created a search filter comprising these four category

27  descriptions and three "and" logical connectors: "Canon" and "6 MP & Up" and "$200 to $499" and

28

-22-

1   "10x to 19x" and, for the reasons discussed above, the Amazon computer system of its website

2   guaranteed at least one entry in the Amazon file information directory associated with these four

3   category descriptions because the Amazon website only presented category descriptions to the user

4   for which such entries existed.

5        63.    Upon application of this search filter by Amazon, the Amazon computer system

6   returned to the user a webpage showing, upon information and belief, the single, matching Canon

7   brand digital point and shoot camera having 6 MP & up, priced between $200 to $499, and having

8   an optical zoom of between 10x to 19x by, upon information and belief, searching the category

9   descriptions of each stored entry in the file information directory for a logical match to the category

10   descriptions of the defined search filter.  The Amazon computer system further removed all other

11   category descriptions that are unrelated to the matching Canon camera.  A true and correct

12   screenshot taken on or about September 4, 2007 of the webpage displayed after selecting the

13   category description "Canon," the category description "6 MP & Up," the category description

14   "$200 to $499," and the category description "10x to 19x," with the red oval being added, is

15   reproduced below:



Case No. 4:09-CV-04479-JSW                     Second Amended and Supplemental
Complaint for Patent Infringement
1311385

64.     From the above webpage, the user could have instructed the Amazon computer to display the file for the matching Canon camera by clicking on the file name located within the red oval above.   A true and correct screenshot taken on or about September 4, 2007 of the webpage displayed after selecting the name of the matching Canon camera shown in the screenshot above is reproduced below:



65.     As the Canon CNMS3ISPWRSHOT Digital Camera is the only product having a file on the Amazon computer system for which Amazon associated in it file information directory the four category descriptions "Canon," "6 MP & Up," "$200 to $499," and "10x to 19x," the Amazon website sends a webpage to the user depicting that product and no other selectable category descriptions.

66.     These were not the only search filters that the user could have instructed Amazon's computer system to create to locate the file for the CNMS3ISPWRSHOT Digital Camera.  For example, the user could have selected the same category descriptions in a different order, such as, "$200-$499," then "6MP & Up", then "Canon," and lastly "10x-19x" optical zoom to reach the CNMS3ISPWRSHOT Digital Camera.

1

**2.      CLAIM 2 OF THE '360 PATENT**

2      67.      Upon information and belief, if Amazon follows option 2 described above in

3 Paragraph 48, then the category descriptions in Amazon's computer system include a "user defined

4 category name" (where the user (person or other computer) is Amazon, which chooses and identifies

5 category names) and a "unique category description identifier" created by the Amazon computer

6 system.

**3.      CLAIM 7 OF THE '360 PATENT**

7

8      68.      As discussed and depicted above in Paragraphs 51-63 herein, the Amazon computer

9 system creates search filters, and, when it does so, it disables category descriptions which, if added

10 to the search filter, would not match the category descriptions of at least one entry in the file

11 information directory.  The Amazon computer system further accepts user input selecting at least

12 one category description as a component of the search filter.

13

**4.      CLAIM 11 OF THE '360 PATENT**

14      69.      Upon information and belief, if Amazon follows option 2 described above in

15 Paragraph 48, each category description comprises a user defined category description name and a

16 unique category description identifier created by the computer system.  Further, the computer

17 system of the Amazon website displayed the name of each file in the file information directory

18 having category description identifiers matching the category description identifiers of the category

19 descriptions in the search filter, as shown in the example below, for the search filter including the

20 category descriptions "Canon" and "6 MP & Up" for digital point and shoot camera.  The below is a

21 true and correct screenshot taken on or about September 4, 2007 of the webpage displayed by

22 Amazon for the search filter comprising the category descriptions "Canon" and "6 MP & Up."  The

23 red oval has been added to show, upon information and belief, the file name for one of the matching

24 files:

25

26

27

28

-25-



**5.**   **CLAIM 15 OF THE '360 PATENT**

      **a)**   **Preamble of Claim 15 of the '360 Patent**

70.   As discussed in more detail in Paragraphs 33-37 herein, Amazon owns and operates a website located on the Internet at http://www.amazon.com.   Upon information and belief, Amazon's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by Amazon to interact with the web servers and the data storage systems.  Amazon stores files in its data storage system and such files were accessible by Amazon.

      **b)**   **Element (a) of Claim 15 of the '360 Patent**

71.   As discussed in more detail in Paragraph 36 herein, upon information and belief, Amazon's website stores a plurality of files in its data storage system.

      **c)**   **Element (b) of Claim 15 of the '360 Patent**

72.   As discussed in more detail in Paragraphs 39-43 herein, upon information and belief, Amazon, as a user (person or another computer), chooses and identifies a plurality of category descriptions, wherein each category description comprises a descriptive name, and wherein the category descriptions have no predefined hierarchical relationship with such list or each other, i.e.,

1   they are not organized into a single tree structure in which category descriptions are ranked into

2   levels of subordination; each category description has zero, one, or more subordinates; and no

3   category description has more than one superordinate component.

4              d)      **Element (c) of Claim 15 of the '360 Patent**

5          73.    Upon information and belief, the computer system of the Amazon website comprises,

6   among other things, the means plus function limitation of a "file association means for associating at

7   least one file with at least one category description selected from the plurality of previously defined

8   category descriptions," which, as disclosed in the specification of the '360 patent, is at least a

9   general purpose computer that was programmed to perform steps to associate at least one file, or an

10  identifier for such file, with at least one category description and/or unique identifier associated with

11  a category description that is selected from the plurality of previously defined category descriptions

12  and to store, in a directory, the file or its identifier and the associated category descriptions and/or

13  their identifiers, as described herein at Paragraphs 46-50.

14             e)      **Element (d) of Claim 15 of the '360 Patent**

15         74.    Upon information and belief, the computer system of the Amazon website comprised,

16  among other things, the means plus function limitation of a "category linking means for linking at

17  least one linking category description to at least one linked category description, such that if a

18  specific file is associated with a linking category description, the user must also associate that

19  specific file with at least one of the linked category descriptions corresponding to the linking

20  category description," which, as disclosed in the specification of the '360 patent, is at least a general

21  purpose computer that was programmed to perform steps to allow the input and storage of one or

22  more additional category descriptions and/or identifiers to the plurality of user-defined category

23  descriptions and/or identifiers already stored in the computer system of the Amazon website, as

24  described herein at Paragraphs 46-50.

25             f)      **Element (e) of Claim 15 of the '360 Patent**

26         75.    Upon information and belief, the Amazon website contained linking category

27  descriptions, e.g., category descriptions that are associated with one or more other category

28

1    descriptions (linked category descriptions), such that, when the linking category description is

2    associated with a file, such file must also be associated with one or more of these other category

3    descriptions.

4           76.     Upon information and belief, the Amazon website also contained linked category

5    descriptions, e.g., a category description that is associated with one or more other category

6    descriptions (linking category descriptions) such that, when a linking category description is

7    associated with a file, at least one of the category descriptions (linked category descriptions) that are

8    associated with the linking category descriptions are also associated with the file.

9           77.     An example of a linking category description contained in the computer system of the

10   Amazon website is the term "Brand," as depicted and described above in Paragraphs 42-43 herein.

11   Upon information and belief, when the term "Brand" is associated with a file, that file must also be

12   associated with one or more other category descriptions, such as a specific brand name, for example,

13   "Canon," "Casio," or "Fuji," as depicted above in Paragraph 42 herein.

14          78.     Examples of linked category descriptions contained in the computer system of the

15   Amazon website are the terms "Canon," "Casio," and "Fuji," as depicted and described above in

16   Paragraphs 42-43 herein.  Upon information and belief, when the term "Brand" is associated with a

17   file, that file must also be associated with one or more other category descriptions, such as a specific

18   brand name, for example, "Canon," "Casio," or "Fuji," as depicted above in Paragraph 42.

19          79.     Upon information and belief, the computer system of the Amazon website comprised,

20   among other things, the means plus function limitation of a "category linking means for linking at

21   least one linking category description to at least one linked category description, such that if a

22   specific file is associated with a linking category description, the user must also associate that

23   specific file with at least one of the linked category descriptions corresponding to the linking

24   category description," which, as disclosed in the specification of the '360 patent, is at least a general

25   purpose computer that was programmed to perform steps to allow one or more category descriptions

26   stored in the plurality of category descriptions to be characterized as a linking category description

27   and associating such characterization with the category description; allowing one or more category

28

descriptions stored in the plurality of category descriptions in the system to be characterized as a linked category description; and associating each linking category description with one or more linked category descriptions.  Upon information and belief, if a file is associated with a linking category description, then Amazon also associates that file with one of the linked category descriptions corresponding to the linked category description, as described herein at Paragraphs 46-50.

6.      **CLAIM 20 OF THE '360 PATENT**

a)      **Preamble of Claim 20 of the '360 Patent**

80.    Amazon performed a method for accessing files in the data storage system of the computer system that comprised its website.  As discussed above in Paragraphs 33-34 herein, the Amazon computer system had means for reading and writing data from the data storage system, displaying information, and accepting user input.  As discussed above in Paragraphs 36-38, the files located on the Amazon data storage system had a file name, e.g., "CNMS3ISPWRSHOT Digital Camera, 6.0Megapixel,12x Optical Zoom, Movie Mode, BK."

b)      **Step (a) of Claim 20 of the '360 Patent**

81.    As discussed above in Paragraphs 42-45 herein, Amazon initially (i.e., before steps (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other.

c)      **Step (b) of Claim 20 of the '360 Patent**

82.    As discussed above in Paragraphs 46-50 herein, Amazon thereafter (i.e., after performing step (a) of claim 1) accepted user input (i.e., input from an Amazon person or other computers) associating with a file at least one category description from at least one defined list.  Upon information and belief, Amazon associated *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of

-29-

something about a stored file (option 2).  To the extent that Amazon's website operates using option 1, Amazon literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360 patent.  To the extent that Amazon's website operates using option 2, Amazon meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

### d)      Step (c) of Claim 20 of the '360 Patent

83.      As discussed above in Paragraphs 46-50 herein, Amazon stored in the data storage system of the computer system of its website a file record containing at least the file name, file location information, and the associated category descriptions for the file.  As discussed above, Amazon operated using either option 1 or option 2 described in the Paragraph above.

### e)      Step (d) of Claim 20 of the '360 Patent

84.      As discussed above in Paragraphs 51-62 herein, Amazon's website displayed from each defined list, as selectable items, only those category descriptions associated with at least one file.

### f)      Step (e) of Claim 20 of the '360 Patent

85.      As discussed above in Paragraphs 51-62 herein, Amazon's computer system of its website accepted user positional input defining a search filter of at least one category description selected from at least one displayed defined list.

### g)      Step (f) of Claim 20 of the '360 Patent

86.      As discussed above in Paragraphs 51-62 herein, Amazon's computer system for its website automatically disabled, in the computer system, selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined search filter.

### h)      Step (g) of Claim 20 of the '360 Patent

87.      As discussed above in Paragraphs 51-62, Amazon searched, in its computer system of its website, the category descriptions of each stored file record for a logical match to the category descriptions of the defined search filter.

1               i)      **Step (h) of Claim 20 of the '360 Patent**

2          88.      As discussed and depicted above in Paragraph 69, Amazon displayed the file names of

3    all file records having category descriptions that logically match each category description of the

4    defined search filter.

5          **7.      CLAIM 21 OF THE '360 PATENT**

6          89.      As discussed above in Paragraphs 63-64 herein, Amazon, via the computer system for

7    its website, accepted user input selecting at least one file from the displayed file names and it

8    accessed each selected file on its data storage system using the file location information from the file

9    record associated with each corresponding selected file.

10         **8.      CLAIM 22 OF THE '360 PATENT**

11         90.      As discussed above in Paragraphs 51-62 herein, upon information and belief, the

12   category descriptions of the search filter are logically combined in the search filter.  Further, upon

13   information and belief, the set of category descriptions that are logically combined in the search

14   filter were selected by choosing one category description at a time, in any order as discussed above

15   in Paragraphs 51-62 and 66.

16   **B.      INDIRECT INFRINGEMENT OF THE '360 PATENT BY AMAZON**

17         91.      Upon information and belief, at all times during the time period starting on September

18   23, 2003 up to and including August 6, 2013, Defendant Amazon indirectly infringed claims 1-2, 7,

19   11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others,

20   including, but not limited to, visitors to its websites in the United States who searched for products

21   available for sale on the websites by selecting pre-defined categories descriptive of the products.

22   Amazon's acts of inducing infringement were conducted with knowledge of the '360 patent, and,

23   upon information and belief, with knowledge that such acts by visitors to its websites would

24   constitute direct infringement of claims of the '360 patent.

25         92.      Upon information and belief, at all times during the time period starting on September

26   23, 2003 up to and including August 6, 2013, Defendant Amazon indirectly infringed claims 1-2, 7,

27   11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its

28

-31-

1   websites in the United States, the use of software for use in practicing the patented process(es) of the

2   '360 patent and constituting a material part of the invention, knowing the same to be especially

3   made or especially adapted for use in an infringement of the '360 patent, and not a staple article or

4   commodity of commerce suitable for substantial non-infringing use.  Amazon's acts of contributory

5   infringement were conducted with knowledge of the '360 patent, and, upon information and belief,

6   with knowledge that acts by visitors to its websites when using Amazon's website would constitute

7   direct infringement of claims of the '360 patent.

8       93.     Upon information and belief, Defendant Amazon's foregoing acts of direct and

9   indirect infringement were willful.

10      94.     As a result of Defendant Amazon's infringement, Plaintiff SpeedTrack has suffered

11  monetary damages in an amount not yet determined.

12                      **V.    SECOND CLAIM FOR RELIEF**

13              **Against Defendants Barnesandnoble.com, LLC and Barnesandnoble.com, Inc.**
                **For Infringement Of U.S. Patent No. 5,544,360**

14

15      95.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4, 6-

16  7, and 22-29 of this Complaint as though fully set forth herein.  With respect to its claims for relief

    in this action against Barnes & Noble, SpeedTrack represents and admits that it has no legal right to
17
    pursue such claims against Barnes & Noble based on its use of Endeca's (now Oracle's) Information
18
    Access Platform.  This representation and admission does not extend to Barnes & Noble's use of
19
    any software, hardware, and/or data that is not Endeca's (now Oracle's) Information Access
20
    Platform.  Upon information and belief, Barnes & Noble first used the Endeca Information Access
21
    Platform software on or around June 7, 2002.  Upon information and belief, Barnes & Noble began
22
    phasing out Endeca in approximately September 2008; however, some Endeca "Browse Books by
23
    Subject" pages likely remained on bn.com until approximately September 2011 when Barnes &
24
    Noble ceased using Endeca for any aspect of the website.
25
        96.     Upon information and belief, at all times during the time period starting on or about
26
    September 2008 up to and including August 6, 2013, Defendant Barnes & Noble directly infringed
27
    claims 1-2, 7, 11, 15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by
28

making, using, selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to the websites to search for products available for sale (i.e., search for files stored in a data storage system) by selecting pre-defined categories descriptive of the products, including, but not limited to, the website at http://www.barnesandnoble.com (aka http://www.bn.com) (hereinafter "www.barnesandnoble.com").  SpeedTrack's allegations are not limited to www.barnesandnoble.com, but rather include all websites owned and/or operated by Barnes & Noble during the time period starting on or about September 2008 up to and including August 6, 2013 that operated in essentially the same manner as www.barnesandnoble.com with respect to the infringement allegations contained herein that did not use Endeca's (now Oracle's) Information Access Platform.  Although SpeedTrack's allegations herein are descriptive of www.barnesandnoble.com, such allegations are equally applicable to all websites owned and/or operated by Barnes & Noble during the time period starting on or about September 2008 up to and including August 6, 2013 that operated in essentially the same manner as www.barnesandnoble.com with respect to the infringement allegations contained herein that did not use Endeca's (now Oracle's) Information Access Platform.  In its allegations below pertaining to direct and indirect infringement of the '360 patent by Barnes & Noble, SpeedTrack uses, as examples only, screenshots from Barnes & Noble's website that were taken on May 11, 2016 and May 16, 2016 as it was operated in April, May, and June, 2013, as saved by the website www.archive.org.  Upon information and belief, with respect to SpeedTrack's allegations of infringement of the '360 patent herein, Barnes & Noble's website operated in the same or essentially the same manner at all times during the time period starting on or about September 2008 up to and including August 6, 2013 with respect to the infringement allegations contained herein that did not use Endeca's (now Oracle's) Information Access Platform.

97.     SpeedTrack first gave written notice to Barnes & Noble of the '360 patent and of Barnes & Noble's infringement of the '360 patent prior to June 1, 2007.

**A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY BARNES & NOBLE**

      **1.      CLAIM 1 OF THE '360 PATENT**

           **a)      Preamble of Claim 1 of the '360 Patent**

98.     Barnes & Noble owns and operates a website located on the Internet at http://www.barnesandnoble.com.  Upon information and belief, Barnes & Noble's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage systems, and one or more computers used by Barnes & Noble to interact with the web servers and the data storage systems (hereinafter collectively "Barnes & Noble's website").

99.     Upon information and belief, the computer system of Barnes & Noble's website has, among other things: (1) means for reading and writing data from the data storage system including device drivers (the software that controls the data storage system including formatting data) and associated hardware; (2) means for displaying information (computer displays); and (3) means for accepting user input (keyboard or mouse, and associated driver(s)).

100.    Customers and potential customers, who are at a location that is remote from Barnes & Noble's computer system of its website, use their computers to communicate with Barnes & Noble's website.

101.    Upon information and belief, Barnes & Noble stored many files on these data storage systems for the various products offered for sale by Barnes & Noble or its partners on www.barnesandnoble.com.  For example, upon information and belief, for each product offered for sale on the Barnes & Noble website, there is at least one file, i.e., collection of data or information stored on Barnes & Noble's computer system, for such product.  The collection of data or information includes text pertaining to the product and/or one or more pictures of the product.

102.    Barnes & Noble interacts with the web servers and the data storage systems of its website in order to, among other things, permit the creation and editing of data for the files in the data storage system.  A true and correct screenshot of the Barnes & Noble webpage as it was on June 9, 2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 16, 2016 showing the book The Outsider: A Memoir, by Jimmy Connors offered for sale by Barnes &

Noble, with a red box added, is reproduced below.  Upon information and belief, the Barnes &
Noble website contained the file for the book <u>The Outsider: A Memoir</u>, by Jimmy Connors (or
similar files).  An example of the collection of information or data (or at least a portion thereof) that
comprises a file stored on Barnes & Noble's computer system is depicted below in the red box
below:



103.   Upon information and belief, during the time period starting on or about September
2008 up to and including August 6, 2013 each file stored on Barnes & Noble's data storage system
had a file name.  For example, for the file depicted above, the file name is "The Outsider: A
Memoir."

      **b)**      **Step (a) of Claim 1 of the '360 Patent**

104.   Step (a) of claim 1 of the '360 patent requires that a "category description table" be
initially created in the computer system.  Upon information and belief, during the time period
starting on or about September 2008 up to and including August 6, 2013, Barnes & Noble defined a
number of category descriptions in the computer system of its website prior to its creation of a file
information directory (step (b)) and prior to its creation of a search filter (step (c)).

-35-

105.    For example, Barnes & Noble configured its website for the sale of books, among other things.  A customer or potential customer ("user") who visited Barnes & Noble's website (www.barnesandnoble.com) on or about April 24, 2013 would have instructed the Barnes & Noble website to display the Barnes & Noble landing page in his or her browser.  A true and correct screenshot taken on May 11, 2016 of the landing page of www.barnesandnoble.com with the red oval being added is reproduced below as it was on April 24, 2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 11, 2016:



106.    Upon reaching the above webpages, a user looking for biographical books about sports figures could have clicked the "Books" link in the red ovals above, thereby instructing Barnes & Noble's website to display the below webpage in the user's browser.  A true and correct screenshot taken on May 11, 2016 of the web page displayed after selecting the link "Books" with the red oval being added is reproduced below as it was on April 24, 2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 11, 2016:



107.   Upon reaching the above webpages, the user looking for biographical books about sports figures could have clicked the link "Biography," thereby instructing Barnes & Noble's website to display the below webpage in the user's browser.  The below webpages are true and correct screenshots taken on or about May 11, 2016 of the webpage displayed after selecting "Biography" on Barnes & Noble's webpage as it was on May 1, 2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 11, 2016 with the red oval being added:



108.    On the above webpages, Barnes & Noble presented to the user a list, on the left side of the screen, of a plurality of additional linked names that are descriptive of something about at least one of Barnes & Noble's stored files (i.e., descriptions in alphabetic form), including, but not limited to, "Best Sellers," "New Releases," "Coming Soon," "Art Biography," "Authors & Writers," "Business Biography," "Celebrity Biography," "Doctors & Patients," "Family Memoirs," "General & Miscellaneous Biography," "Historical Biography," Kitchen Memoirs," Law & Order," "Literary Biography," "Military Biography," Music Biography," "News & Media," "Political Biography," "Religious Biography," "Scientists, Inventors & Naturalists," "Social Scientists & Scholars," "Sports & Adventure," "Women's Biography," "World Biography," "Formats," "Hardcover," "Paperback," "Audio Books," "NOOK Books," "Large Print," "Price Range," "Under $10," "$10-$25," "$25 - $50," "Over $50."  These terms, and the terms "Books" and "Biography" from the above webpages, are descriptive of something about at least one of Barnes & Noble's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

109.    Upon information and belief, Barnes & Noble created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

110.    Upon information and belief, the category descriptions contained in the category description table created by Barnes & Noble have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

c)    **Step (b) of Claim 1 of the '360 Patent**

111.    Upon information and belief, after Barnes & Noble creates the category description table in the computer system of its website (step (a)) and before Barnes & Noble creates a search filter in the computer system of its website (step (b)), Barnes & Noble created a directory in the computer system of its website comprising information corresponding to at least one file on the data storage system of the Barnes & Noble website.  Upon information and belief, this directory has,

-39-

1   among other things, a plurality of entries, wherein each entry corresponds to at least one file stored

2   on Barnes & Noble's data storage system of its website and wherein the files contained information

3   for the products offered for sale on Barnes & Noble's website.  This directory is hereinafter referred

4   to as a "file information directory."

5        112.   Upon information and belief, each entry of Barnes & Noble's file information

6   directory also included a unique identifier for each corresponding file, which may include a file

7   name for the file.

8        113.   Upon information and belief, each entry of Barnes & Noble's file information

9   directory corresponding to a file on Barnes & Noble's data storage system also included *either*: (1)

10  information selected from the category description table that includes a description in alphabetic

11  form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated

12  with, and therefore representative of, information stored in the category description table that

13  includes a description in alphabetic form of something about a stored file (option 2).  To the extent

14  that Barnes & Noble's website operates using option 1, Barnes & Noble literally meets this element

15  of step (b) of claim 1 and literally infringes the claims of the '360 patent.  To the extent that Barnes

16  & Noble's website operates using option 2, Barnes & Noble meets this element of step (b) of claim

17  1 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of

18  equivalents.

19       114.   Upon information and belief, Barnes & Noble's file information directory contained,

20  for example, an entry for the file for the book The Outsider: A Memoir, by Jimmy Connors and,

21  upon information and belief, such file had a file name, "The Outsider: A Memoir."  Upon

22  information and belief, this entry in Barnes & Noble's file information directory did not contain the

23  file itself, but instead contained, among other things, a unique identifier for the file, such as, for

24  example, information for the location of the file in Barnes & Noble's data storage system.

25       115.   Upon information and belief, this entry in Barnes & Noble's file information directory

26  also contained *either*: (1) information selected from the category description table that includes a

27  description in alphabetic form of something about a stored file, such as, for example, "Biography,"

28

-40-

1  "Sports & Adventure," "Hardcover," and "$10 - $25" (option 1); *or* (2) a set of identifiers, each

2  uniquely associated with, and therefore representative of, information stored in the category

3  description table that includes a description in alphabetic form of something about a stored file, such

4  as, for example, identifiers that are uniquely associated with, and therefore representative of,

5  "Biography," "Sports & Adventure," "Hardcover," and "$10 - $25" (option 2).

**d)     Step (c) of Claim 1 of the '360 Patent**

7  116.   After Barnes & Noble created the category description table in the computer system of

8  its website (step (a)) and after Barnes & Noble created the file information directory in the computer

9  system of its website (step (b)), the user of Barnes & Noble's website engages in a search for a

10  biography book by instructing the Barnes & Noble website to create within its computer system one

11  or more search filters.  Starting at Barnes & Noble's landing page (www.barnesandnoble.com), the

12  user could have selected "Books" and "Biography," as demonstrated above in Paragraphs 104-108,

13  which would instruct Barnes & Noble's website to present the user with lists of category

14  descriptions, as also demonstrated above in Paragraphs 107-108.

15  117.   For example, from the webpage that Barnes & Noble displays after the user selects

16  "Biography," the user could have first selected the category description "Sports & Adventure"

17  which corresponds to books in "Biography & Memoir."  Alternatively, the user could have selected

18  any other available category description.  A true and correct screenshot taken on or about May 11,

19  2016 of the webpage displayed after selecting "Biography" as it was on May 1, 2013, as obtained

20  from the Wayback Machine website (https://archive.org/web/) on May 11, 2016 with the red oval

21  being added is reproduced below:

1
2
3
4
5
6
7
8
9
10
11
12
13



14

15    118.    Upon information and belief, selection by the user of the category description "Sports

16  & Adventure" from the webpages depicted above instructed the computer system of the Barnes &

17  Noble website to create a search filter and conduct a search of the information stored in the Barnes

18  & Noble website for all books categorized as sports and adventure biographies by Barnes & Noble

19  by, upon information and belief, searching the category descriptions of each stored entry in the file

20  information directory for a logical match to the category descriptions of the defined search filter.

21  Accordingly, upon information and belief, Barnes & Noble created a filter in the computer system of

22  its website to search for all files associated with the category description "Sports & Adventure," as a

23  category of book, hereinafter referred to as a "search filter."

24    119.    Upon information and belief, for the category description "Sports & Adventure," as a

25  book, that comprises the above-described search filter, there is guaranteed to be at least one entry in

26  the Barnes & Noble file information directory associated with those category descriptions, because

27  the Barnes & Noble website only presented category descriptions to the user for which such entries

28

1    existed, i.e., the Barnes & Noble website did not present any category descriptions to the user for

2    which no such entries existed.

3           120.   Upon application of the search filter by Barnes & Noble, the Barnes & Noble

4    computer system returned a webpage to the user showing, upon information and belief, the matching

5    sports and adventure biography books together with the remaining category descriptions that match

6    the sports and adventure biography books.  The Barnes & Noble computer system further removed

7    all other category descriptions that are unrelated to the political biography books as were previously

8    associated by Barnes & Noble in the file information directory, making such removed category

9    descriptions unselectable.  True and correct screenshots taken on or about May 16, 2016 of the

10   webpage displayed after selecting the category description "Political Biography" as it was on May 8,

11   2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 16, 2016

12   with the red oval being added are reproduced below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15   121.   From the webpage returned to the user by the Barnes & Noble website after the

16 Barnes & Noble computer system created and applied the search filter having the category

17 description "Sports & Adventure," the user could have next selected the category description

18 "Hardcover" which corresponds to a hardcover sports and adventure biography book in the Barnes

19 & Noble computer system.  Alternatively, the user could have selected any other available category

20 description.

21   122.   Upon information and belief, selection by the user of the category description

22 "Hardcover" from the webpage depicted above instructed the computer system of the Barnes &

23 Noble website to create and conduct a search of the information stored in the Barnes & Noble

24 website for all "Sports & Adventure" biography books that are also "Hardcover" books.

25 Accordingly, Barnes & Noble created a filter in the computer system of its website to search for all

26 biography books that are both "Sports & Adventures" books *and* are "Hardcover" books by, upon

27 information and belief, searching the category descriptions of each stored entry in the file

28 information directory for a logical match to the category descriptions of the defined search filter.

-44-

1    Thus, upon information and belief, the Barnes & Noble website searched for both category

2    descriptions with the "and" logical connector, all of which comprised the "search filter" in this

3    instance.

4            123.    Upon information and belief, for the category descriptions "Sports & Adventure"

5    books and "Hardcover" books joined by the connector "and" (the search filter in this instance), there

6    is guaranteed to be at least one entry in the Barnes & Noble file information directory for a book

7    having been associated by Barnes & Noble with both the category descriptions "Sports &

8    Adventure" and "Hardcover," because the Barnes & Noble website only presented category

9    descriptions to the user for which such entries existed, i.e., the Barnes & Noble website did not

10   present any category descriptions to the user for which no such entries existed.

11           124.    Upon application of this search filter by Barnes & Noble, the Barnes & Noble

12   computer system returned to the user a webpage showing, upon information and belief, the matching

13   sports and adventure, hardcover biography books together with the remaining category descriptions

14   that match such books.  The Barnes & Noble computer system further, upon information and belief,

15   removed all other category descriptions that are unrelated to the sports and adventure, hardcover

16   biography books as were previously associated by Barnes & Noble in the file information directory.

17           125.    From the webpage returned to the user by the Barnes & Noble website after the

18   Barnes & Noble computer system created and applied the search filter having the category

19   descriptions "Sports & Adventure" and "Hardcover," the user could have next selected the category

20   description "$10-$25" to further narrow the search.  For the reasons described above, the Barnes &

21   Noble computer system, upon information and belief, creates a search filter comprising these three

22   category descriptions and two "and" logical connectors: "Sports & Adventure" and "Hardcover" and

23   "$10-$25" and, for the reasons discussed above, the Barnes & Noble computer system of its website

24   guaranteed at least one entry in the Barnes & Noble file information directory associated with these

25   three category descriptions because the Barnes & Noble website only presented category

26   descriptions to the user for which such entries existed.

27

28

Second Amended and Supplemental
                                                                        Complaint for Patent Infringement

1    126.   Upon application of this search filter by Barnes & Noble, the Barnes & Noble

2  computer system returned to the user a webpage showing, upon information and belief, the matching

3  sports and adventure, hardcover biographies that are between $10-$25 together with the remaining

4  category descriptions that match these category descriptions by, upon information and belief,

5  searching the category descriptions of each stored entry in the file information directory for a logical

6  match to the category descriptions of the defined search filter.

7    127.   The Barnes & Noble computer system further removed all other category descriptions

8  that are unrelated to the "$10-$25" as were previously associated by Barnes & Noble in the file

9  information directory.

10    128.   From the webpage returned to the user by the Barnes & Noble website after the

11  Barnes & Noble computer system created and applied the search filter having the category

12  descriptions "Sports & Adventure," "Hardcover," and "$10- $25," the user could, upon information

13  and belief, have next selected any available category description to further narrow the search.

14    129.   At this point, the user could have determined that he or she has searched enough to

15  locate the desired book, The Outsider: A Memoir, by Jimmy Connors and thus could select the link

16  "The Outsider: A Memoir" to view the file for that book as shown in Paragraph 102 herein.

17    130.   These were not the only search filters that the user could have instructed Barnes &

18  Noble's computer system to create to locate the file for the book The Outsider: A Memoir.  For

19  example, upon information and belief, the user could have selected other category descriptions, such

20  as, "$10-$25," then "Hardcover," then "Biography," then "Sports & Adventure" to reach this book.

21        **2.       CLAIM 2 OF THE '360 PATENT**

22    131.   Upon information and belief, if Barnes & Noble follows option 2 described above in

23  Paragraph 113, then the category descriptions in Barnes & Noble's computer system include a "user

24  defined category name" (where the user (person or other computer) is Barnes & Noble, which

25  chooses and identifies category names) and a "unique category description identifier" created by the

26  Barnes & Noble computer system.

27

28

### 3.    CLAIM 7 OF THE '360 PATENT

132.   As discussed and depicted above in Paragraphs 116-128 herein, the Barnes & Noble computer system creates search filters, and, when it does so, it disables category descriptions which, if added to the search filter, would not match the category descriptions of at least one entry in the file information directory.  The Barnes & Noble computer system further accepts user input selecting at least one category description as a component of the search filter.

### 4.    CLAIM 11 OF THE '360 PATENT

133.   Upon information and belief, if Barnes & Noble follows option 2 described above in Paragraph 113, each category description comprises a user defined category description name and a unique category description identifier created by the computer system.  Further, the computer system of the Barnes & Noble website displayed the name of each file in the file information directory having category description identifiers matching the category description identifiers of the category descriptions in the search filter, as shown in the example below, for the search filter including the category descriptions "Biography" and "Political Biography."  The below is a true and correct screenshot taken on or about May 16, 2016 as it was on April 26, 2013, as obtained from the Wayback Machine website (https://archive.org/web/) on May 16, 2016 of the webpage displayed by Barnes & Noble for the search filter comprising the category descriptions "Biography" and "Sports & Adventure."  The red oval has been added to show, upon information and belief, the file name for one of the matching files:

-47-



### 5.      CLAIM 15 OF THE '360 PATENT

#### a)      Preamble of Claim 15 of the '360 Patent

134.    As discussed in more detail in Paragraphs 98-101 herein, Barnes & Noble owns and operates a website located on the Internet at http://www.barnesandnoble.com.   Upon information and belief, Barnes & Noble's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by Barnes & Noble to interact with the web servers and the data storage systems.  Barnes & Noble stores files in its data storage system and such files were accessible by Barnes & Noble.

#### b)      Element (a) of Claim 15 of the '360 Patent

135.    As discussed in more detail in Paragraph 101 herein, upon information and belief, Barnes & Noble's website stores a plurality of files in its data storage system.

#### c)      Element (b) of Claim 15 of the '360 Patent

136.    As discussed in more detail in Paragraphs 104-110 herein, upon information and belief, Barnes & Noble, as a user (person or another computer), chooses and identifies a plurality of category descriptions, wherein each category description comprises a descriptive name, and wherein

-48-

the category descriptions have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

### d)      Element (c) of Claim 15 of the '360 Patent

137.   Upon information and belief, the computer system of the Barnes & Noble website comprises, among other things, the means plus function limitation of a "file association means for associating at least one file with at least one category description selected from the plurality of previously defined category descriptions," which, as disclosed in the specification of the '360 patent, is at least a general purpose computer that was programmed to perform steps to associate at least one file, or an identifier for such file, with at least one category description and/or unique identifier associated with a category description that is selected from the plurality of previously defined category descriptions and to store, in a directory, the file or its identifier and the associated category descriptions and/or their identifiers, as described herein at Paragraphs 111-115.

### e)      Element (d) of Claim 15 of the '360 Patent

138.   Upon information and belief, the computer system of the Barnes & Noble website comprised, among other things, the means plus function limitation of a "category linking means for linking at least one linking category description to at least one linked category description, such that if a specific file is associated with a linking category description, the user must also associate that specific file with at least one of the linked category descriptions corresponding to the linking category description," which, as disclosed in the specification of the '360 patent, is at least a general purpose computer that was programmed to perform steps to allow the input and storage of one or more additional category descriptions and/or identifiers to the plurality of user-defined category descriptions and/or identifiers already stored in the computer system of the Barnes & Noble website, as described herein at Paragraphs 111-115.

1

**f)     Element (e) of Claim 15 of the '360 Patent**

2

139.   Upon information and belief, the Barnes & Noble website contained linking category

3

descriptions, e.g., category descriptions that are associated with one or more other category

4

descriptions (linked category descriptions), such that, when the linking category description is

5

associated with a file, such file must also be associated with one or more of these other category

6

descriptions.

7

140.   Upon information and belief, the Barnes & Noble website also contained linked

8

category descriptions, e.g., a category description that is associated with one or more other category

9

descriptions (linking category descriptions) such that, when a linking category description is

10

associated with a file, at least one of the category descriptions (linked category descriptions) that are

11

associated with the linking category descriptions are also associated with the file.

12

141.   An example of a linking category description contained in the computer system of the

13

Barnes & Noble website is the term "Prices."  Upon information and belief, when the term "Prices"

14

is associated with a file, that file must also be associated with one or more other category

15

descriptions, such as a price range, for example, "Under $10," "$10 - $25," "$25 - $50," or "Over

16

$50."

17

142.   Examples of linked category descriptions contained in the computer system of the

18

Barnes & Noble website are the terms "Under $10," "$10 - $25," "$25 - $50," and "Over $50."Upon

19

information and belief, when the term "Prices" is associated with a file, that file must also be

20

associated with one or more other category descriptions, such as a specific brand name, for example,

21

"Under $10," "$10 - $25," "$25 - $50," or "Over $50."

22

143.   Upon information and belief, the computer system of the Barnes & Noble website

23

comprised, among other things, the means plus function limitation of a "category linking means for

24

linking at least one linking category description to at least one linked category description, such that

25

if a specific file is associated with a linking category description, the user must also associate that

26

specific file with at least one of the linked category descriptions corresponding to the linking

27

category description," which, as disclosed in the specification of the '360 patent, is at least a general

28

-50-

purpose computer that was programmed to perform steps to allow one or more category descriptions stored in the plurality of category descriptions to be characterized as a linking category description and associating such characterization with the category description; allowing one or more category descriptions stored in the plurality of category descriptions in the system to be characterized as a linked category description; and associating each linking category description with one or more linked category descriptions.  Upon information and belief, if a file is associated with a linking category description, then Barnes & Noble also associates that file with one of the linked category descriptions corresponding to the linked category description, as described herein at Paragraphs 111-115.

### 6.     CLAIM 20 OF THE '360 PATENT

#### a)     Preamble of Claim 20 of the '360 Patent

144.   Barnes & Noble performed a method for accessing files in the data storage system of the computer system that comprised its website.  As discussed above in Paragraphs 98-99 herein, the Barnes & Noble computer system had means for reading and writing data from the data storage system, displaying information, and accepting user input.  As discussed above in Paragraphs 102-103, the files located on the Barnes & Noble data storage system had a file name, e.g., "The Outsider: A Memoir."

#### b)     Step (a) of Claim 20 of the '360 Patent

145.   As discussed above in Paragraphs 104-110 herein, Barnes & Noble initially (i.e., before steps (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other.

#### c)     Step (b) of Claim 20 of the '360 Patent

146.   As discussed above in Paragraphs 111-115 herein, Barnes & Noble thereafter (i.e., after performing step (a) of claim 1) accepted user input (i.e., input from a Barnes & Noble person or other computers) associating with a file at least one category description from at least one defined list.  Upon information and belief, Barnes & Noble associated *either*: (1) information selected from

the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of something about a stored file (option 2).  To the extent that Barnes & Noble's website operates using option 1, Barnes & Noble literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360 patent.  To the extent that Barnes & Noble's website operates using option 2, Barnes & Noble meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

### d)      Step (c) of Claim 20 of the '360 Patent

147.   As discussed above in Paragraphs 111-115 herein, Barnes & Noble stored in the data storage system of the computer system of its website a file record containing at least the file name, file location information, and the associated category descriptions for the file.  As discussed above, Barnes & Noble operated using either option 1 or option 2 described in the Paragraph above.

### e)      Step (d) of Claim 20 of the '360 Patent

148.   As discussed above in Paragraphs 116-128 herein, Barnes & Noble's website displayed from each defined list, as selectable items, only those category descriptions associated with at least one file.

### f)      Step (e) of Claim 20 of the '360 Patent

149.   As discussed above in Paragraphs 116-128 herein, Barnes & Noble's computer system of its website accepted user positional input defining a search filter of at least one category description selected from at least one displayed defined list.

### g)      Step (f) of Claim 20 of the '360 Patent

150.   As discussed above in Paragraphs 116-128 herein, Barnes & Noble's computer system for its website automatically disabled, in the computer system, selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined search filter.

**h)**   **Step (g) of Claim 20 of the '360 Patent**

151.   As discussed above in Paragraphs 116-128, Barnes & Noble searched, in its computer system of its website, the category descriptions of each stored file record for a logical match to the category descriptions of the defined search filter.

**i)**   **Step (h) of Claim 20 of the '360 Patent**

152.   As discussed and depicted above in Paragraphs 116-128, Barnes & Noble displayed the file names of all file records having category descriptions that logically match each category description of the defined search filter.

**7.**   **CLAIM 21 OF THE '360 PATENT**

153.   As discussed above in Paragraphs 128-129 herein, Barnes & Noble, via the computer system for its website, accepted user input selecting at least one file from the displayed file names and it accessed each selected file on its data storage system using the file location information from the file record associated with each corresponding selected file.

**8.**   **CLAIM 22 OF THE '360 PATENT**

154.   As discussed above in Paragraphs 116-128 herein, upon information and belief, the category descriptions of the search filter are logically combined in the search filter.  Further, upon information and belief, the set of category descriptions that are logically combined in the search filter were selected by choosing one category description at a time, in any order as discussed herein in Paragraphs 116-128 and 130.

**B.**   **INDIRECT INFRINGEMENT OF THE '360 PATENT BY BARNES & NOBLE**

155.   Upon information and belief, at all times during the time period starting on or about September 2008 up to and including August 6, 2013, Defendant Barnes & Noble indirectly infringed claims 1-2, 7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites in the United States who searched for products available for sale on the websites by selecting pre-defined categories descriptive of the products.  Barnes & Noble's acts of inducing infringement were conducted with knowledge of the

1    '360 patent, and, upon information and belief, with knowledge that such acts by visitors to its

2    websites would constitute direct infringement of claims of the '360 patent.

3           156.   Upon information and belief, at all times during the time period starting on or about

4    September 2008 up to and including August 6, 2013, Defendant Barnes & Noble indirectly infringed

5    claims 1-2, 7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors

6    to its websites in the United States, the use of software for use in practicing the patented process(es)

7    of the '360 patent and constituting a material part of the invention, knowing the same to be

8    especially made or especially adapted for use in an infringement of the '360 patent, and not a staple

9    article or commodity of commerce suitable for substantial non-infringing use.  Barnes & Noble's

10   acts of contributory infringement were conducted with knowledge of the '360 patent, and, upon

11   information and belief, with knowledge that acts by visitors to its websites when using Barnes &

12   Noble's website would constitute direct infringement of claims of the '360 patent.

13          157.   Upon information and belief, Defendant Barnes & Noble's foregoing acts of direct

14   and indirect infringement were willful.

15          158.   As a result of Defendant Barnes & Noble's infringement, Plaintiff SpeedTrack has

16   suffered monetary damages in an amount not yet determined.

### VI.    THIRD CLAIM FOR RELIEF

### Against Defendant J & R For Infringement Of U.S. Patent No. 5,544,360

19          159.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4, 8,

20   and 22-29 of this Complaint as though fully set forth herein.

21          160.   Upon information and belief, at all times during the time period starting on September

22   23, 2003 up to and including August 6, 2013, Defendant J & R directly infringed claims 1-2, 7, 11,

23   15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

24   selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

25   the websites to search for products available for sale (i.e., search for files stored in a data storage

26   system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

27   the website at http://www.jr.com ("www.jr.com").  SpeedTrack's allegations are not limited to

28

-54-

1   www.jr.com, but rather include all websites owned and/or operated by J & R during the time period

2   starting on September 23, 2003 up to and including August 6, 2013 that operated in essentially the

3   same manner as www.jr.com with respect to the infringement allegations contained herein.

4   Although SpeedTrack's allegations herein are descriptive of www.jr.com, such allegations are

5   equally applicable to all websites owned and/or operated by J & R during the time period starting on

6   September 23, 2003 up to and including August 6, 2013 that operated in essentially the same

7   manner as www.jr.com with respect to the infringement allegations contained herein.

8       161.    SpeedTrack first gave written notice to J & R of the '360 patent and of J & R's

9   infringement of the '360 patent on or about December 20, 2006.

10   **A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY J & R**

11           **1.     CLAIM 1 OF THE '360 PATENT**

12                **a)     Preamble of Claim 1 of the '360 Patent**

13       162.    J & R owns and operates a website located on the Internet at http://www.jr.com.

14   Upon information and belief, J & R's website is hosted on a computer system comprising, among

15   other things, one or more web servers, one or more data storage systems, and one or more computers

16   used by J & R to interact with the web servers and the data storage systems (hereinafter collectively

17   "J & R's website").

18       163.    Upon information and belief, the computer system of J & R's website has, among

19   other things: (1) means for reading and writing data from the data storage system including device

20   drivers (the software that controls the data storage system including formatting data) and associated

21   hardware; (2) means for displaying information (computer displays); and (3) means for accepting

22   user input (keyboard or mouse, and associated driver(s)).

23       164.    Customers and potential customers, who are at a location that is remote from J & R's

24   computer system of its website, use their computers to communicate with J & R's website.

25       165.    Upon information and belief, J & R stores many files on these data storage systems for

26   the various products offered for sale by J & R or its partners on www.jr.com.  For example, upon

27   information and belief, for each product offered for sale on the J & R website, there is at least one

28

1    file, i.e., collection of data or information stored on J & R's computer system, for such product.  The

2    collection of data or information includes text pertaining to the product and/or one or more pictures

3    of the product.

4        166.   J & R interacts with the web servers and the data storage systems of its website in

5    order to, among other things, permit the creation and editing of data for the files in the data storage

6    system.  A true and correct screenshot taken on or about August 27, 2009 of the J & R webpage

7    showing the Sony HDR-CX100/R High Definition Handycam® Camcorder - Red offered for sale

8    by J & R, with a red box added, is reproduced below.  An example of the collection of information

9    or data (or at least a portion thereof) that comprises a file stored on J & R's computer system is

10   depicted below in the red box below:



Case No. 4:09-CV-04479-JSW                                  Second Amended and Supplemental
                                                            Complaint for Patent Infringement
1311385

1      167.   Upon information and belief, each file stored on J & R's data storage system has a file

2   name.  For example, for the file depicted above, the file name is "Sony HDR-CX100/R High

3   Definition Handycam® Camcorder - Red."

4          **b)     Step (a) of Claim 1 of the '360 Patent**

5      168.   Step (a) of claim 1 of the '360 patent requires that a "category description table" be

6   initially created in the computer system.  Upon information and belief, J & R defines a number of

7   category descriptions in the computer system of its website prior to its creation of a file information

8   directory (step (b)) and prior to its creation of a search filter (step (c)).

9      169.   For example, J & R configured its website for the sale of camcorders, among other

10  things.  A customer or potential customer ("user") who visited J & R's website (www.jr.com) on or

11  about August 27, 2009 would have instructed the J & R website to display the J & R landing page in

12  his or her browser.  A true and correct screenshot taken on or about August 27, 2009 of the landing

13  page of www.jr.com, with the red oval added, is reproduced below:



170.   Upon reaching the above webpage, a user looking for camcorders could have clicked

the link "Camcorders," thereby instructing J & R's website to display the below webpage in the

-57-

1   user's browser.  A true and correct screenshot taken on or about August 27, 2009 of the webpage

2   displayed after selecting "Camcorders" on www.jr.com, with the red oval added, is reproduced

3   below:



4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

20       171.   On the above webpage, J & R presented to the user a list, on the left side of the screen,

21   of a plurality of additional linked names that are descriptive of something about at least one of J &

22   R's stored files (i.e., descriptions in alphabetic form), including, but not limited to, "Brand," "Sony,"

23   "JVC," "Panasonic," "Canon," "Pure Digital," "Kodak," "Samsung," "Sanyo," "Coby," "RCA,"

24   "Samsung," "Sanyo," "Sony," "Veho," "Wolverine Data," "Special Offers," "Clearance," "Free

25   Shipping," "Open Box," "Price Drops," "Product Tour Available," "Rebate Available," "Most

26   Popular," "Top Rated," "Top Sellers," "Definition," "High Definition," "Standard Definition,"

27   "Light," "Built-in," "Optional External Light Required," "Recording Format," "DVD," "Flash

28   Memory," "Flash Memory with SDHC slot," "Hard Drive," "Hard Drive – DVD," "Hard Drive -

-58-

1   Memory Stick," "Hard Drive – MiniDV," "Hard Drive – SD," "Memory Stick," "MicroSD Card,"

2   "MiniDV," "SD Secure Digital Memory Card," "Still Image Capability," "Stores still images on

3   memory card," "Stores still images on video tape," "Yes," "Video Compatibility," "NTSC," "PAL,"

4   "Price," "$20 - $50," "$50 - $100," "$100 - $200," "$200 - $500," "$500 - $1,000," "$1,000 -

5   $1,500," "$1,500 - $2,000," "$2,000 and up," "Boutiques," "Home Video," "iPod," "J&R Jr.,"

6   "Mac," "Outdoor Fun," "Summer Weekend Getaway," "Advertised Specials," "AM New York,"

7   "New York Times," "Availability," "In Stock," "Promotions," and "MusicFest and Tech Expo

8   2009." These terms, and the term "Camcorders" from the above webpage, are descriptive of

9   something about at least one of J & R's stored files (i.e., descriptions in alphabetic form) and are

10  hereinafter referred to as "category descriptions."

11      172.   Upon information and belief, J & R created in its computer system a table containing

12  at least one list of at least the category descriptions identified in the paragraph above, which is

13  hereinafter referred to as a "category description table."

14      173.   Upon information and belief, the category descriptions contained in the category

15  description table created by J & R have no predefined hierarchical relationship with such list or each

16  other, i.e., they are not organized into a single tree structure in which category descriptions are

17  ranked into levels of subordination; each category description has zero, one, or more subordinates;

18  and no category description has more than one superordinate component.

19          c)   **Step (b) of Claim 1 of the '360 Patent**

20      174.   Upon information and belief, after J & R creates the category description table in the

21  computer system of its website (step (a)) and before J & R creates a search filter in the computer

22  system of its website (step (b)), J & R created a directory in the computer system of its website

23  comprising information corresponding to at least one file on the data storage system of the J & R

24  website.  Upon information and belief, this directory has, among other things, a plurality of entries,

25  wherein each entry corresponds to at least one file stored on J & R's data storage system of its

26  website and wherein the files contained information for the products offered for sale on J & R's

27  website.  This directory is hereinafter referred to as a "file information directory."

28

-59-

1       175.   Upon information and belief, each entry of J & R's file information directory also

2   included a unique identifier for each corresponding file, which may include a file name for the file.

3       176.   Upon information and belief, each entry of J & R's file information directory

4   corresponding to a file on J & R's data storage system also included *either*: (1) information selected

5   from the category description table that includes a description in alphabetic form of something about

6   a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore

7   representative of, information stored in the category description table that includes a description in

8   alphabetic form of something about a stored file (option 2).  To the extent that J & R's website

9   operates using option 1, J & R literally meets this element of step (b) of claim 1 and literally

10  infringes the claims of the '360 patent.  To the extent that J & R's website operates using option 2, J

11  & R meets this element of step (b) of claim 1 under the doctrine of equivalents and infringes the

12  claims of the '360 patent under the doctrine of equivalents.

13      177.   Upon information and belief, J & R's file information directory contained, for

14  example, an entry for the file for the Sony HDR-CX100/R High Definition Handycam® Camcorder

15  - Red ("Sony Camcorder") and, upon information and belief, such file had a file name, "Sony HDR-

16  CX100/R High Definition Handycam® Camcorder - Red."  Upon information and belief, this entry

17  in J & R's file information directory did not contain the file itself, but instead contained, among

18  other things, a unique identifier for the file, such as, for example, information for the location of the

19  file in J & R's data storage system.

20      178.   Upon information and belief, this entry in J & R's file information directory also

21  contained *either*: (1) information selected from the category description table that includes a

22  description in alphabetic form of something about a stored file, such as, for example, "Camcorders,"

23  "High Definition," "Sony," "$200-$500," and "Top Rated" (option 1); *or* (2) a set of identifiers,

24  each uniquely associated with, and therefore representative of, information stored in the category

25  description table that includes a description in alphabetic form of something about a stored file, such

26  as, for example, identifiers that are uniquely associated with, and therefore representative of,

27  ""Camcorders," "High Definition," "Sony," "$200-$500," and "Top Rated" (option 2).

28

1

        d)      **Step (c) of Claim 1 of the '360 Patent**

2        179.   After J & R created the category description table in the computer system of its

3   website (step (a)) and after J & R created the file information directory in the computer system of its

4   website (step (b)), the user of J & R's website engages in a search for a camcorder by instructing the

5   J & R to create within its computer system one or more search filters.  Starting at J & R's landing

6   page (www.jr.com), the user could have selected "Camcorders," as demonstrated above in

7   Paragraphs 169-170, which would instruct J & R's website to present the user with additional lists of

8   category descriptions, as also demonstrated above in Paragraphs 170-171.

9        180.   For example, from the webpage that J & R displays after the user selects "High

10  Definition," the user could have selected the category description "Sony" which corresponds to a

11  "Brand" of camcorders.  The J & R webpage includes the indication in the parenthetical next to the

12  term "Sony" of "(29)" meaning that, upon information and belief, at that time J & R had categorized

13  29 files on the computer system of its website as being high definition camcorders that were branded

14  "Sony" and stored entries for the files for those camcorders in its file information directory.

15  Alternatively, the user could have selected any other available category description.  A true and

16  correct screenshot taken on or about August 27, 2009 of the webpage displayed after selecting "High

17  Definition" with the red oval being added is reproduced below:

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:09-CV-04479-JSW                                    Second Amended and Supplemental
                                                             Complaint for Patent Infringement
1311385



181.    Upon information and belief, selection by the user of the category description "Sony" from the webpage depicted above instructed the computer system of the J & R website to create a search filter and conduct a search of the information stored in the J & R website for all "Sony" branded camcorders by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter.  Accordingly, upon information and belief, J & R created a filter in the computer system of its website to search for all files associated with the category descriptions "Camcorder" and "High Definition" and "Sony," together with two "and" logical connectors, which is hereinafter referred to as a "search filter."

182.   Upon information and belief, for the search filter having the category descriptions "Camcorders," "High Definition," and "Sony," there is guaranteed to be at least one entry in the J & R file information directory associated with those category descriptions, because the J & R website only presented category descriptions to the user for which such entries existed, i.e., the J & R

website did not present any category descriptions to the user for which no such entries existed.  This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero, which, upon information and belief, indicates that the number of files associated with that category description in the file information directory is greater than zero.

183.   Upon application of the search filter by J & R, the J & R computer system returned a webpage to the user showing, upon information and belief, the matching high definition Sony brand camcorders together with the remaining category descriptions that match the Sony brand camcorders.  The J & R computer system further removed all other category descriptions that are unrelated to the Sony brand camcorders as were previously associated by J & R in the file information directory, making such removed category descriptions unselectable.  A true and correct screenshot taken on or about August 27, 2009 of the webpage displayed after selecting the category description "Sony" with the red oval being added is reproduced below:



184.   From the webpage returned to the user by the J & R website after the J & R computer system created and applied the search filter having the category descriptions "Camcorders," "High Definition," and "Sony," the user could have next selected the category description "$200-$500" which corresponds to a price for the Sony brand high definition camcorders in the J & R computer system.  The J & R webpage includes the indication in the parenthetical next to the term "$200-$500" of "(3)" meaning that, upon information and belief, at that time J & R had categorized 3 files on the computer system (file information directory) of its website as being high definition camcorders that were both branded "Sony" and offered for "$200-$500."  Alternatively, the user could have selected any other available category description.

185.   Upon information and belief, selection by the user of the category description "$200-$500" from the webpage depicted above instructed the computer system of the J & R website to create and conduct a search of the information stored in the J & R website for all "Sony" branded high definition camcorders that are offered for "$200-$500."  Accordingly, J & R created a filter in the computer system of its website to search for all "Camcorders" and "High Definition" and "Sony" and "$200-$500" by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter.  Thus, upon information and belief, the J & R website searched for both category descriptions with the "and" logical connector, all of which comprised the "search filter" in this instance.

186.   Upon information and belief, for the category descriptions "Camcorders" and "High Definition" and "Sony" and "$200-$500" joined by the connector "and" (the search filter in this instance), there is guaranteed to be at least one entry in the J & R file information directory for a camcorder having been associated by J & R with these category descriptions  because the J & R website only presented category descriptions to the user for which such entries existed, i.e., the J & R website did not present any category descriptions to the user for which no such entries existed. This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero.

-64-

1    187.   Upon application of this search filter by J & R, the J & R computer system returned to

2  the user a webpage showing, upon information and belief, the matching Sony brand camcorders

3  priced at $200-$500 together with the remaining category descriptions that match the Sony brand

4  high definition camcorders.  The J & R computer system further removed all other category

5  descriptions that are unrelated to the Sony high definition camcorders for $200-$500 as were

6  previously associated by J & R in the file information directory.  A true and correct screenshot taken

7  on or about August 27, 2009 of the webpage displayed after selecting the category description

8  "Sony" and the category description "$200-$500," with the red oval being added, is reproduced

9  below:



24    188.   From the webpage returned to the user by the J & R website after the J & R computer

25  system created and applied the search filter having the category descriptions "Sony" and "$200-

26  $500," the user could have next selected the category description "Top Rated" (shown in the red

27  oval in the above screenshot) to further narrow the search and narrow the number of results returned

Case No. 4:09-CV-04479-JSW                                    Second Amended and Supplemental
                                                                 Complaint for Patent Infringement
1311385

1    to 1, as this is the number depicted next to that category description.  For the reasons described

2    above, the J & R computer system creates a search filter comprising these three category

3    descriptions and four "and" logical connectors: "Camcorders" and "High Definition" and "Sony"

4    and "$200 to $500" and "Top Rated" and, for the reasons discussed above, the J & R computer

5    system of its website guaranteed at least one entry in the J & R file information directory associated

6    with these three category descriptions because the J & R website only presented category

7    descriptions to the user for which such entries existed.

8         189.   Upon application of this search filter by J & R, the J & R computer system returned to

9    the user a webpage showing, upon information and belief, the single, matching Sony brand high

10   definition, top rated camcorder priced between $200 to $500 by, upon information and belief,

11   searching the category descriptions of each stored entry in the file information directory for a logical

12   match to the category descriptions of the defined search filter.  The J & R computer system further

13   removed all other category descriptions that are unrelated to the matching Sony camcorder.  A true

14   and correct screenshot taken on or about August 27, 2009 of the webpage displayed after selecting

15   the category description "Camcorders," "High Definition," "Sony," "$200-$500," and "Top Rated,"

16   with the red oval being added, is reproduced below:

17

18

19

20

21

22

23

24

25

26

27

28

190.   From the above webpage, the user could have instructed the J & R computer to display the file for the matching Sony camcorder by clicking on the file name located within the red oval above.   A true and correct screenshot taken on or about August 27, 2009 of the webpage displayed after selecting the name of the matching Sony camcorder shown in the screenshot above is reproduced below:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



16

17    191.   As the Sony HDR-CX100/R High Definition Handycam® Camcorder – Red is the

18 only product having a file on the J & R computer system for which J & R associated in it file

19 information directory the category descriptions "Camcorders," "High Definition," "Sony," "$200-

20 $500," and "Top Rated," the J & R website sends a webpage to the user depicting that product and

21 no other selectable category descriptions.

22    192.   These were not the only search filters that the user could have instructed J & R's

23 computer system to create to locate the file for the Sony HDR-CX100/R High Definition

24 Handycam® Camcorder - Red.  For example, the user could have selected a different set of category

25 descriptions, such as, "Sony," then "High Definition", then "Free Shipping," then "Top Rated," and

26 lastly "$200-$500" to reach the Sony Camcorder.

27

28

**2.    CLAIM 2 OF THE '360 PATENT**

193.    Upon information and belief, if J & R follows option 2 described above in Paragraph 176, then the category descriptions in J & R's computer system include a "user defined category name" (where the user (person or other computer) is J & R, which chooses and identifies category names) and a "unique category description identifier" created by the J & R computer system.

**3.    CLAIM 7 OF THE '360 PATENT**

194.    As discussed and depicted above in Paragraphs 179-189 herein, the J & R computer system creates search filters, and, when it does so, it disables category descriptions which, if added to the search filter, would not match the category descriptions of at least one entry in the file information directory.  The J & R computer system further accepts user input selecting at least one category description as a component of the search filter.

**4.    CLAIM 11 OF THE '360 PATENT**

195.    Upon information and belief, if J & R follows option 2 described above in Paragraph 176, each category description comprises a user defined category description name and a unique category description identifier created by the computer system.  Further, the computer system of the J & R website displayed the name of each file in the file information directory having category description identifiers matching the category description identifiers of the category descriptions in the search filter, as shown in the example below, for the search filter including the category descriptions "Camcorders" and "High Definition."  The below is a true and correct screenshot taken on or about August 27, 2009 of the webpage displayed by J & R for the search filter comprising the category descriptions "Camcorders" and "High Definition."  The red oval has been added to show, upon information and belief, the file name for one of the matching files:



### 5.    CLAIM 15 OF THE '360 PATENT

#### a)    Preamble of Claim 15 of the '360 Patent

196.    As discussed in more detail in Paragraphs 162-165 herein, J & R owns and operates a website located on the Internet at http://www.jr.com.   Upon information and belief, J & R's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by J & R to interact with the web servers and the data storage systems.  J & R stores files in its data storage system and such files were accessible by J & R.

#### b)    Element (a) of Claim 15 of the '360 Patent

197.    As discussed in more detail in Paragraph 165 herein, upon information and belief, J & R's website stores a plurality of files in its data storage system.

1

        **c)**      **Element (b) of Claim 15 of the '360 Patent**

2

      198.   As discussed in more detail in Paragraphs 168-173 herein, upon information and

3

belief, J & R, as a user (person or another computer), chooses and identifies a plurality of category

4

descriptions, wherein each category description comprises a descriptive name, and wherein the

5

category descriptions have no predefined hierarchical relationship with such list or each other, i.e.,

6

they are not organized into a single tree structure in which category descriptions are ranked into

7

levels of subordination; each category description has zero, one, or more subordinates; and no

8

category description has more than one superordinate component.

9

        **d)**      **Element (c) of Claim 15 of the '360 Patent**

10

      199.   Upon information and belief, the computer system of the J & R website comprises,

11

among other things, the means plus function limitation of a "file association means for associating at

12

least one file with at least one category description selected from the plurality of previously defined

13

category descriptions," which, as disclosed in the specification of the '360 patent, is at least a

14

general purpose computer that was programmed to perform steps to associate at least one file, or an

15

identifier for such file, with at least one category description and/or unique identifier associated with

16

a category description that is selected from the plurality of previously defined category descriptions

17

and to store, in a directory, the file or its identifier and the associated category descriptions and/or

18

their identifiers, as described herein at  Paragraphs 174-178.

19

        **e)**      **Element (d) of Claim 15 of the '360 Patent**

20

      200.   Upon information and belief, the computer system of the J & R website comprised,

21

among other things, the means plus function limitation of a "category linking means for linking at

22

least one linking category description to at least one linked category description, such that if a

23

specific file is associated with a linking category description, the user must also associate that

24

specific file with at least one of the linked category descriptions corresponding to the linking

25

category description," which, as disclosed in the specification of the '360 patent, is at least a general

26

purpose computer that was programmed to perform steps to allow the input and storage of one or

27

more additional category descriptions and/or identifiers to the plurality of user-defined category

28

1  descriptions and/or identifiers already stored in the computer system of the J & R website, as

2  described herein at Paragraphs 174-178.

3                    **f)**     **Element (e) of Claim 15 of the '360 Patent**

4          201.   Upon information and belief, the J & R website contained linking category

5  descriptions, e.g., category descriptions that are associated with one or more other category

6  descriptions (linked category descriptions), such that, when the linking category description is

7  associated with a file, such file must also be associated with one or more of these other category

8  descriptions.

9          202.   Upon information and belief, the J & R website also contained linked category

10  descriptions, e.g., a category description that is associated with one or more other category

11  descriptions (linking category descriptions) such that, when a linking category description is

12  associated with a file, at least one of the category descriptions (linked category descriptions) that are

13  associated with the linking category descriptions are also associated with the file.

14          203.   An example of a linking category description contained in the computer system of the

15  J & R website is the term "Brand," as depicted and described above in Paragraphs 170-171 herein.

16  Upon information and belief, when the term "Brand" is associated with a file, that file must also be

17  associated with one or more other category descriptions, such as a specific brand name, for example,

18  "Sony," "Panasonic," or "JVC," as depicted above in Paragraphs 170-171 herein.

19          204.   Examples of linked category descriptions contained in the computer system of the J &

20  R website are the terms "Sony," "Panasonic," and "JVC," as depicted and described above in

21  Paragraphs 170-171 herein.  Upon information and belief, when the term "Brand" is associated with

22  a file, that file must also be associated with one or more other category descriptions, such as a

23  specific brand name, for example, "Sony," "Panasonic," and "JVC," as depicted above in

24  Paragraphs 170-171.

25          205.   Upon information and belief, the computer system of the J & R website comprised,

26  among other things, the means plus function limitation of a "category linking means for linking at

27  least one linking category description to at least one linked category description, such that if a

28

1   specific file is associated with a linking category description, the user must also associate that

2   specific file with at least one of the linked category descriptions corresponding to the linking

3   category description," which, as disclosed in the specification of the '360 patent, is at least a general

4   purpose computer that was programmed to perform steps to allow one or more category descriptions

5   stored in the plurality of category descriptions to be characterized as a linking category description

6   and associating such characterization with the category description; allowing one or more category

7   descriptions stored in the plurality of category descriptions in the system to be characterized as a

8   linked category description; and associating each linking category description with one or more

9   linked category descriptions.  Upon information and belief, if a file is associated with a linking

10  category description, then J & R also associates that file with one of the linked category descriptions

11  corresponding to the linked category description, as described herein at Paragraphs 174-178.

12      **6.      CLAIM 20 OF THE '360 PATENT**

13          **a)      Preamble of Claim 20 of the '360 Patent**

14      206.   J & R performed a method for accessing files in the data storage system of the

15  computer system that comprised its website.  As discussed above in Paragraphs 162-163 herein, the

16  J & R computer system had means for reading and writing data from the data storage system,

17  displaying information, and accepting user input.  As discussed above in Paragraphs 166-167, the

18  files located on the J & R data storage system had a file name, e.g., "Sony HDR-CX100/R High

19  Definition Handycam® Camcorder - Red."

20          **b)      Step (a) of Claim 20 of the '360 Patent**

21      207.   As discussed above in Paragraphs 168-173 herein, J & R initially (i.e., before steps

22  (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category

23  descriptions, each category description comprising a descriptive name, the category descriptions

24  having no predefined hierarchical relationship with such list or each other.

25          **c)      Step (b) of Claim 20 of the '360 Patent**

26      208.   As discussed above in Paragraphs 174-178 herein, J & R thereafter (i.e., after

27  performing step (a) of claim 1) accepted user input (i.e., input from an J & R person or other

28

computers) associating with a file at least one category description from at least one defined list. Upon information and belief, J & R associated *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of something about a stored file (option 2).  To the extent that J & R's website operates using option 1, J & R literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360 patent.  To the extent that J & R's website operates using option 2, J & R meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

### d)       Step (c) of Claim 20 of the '360 Patent

209.   As discussed above in Paragraphs 174-178 herein, J & R stored in the data storage system of the computer system of its website a file record containing at least the file name, file location information, and the associated category descriptions for the file.  As discussed above, J & R operated using either option 1 or option 2 described in the Paragraph above.

### e)       Step (d) of Claim 20 of the '360 Patent

210.   As discussed above in Paragraphs 179-189 herein, J & R's website displayed from each defined list, as selectable items, only those category descriptions associated with at least one file.

### f)       Step (e) of Claim 20 of the '360 Patent

211.   As discussed above in Paragraphs 179-189 herein, J & R's computer system of its website accepted user positional input defining a search filter of at least one category description selected from at least one displayed defined list.

### g)       Step (f) of Claim 20 of the '360 Patent

212.   As discussed above in Paragraphs 179-189 herein, J & R's computer system for its website automatically disabled, in the computer system, selectability of all other category

1    descriptions in each displayed list that do not have associated files which are also associated with the

2    category descriptions of the defined search filter.

3            **h)**       **Step (g) of Claim 20 of the '360 Patent**

4        213.    As discussed above in Paragraphs 179-189, J & R searched, in its computer system of

5    its website, the category descriptions of each stored file record for a logical match to the category

6    descriptions of the defined search filter.

7            **i)**       **Step (h) of Claim 20 of the '360 Patent**

8        214.    As discussed and depicted above in Paragraphs 179-189, J & R displayed the file

9    names of all file records having category descriptions that logically match each category description

10    of the defined search filter.

11        **7.**       **CLAIM 21 OF THE '360 PATENT**

12        215.    As discussed above in Paragraph 190 herein, J & R, via the computer system for its

13    website, accepted user input selecting at least one file from the displayed file names and it accessed

14    each selected file on its data storage system using the file location information from the file record

15    associated with each corresponding selected file.

16        **8.**       **CLAIM 22 OF THE '360 PATENT**

17        216.    As discussed above in Paragraph 179-189 herein, upon information and belief, the

18    category descriptions of the search filter are logically combined in the search filter.  Further, upon

19    information and belief, the set of category descriptions that are logically combined in the search

20    filter were selected by choosing one category description at a time, in any order as discussed herein

21    in Paragraphs 179-189 and 192.

22   **B.**      **INDIRECT INFRINGEMENT OF THE '360 PATENT BY J & R**

23        217.    Upon information and belief, at all times during the time period starting on September

24    23, 2003 up to and including August 6, 2013, Defendant J & R indirectly infringed claims 1-2, 7, 11,

25    15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including,

26    but not limited to, visitors to its websites in the United States who searched for products available

27    for sale on the websites by selecting pre-defined categories descriptive of the products.  J & R's acts

28

1    of inducing infringement were conducted with knowledge of the '360 patent, and, upon information

2    and belief, with knowledge that such acts by visitors to its websites would constitute direct

3    infringement of claims of the '360 patent.

4       218. Upon information and belief, at all times during the time period starting on September

5    23, 2003 up to and including August 6, 2013, Defendant J & R indirectly infringed claims 1-2, 7, 11,

6    15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites in

7    the United States, the use of software for use in practicing the patented process(es) of the '360 patent

8    and constituting a material part of the invention, knowing the same to be especially made or

9    especially adapted for use in an infringement of the '360 patent, and not a staple article or

10   commodity of commerce suitable for substantial non-infringing use.  J & R's acts of contributory

11   infringement were conducted with knowledge of the '360 patent, and, upon information and belief,

12   with knowledge that acts by visitors to its websites when using J & R's website would constitute

13   direct infringement of claims of the '360 patent.

14      219. Upon information and belief, Defendant J & R's foregoing acts of direct and indirect

15   infringement were willful.

16      220. As a result of Defendant J & R's infringement, Plaintiff SpeedTrack has suffered

17   monetary damages in an amount not yet determined.

18         **VII.**  **FOURTH CLAIM FOR RELIEF**

19      **Against Defendant Dell For Infringement Of U.S. Patent No. 5,544,360**

20      221. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4, 9,

21   and 22-29 of this Complaint as though fully set forth herein.

22      222. Upon information and belief, at all times during the time period starting on September

23   23, 2003 up to and including August 6, 2013, Defendant Dell directly infringed claims 1-2, 7, 11,

24   15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

25   selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

26   the websites to search for products available for sale (i.e., search for files stored in a data storage

27   system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

28

-76-

the website at http://www.dell.com ("www.dell.com").  SpeedTrack's allegations are not limited to www.dell.com, but rather include all websites owned and/or operated by Dell during the time period starting on September 23, 2003 up to and including August 6, 2013 that operated in essentially the same manner as www.dell.com with respect to the infringement allegations contained herein. Although SpeedTrack's allegations herein are descriptive of www.dell.com, such allegations are equally applicable to all websites owned and/or operated by Dell during the time period starting on September 23, 2003 up to and including August 6, 2013 that operated in essentially the same manner as www.dell.com with respect to the infringement allegations contained herein.

223.   SpeedTrack first gave written notice to Dell of the '360 patent and of Dell's infringement of the '360 patent on or about December 20, 2006.

**A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY DELL**

**1.      CLAIM 1 OF THE '360 PATENT**

**a)      Preamble of Claim 1 of the '360 Patent**

224.   Dell owns and operates a website located on the Internet at http://www.dell.com. Upon information and belief, Dell's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage systems, and one or more computers used by Dell to interact with the web servers and the data storage systems (hereinafter collectively "Dell's website").

225.   Upon information and belief, the computer system of Dell's website has, among other things: (1) means for reading and writing data from the data storage system including device drivers (the software that controls the data storage system including formatting data) and associated hardware; (2) means for displaying information (computer displays); and (3) means for accepting user input (keyboard or mouse, and associated driver(s)).

226.   Customers and potential customers, who are at a location that is remote from Dell's computer system of its website, use their computers to communicate with Dell's website.

227.   Upon information and belief, Dell stores many files on these data storage systems for the various products offered for sale by Dell or its partners on www.dell.com.  For example, upon

1   information and belief, for each product offered for sale on the Dell website, there is at least one file,

2   i.e., collection of data or information stored on Dell's computer system, for such product.  The

3   collection of data or information includes text pertaining to the product and/or one or more pictures

4   of the product.

5       228.   Dell interacts with the web servers and the data storage systems of its website in order

6   to, among other things, permit the creation and editing of data for the files in the data storage

7   system.  A true and correct screenshot taken on or about August 18, 2007 of the Dell webpage

8   showing the Cyber-shot DSC-N2 Champagne Gold 10.1 MP, 3X Zoom Digital Camera offered for

9   sale by Dell, with a red box added, is reproduced below.  An example of the collection of

10  information or data (or at least a portion thereof) that comprises a file stored on Dell's computer

11  system is depicted below in the red box below:

12  

1      229.   Upon information and belief, each file stored on Dell's data storage system has a file

2  name.  For example, for the file depicted above, the file name is "Cyber-shot DSC-N2 Champagne

3  Gold 10.1 MP, 3X Zoom Digital Camera."

4      **b)**        **Step (a) of Claim 1 of the '360 Patent**

5      230.   Step (a) of claim 1 of the '360 patent requires that a "category description table" be

6  initially created in the computer system.  Upon information and belief, Dell defines a number of

7  category descriptions in the computer system of its website prior to its creation of a file information

8  directory (step (b)) and prior to its creation of a search filter (step (c)).

9      231.   For example, Dell configured its website for the sale of digital point and shoot

10 cameras.  A customer or potential customer ("user") who visited Dell's website (www.dell.com) on

11 or about August 18, 2007 would have instructed the Dell website to display the Dell landing page in

12 his or her browser.  A true and correct screenshot taken on or about August 18, 2007 of the landing

13 page of www.dell.com is reproduced below:



14

15

16

17

18

19

20

21

22

23

24

25

26     232.   Upon reaching the above webpage, the user looking for digital point and shoot

27 cameras could have clicked the link "Home & Home Office" in the section entitled "TV's, Software

28

& Accessories" as shown below in the true and correct screenshot taken on August 18, 2007 with the red oval added:



233.   Clicking the link "Home & Home Office" in the section entitled "TV's, Software & Accessories" instructing Dell's website to display the below webpage in the user's browser.  The below webpage is a true and correct screenshot taken on or about August 18, 2007 of the webpage displayed after selecting "Home & Home Office" on Dell's webpage with the red oval added:

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15    234.   Upon reaching the above webpage, the user looking for digital point and shoot

16 cameras could have clicked the link "Digital Cameras & Camcorders," thereby instructing Dell's

17 website to display the below webpage in the user's browser.  The below webpage is a true and

18 correct screenshot taken on or about August 18, 2007 of the webpage displayed after selecting

19 "Digital Cameras & Camcorders" on Dell's webpage with the red oval added:

20

21

22

23

24

25

26

27

28



235.   On the above webpage, Dell presented to the user a list, on the left side of the screen, of a plurality of additional linked names that are descriptive of something about at least one of Dell's stored files (i.e., descriptions in alphabetic form), including, but not limited to, "Shop By Brand," "Canon," "Casio," "Fuji," "Kodak," "Nikon," "Olympus," "Sony," "Panasonic," "Pentax," "Samsung," "Megapixels," "10+ Megapixels," "8 - 9 Megapixels," "7 Megapixels," "6 Megapixels," "Under 6 Megapixels," "Optical Zoom," "Greater Than 10X," "4X - 7X," "1X - 3X," "Screen Size", "Extra Large (3.0" +)," "Large (2.5" - 2.9")," "Medium (2" - 2.4")," "Memory Type," "SD Memory Card," "SDHC Memory Card," "Memory Stick PRO Duo," "Memory Stick Duo," "MultiMediaCard," "Camera Price," "$400 - $699," "$300 - $399," and "$200 - $299," these terms, and the terms "Home & Home Office" and "Digital Cameras & Camcorders" from the above webpages, are descriptive of something about at least one of Dell's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

236.    Upon information and belief, Dell created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

237.    Upon information and belief, the category descriptions contained in the category description table created by Dell have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

c)    <u>Step (b) of Claim 1 of the '360 Patent</u>

238.    Upon information and belief, after Dell creates the category description table in the computer system of its website (step (a)) and before Dell creates a search filter in the computer system of its website (step (b)), Dell created a directory in the computer system of its website comprising information corresponding to at least one file on the data storage system of the Dell website.  Upon information and belief, this directory has, among other things, a plurality of entries, wherein each entry corresponds to at least one file stored on Dell's data storage system of its website and wherein the files contained information for the products offered for sale on Dell's website.  This directory is hereinafter referred to as a "file information directory."

239.    Upon information and belief, each entry of Dell's file information directory also included a unique identifier for each corresponding file, which may include a file name for the file.

240.    Upon information and belief, each entry of Dell's file information directory corresponding to a file on Dell's data storage system also included *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of something about a stored file (option 2).  To the extent that Dell's website operates using option 1, Dell literally meets this element of step (b) of claim 1 and literally infringes the claims of the '360 patent.  To the extent that Dell's website operates using option 2, Dell meets

-83-

1   this element of step (b) of claim 1 under the doctrine of equivalents and infringes the claims of the

2   '360 patent under the doctrine of equivalents.

3      241.   Upon information and belief, Dell's file information directory contained, for example,

4   an entry for the file for the Cyber-shot DSC-N2 Champagne Gold 10.1 MP, 3X Zoom Digital

5   Camera ("Cyber-shot camera") and, upon information and belief, such file had a file name, "Cyber-

6   shot DSC-N2 Champagne Gold 10.1 MP, 3X Zoom Digital Camera."  Upon information and belief,

7   this entry in Dell's file information directory did not contain the file itself, but instead contained,

8   among other things, a unique identifier for the file, such as, for example, information for the location

9   of the file in Dell's data storage system.

10     242.   Upon information and belief, this entry in Dell's file information directory also

11  contained *either*: (1) information selected from the category description table that includes a

12  description in alphabetic form of something about a stored file, such as, for example, "Digital Point

13  & Shoot," "10-11 Megapixels," and "Extra Large (3.0"+)" (option 1); *or* (2) a set of identifiers, each

14  uniquely associated with, and therefore representative of, information stored in the category

15  description table that includes a description in alphabetic form of something about a stored file, such

16  as, for example, identifiers that are uniquely associated with, and therefore representative of,

17  "Digital Point & Shoot," "10-11 Megapixels," and "Extra Large (3.0"+)" (option 2).

          **d)      Step (c) of Claim 1 of the '360 Patent**

19     243.   After Dell created the category description table in the computer system of its website

20  (step (a)) and after Dell created the file information directory in the computer system of its website

21  (step (b)), the user of Dell's website engages in a search for a digital camera by instructing the Dell

22  to create within its computer system one or more search filters.  Starting at Dell's landing page

23  (www.dell.com), the user could have selected "Home & Home Office" and "Digital Cameras and

24  Camcorders," as demonstrated above in Paragraphs 231-233, which would instruct Dell's website to

25  present the user with lists of category descriptions, as also demonstrated above in Paragraph 234.

26     244.   For example, from the webpage that Dell displays after the user selects "Digital

27  Cameras & Camcorders," the user could have first selected the category description "Digital Point &

28

Shoot."  The Dell webpage includes the indication in the parenthetical next to the term "Digital

Point & Shoot" of "(72)" meaning that, upon information and belief, at that time Dell had

categorized 72 files on the computer system of its website as being digital cameras & camcorders

that are digital point and shoot cameras and Dell stored entries for the files for those cameras in its

file information directory.  Alternatively, the user could have selected any other available category

description.  A true and correct screenshot taken on or about August 18, 2007 of the webpage

displayed after selecting "Digital Cameras & Camcorders" with the red oval being added is

reproduced below:



245.     Upon information and belief, selection by the user of the category description

"Digital Point & Shoot" from the webpage depicted above instructed the computer system of the

Dell website to create a search filter and conduct a search of the information stored in the Dell

website for all digital point and shoot cameras by, upon information and belief, searching the

category descriptions of each stored entry in the file information directory for a logical match to the

category descriptions of the defined search filter.  Accordingly, upon information and belief, Dell

1    created a filter in the computer system of its website to search for all files associated with the

2    category description "Digital Point and Shoot," hereinafter referred to as a "search filter."

3         246.   Upon information and belief, for the category description "Digital Point and Shoot,"

4    which comprises the above-described search filter, there is guaranteed to be at least one entry in the

5    Dell file information directory associated with those category descriptions, because the Dell website

6    only presented category descriptions to the user for which such entries existed, i.e., the Dell website

7    did not present any category descriptions to the user for which no such entries existed.  This is

8    demonstrated by the fact that, in the screenshot above, each category description available for the

9    selection by the user has associated with it a number that is greater than zero, which, upon

10   information and belief, indicates that the number of files associated with that category description in

11   the file information directory is greater than zero.

12        247.   Upon application of the search filter by Dell, the Dell computer system returned a

13   webpage to the user showing, upon information and belief, the matching digital point and shoot

14   cameras together with the remaining category descriptions.  The Dell computer system further

15   removed all other category descriptions that are unrelated to digital point and shoot cameras as were

16   previously associated by Dell in the file information directory, making such removed category

17   descriptions unselectable.  A true and correct screenshot taken on or about August 18, 2007 of the

18   webpage displayed after selecting the category description "Digital Point & Shoot" with the red oval

19   being added is reproduced below:

20

21

22

23

24

25

26

27

28



248.   From the webpage returned to the user by the Dell website after the Dell computer system created and applied the search filter having the category description "Digital Point & Shoot," the user could have next selected the category description "10-11 Megapixel."  The Dell webpage includes the indication in the parenthetical next to the term "10-11 Megapixel" of "(9)" meaning that, upon information and belief, at that time Dell had categorized 9 files on the computer system (in the file information directory) of its website as being digital point and shoot cameras that were "10-11 Megapixel."  Alternatively, the user could have selected any other available category description.

249.   Upon information and belief, selection by the user of the category description "10-11 Megapixel" from the webpage depicted above instructed the computer system of the Dell website to create and conduct a search of the information stored in the Dell website for all "10-11 Megapixel" digital point and shoot cameras.  Accordingly, Dell created a filter in the computer system of its website to search for all digital point and shoot cameras that are both "Digital Point & Shoot" and have "10-11 Megapixels" by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of

-87-

1   the defined search filter.  Thus, upon information and belief, the Dell website searched for both

2   category descriptions with the "and" logical connector, all of which comprised the "search filter" in

3   this instance.

4   250.   Upon information and belief, for the category descriptions "Digital Point & Shoot"

5   and "10-11 Megapixels" joined by the connector "and" (the search filter in this instance), there is

6   guaranteed to be at least one entry in the Dell file information directory for a digital point and shoot

7   camera having been associated by Dell with both the category descriptions "Digital Point & Shoot"

8   and "10-11 Megapixels," because the Dell website only presented category descriptions to the user

9   for which such entries existed, i.e., the Dell website did not present any category descriptions to the

10   user for which no such entries existed.  This is demonstrated by the fact that, in the screenshot

11   above, each category description available for the selection by the user has associated with it a

12   number that is greater than zero.

13   251.   Upon application of this search filter by Dell, the Dell computer system returned to the

14   user a webpage showing, upon information and belief, the matching digital point and shoot cameras

15   having 10-11 Megapixels together with the remaining category descriptions that match the digital

16   point and shoot cameras having 10-11 Megapixels.  The Dell computer system further removed all

17   other category descriptions that are unrelated to the digital point and shoot cameras having 10-11

18   Megapixels as were previously associated by Dell in the file information directory.   A true and

19   correct screenshot taken on or about August 18, 2007 of the webpage displayed after selecting the

20   category description "Digital Point & Shoot" and the category description "10-11 Megapixels," with

21   the red oval being added, is reproduced below:

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12



13   252.   From the webpage returned to the user by the Dell website after the Dell computer

14 system created and applied the search filter having the category descriptions "Digital Point & Shoot"

15 and "10-11 Megapixels" the user could have next selected the category description for the screen

16 size of "Extra Large (3.0"+)" to further narrow the search and narrow the number of results returned

17 to 1, as this is the number depicted next to that category description.  For the reasons described

18 above, the Dell computer system created a search filter comprising these three category descriptions

19 and two "and" logical connectors: "Digital Point & Shoot" and "10-11 Megapixels" and "Extra

20 Large (3.0"+)" and, for the reasons discussed above, the Dell computer system of its website

21 guaranteed at least one entry in the Dell file information directory associated with these four

22 category descriptions because the Dell website only presented category descriptions to the user for

23 which such entries existed.

24   253.   Upon application of this search filter by Dell, the Dell computer system returned to the

25 user a webpage showing, upon information and belief, the single, matching Canon brand digital

26 point and shoot camera having 10-11 Megapixels, and having an extra-large screen (3.0"+) by, upon

27 information and belief, searching the category descriptions of each stored entry in the file

28

-89-

1    information directory for a logical match to the category descriptions of the defined search filter.

2    The Dell computer system further removed all other category descriptions that are unrelated to the

3    matching Canon camera.  A true and correct screenshot taken on or about August 18, 2007 of the

4    webpage displayed after selecting the category description "Digital Point & Shoot," the category

5    description "10-11 Megapixels," and the category description "Extra Large (3.0"+)," with the red

6    oval being added, is reproduced below:



19    254.    From the above webpage, the user could have instructed the Dell computer to display

20    the file for the matching Canon camera by clicking on the file name located within the red oval

21    above.   A true and correct screenshot taken on or about August 18, 2007 of the webpage displayed

22    after selecting the name of the matching Canon camera shown in the screenshot above is reproduced

23    below:

Case No. 4:09-CV-04479-JSW                                            Second Amended and Supplemental
                                                                      Complaint for Patent Infringement
1311385

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    255.    As the Cyber-shot Camera is the only product having a file on the Dell computer

16  system for which Dell associated in it file information directory the three category descriptions

17  "Digital Point & Shoot," "10-11 Megapixel," and "Extra Large (3.0"+)," the Dell website sends a

18  webpage to the user depicting that product and no other selectable category descriptions.

19    256.    These were not the only search filters that the user could have instructed Dell's

20  computer system to create to locate the file for the Cyber-shot DSC-N2 Champagne Gold 10.1 MP,

21  3X Zoom Digital Camera.  For example, the user could have selected the different category

22  descriptions, such as, "Sony," then "Extra Large (3.0"+)", and lastly "$200-$299" to reach the

23  Cyber-shot camera.

24    **2.    CLAIM 2 OF THE '360 PATENT**

25    257.    Upon information and belief, if Dell follows option 2 described above in Paragraph

26  240, then the category descriptions in Dell's computer system include a "user defined category

27
28

1  name" (where the user (person or other computer) is Dell, which chooses and identifies category

2  names) and a "unique category description identifier" created by the Dell computer system.

3  **3.    CLAIM 7 OF THE '360 PATENT**

4  258.   As discussed and depicted above in Paragraphs 243-253 herein, the Dell computer

5  system creates search filters, and, when it does so, it disables category descriptions which, if added

6  to the search filter, would not match the category descriptions of at least one entry in the file

7  information directory.  The Dell computer system further accepts user input selecting at least one

8  category description as a component of the search filter.

9  **4.    CLAIM 11 OF THE '360 PATENT**

10  259.   Upon information and belief, if Dell follows option 2 described above in Paragraph

11  240, each category description comprises a user defined category description name and a unique

12  category description identifier created by the computer system.  Further, the computer system of the

13  Dell website displayed the name of each file in the file information directory having category

14  description identifiers matching the category description identifiers of the category descriptions in

15  the search filter, as shown in the example below, for the search filter including the category

16  descriptions "Digital Point & Shoot" and "10-11 Megapixel."  The below is a true and correct

17  screenshot taken on or about August 18, 2007 of the webpage displayed by Dell for the search filter

18  comprising the category descriptions "Digital Point & Shoot" and "10-11 Megapixel."  The red oval

19  has been added to show, upon information and belief, the file name for one of the matching files:

20

21

22

23

24

25

26

27

28



### 5.   CLAIM 15 OF THE '360 PATENT

#### a)   Preamble of Claim 15 of the '360 Patent

260.   As discussed in more detail in Paragraphs 224-227 herein, Dell owns and operates a website located on the Internet at http://www.dell.com.   Upon information and belief, Dell's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by Dell to interact with the web servers and the data storage systems.  Dell stores files in its data storage system and such files were accessible by Dell.

#### b)   Element (a) of Claim 15 of the '360 Patent

261.   As discussed in more detail in Paragraph 227 herein, upon information and belief, Dell's website stores a plurality of files in its data storage system.

#### c)   Element (b) of Claim 15 of the '360 Patent

262.   As discussed in more detail in Paragraphs 230-237 herein, upon information and belief, Dell, as a user (person or another computer), chooses and identifies a plurality of category descriptions, wherein each category description comprises a descriptive name, and wherein the

1  category descriptions have no predefined hierarchical relationship with such list or each other, i.e.,

2  they are not organized into a single tree structure in which category descriptions are ranked into

3  levels of subordination; each category description has zero, one, or more subordinates; and no

4  category description has more than one superordinate component.

5      **d)**   **Element (c) of Claim 15 of the '360 Patent**

6     263.  Upon information and belief, the computer system of the Dell website comprises,

7  among other things, the means plus function limitation of a "file association means for associating at

8  least one file with at least one category description selected from the plurality of previously defined

9  category descriptions," which, as disclosed in the specification of the '360 patent, is at least a

10  general purpose computer that was programmed to perform steps to associate at least one file, or an

11  identifier for such file, with at least one category description and/or unique identifier associated with

12  a category description that is selected from the plurality of previously defined category descriptions

13  and to store, in a directory, the file or its identifier and the associated category descriptions and/or

14  their identifiers, as described herein at Paragraphs 238-242.

15      **e)**   **Element (d) of Claim 15 of the '360 Patent**

16     264.  Upon information and belief, the computer system of the Dell website comprised,

17  among other things, the means plus function limitation of a "category linking means for linking at

18  least one linking category description to at least one linked category description, such that if a

19  specific file is associated with a linking category description, the user must also associate that

20  specific file with at least one of the linked category descriptions corresponding to the linking

21  category description," which, as disclosed in the specification of the '360 patent, is at least a general

22  purpose computer that was programmed to perform steps to allow the input and storage of one or

23  more additional category descriptions and/or identifiers to the plurality of user-defined category

24  descriptions and/or identifiers already stored in the computer system of the Dell website, as

25  described herein at Paragraphs 238-242.

26

27

28

1

**f)**     **Element (e) of Claim 15 of the '360 Patent**

2

265.   Upon information and belief, the Dell website contained linking category descriptions,

3

e.g., category descriptions that are associated with one or more other category descriptions (linked

4

category descriptions), such that, when the linking category description is associated with a file,

5

such file must also be associated with one or more of these other category descriptions.

6

266.   Upon information and belief, the Dell website also contained linked category

7

descriptions, e.g., a category description that is associated with one or more other category

8

descriptions (linking category descriptions) such that, when a linking category description is

9

associated with a file, at least one of the category descriptions (linked category descriptions) that are

10

associated with the linking category descriptions are also associated with the file.

11

267.   An example of a linking category description contained in the computer system of the

12

Dell website is the term "Brand," as depicted and described above in Paragraph 247 herein.  Upon

13

information and belief, when the term "Brand" is associated with a file, that file must also be

14

associated with one or more other category descriptions, such as a specific brand name, for example,

15

"Canon," "Casio," or "Kodak," as depicted above in Paragraph 247 herein.

16

268.   Examples of linked category descriptions contained in the computer system of the

17

Dell website are the terms "Canon," "Casio," and "Kodak," as depicted and described above in

18

Paragraph 247 herein.  Upon information and belief, when the term "Brand" is associated with a file,

19

that file must also be associated with one or more other category descriptions, such as a specific

20

brand name, for example, "Canon," "Casio," or "Kodak," as depicted above in Paragraph 247.

21

269.   Upon information and belief, the computer system of the Dell website comprised,

22

among other things, the means plus function limitation of a "category linking means for linking at

23

least one linking category description to at least one linked category description, such that if a

24

specific file is associated with a linking category description, the user must also associate that

25

specific file with at least one of the linked category descriptions corresponding to the linking

26

category description," which, as disclosed in the specification of the '360 patent, is at least a general

27

purpose computer that was programmed to perform steps to allow one or more category descriptions

28

stored in the plurality of category descriptions to be characterized as a linking category description and associating such characterization with the category description; allowing one or more category descriptions stored in the plurality of category descriptions in the system to be characterized as a linked category description; and associating each linking category description with one or more linked category descriptions.  Upon information and belief, if a file is associated with a linking category description, then Dell also associates that file with one of the linked category descriptions corresponding to the linked category description, as described herein at Paragraphs 238-242.

### 6. CLAIM 20 OF THE '360 PATENT

#### a) Preamble of Claim 20 of the '360 Patent

270.   Dell performed a method for accessing files in the data storage system of the computer system that comprised its website.  As discussed above in Paragraphs 224-225 herein, the Dell computer system had means for reading and writing data from the data storage system, displaying information, and accepting user input.  As discussed above in Paragraphs 228-229, the files located on the Dell data storage system had a file name, e.g., "Cyber-shot DSC-N2 Champagne Gold 10.1 MP, 3X Zoom Digital Camera."

#### b) Step (a) of Claim 20 of the '360 Patent

271.   As discussed above in Paragraphs 230-237 herein, Dell initially (i.e., before steps (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other.

#### c) Step (b) of Claim 20 of the '360 Patent

272.   As discussed above in Paragraphs 238-242 herein, Dell thereafter (i.e., after performing step (a) of claim 1) accepted user input (i.e., input from an Dell person or other computers) associating with a file at least one category description from at least one defined list. Upon information and belief, Dell associated *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of,

1    information stored in the category description table that includes a description in alphabetic form of

2    something about a stored file (option 2).  To the extent that Dell's website operates using option 1,

3    Dell literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360

4    patent.  To the extent that Dell's website operates using option 2, Dell meets this element of step (b)

5    of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the

6    doctrine of equivalents.

7                    **d)        Step (c) of Claim 20 of the '360 Patent**

8           273.   As discussed above in Paragraphs 238-242 herein, Dell stored in the data storage

9    system of the computer system of its website a file record containing at least the file name, file

10   location information, and the associated category descriptions for the file.  As discussed above, Dell

11   operated using either option 1 or option 2 described in the Paragraph above.

12                   **e)        Step (d) of Claim 20 of the '360 Patent**

13          274.   As discussed above in Paragraphs 243-253 herein, Dell's website displayed from each

14   defined list, as selectable items, only those category descriptions associated with at least one file.

15                   **f)        Step (e) of Claim 20 of the '360 Patent**

16          275.   As discussed above in Paragraphs 243-253 herein, Dell's computer system of its

17   website accepted user positional input defining a search filter of at least one category description

18   selected from at least one displayed defined list.

19                   **g)        Step (f) of Claim 20 of the '360 Patent**

20          276.   As discussed above in Paragraphs 243-253 herein, Dell's computer system for its

21   website automatically disabled, in the computer system, selectability of all other category

22   descriptions in each displayed list that do not have associated files which are also associated with the

23   category descriptions of the defined search filter.

24                   **h)        Step (g) of Claim 20 of the '360 Patent**

25          277.   As discussed above in Paragraphs 243-253, Dell searched, in its computer system of

26   its website, the category descriptions of each stored file record for a logical match to the category

27   descriptions of the defined search filter.

28

1

### i)   Step (h) of Claim 20 of the '360 Patent

2    278.   As discussed and depicted above in Paragraphs 243-253, Dell displayed the file names

3    of all file records having category descriptions that logically match each category description of the

4    defined search filter.

5

### 7.   CLAIM 21 OF THE '360 PATENT

6    279.   As discussed above in Paragraph 253-255 herein, Dell, via the computer system for its

7    website, accepted user input selecting at least one file from the displayed file names and it accessed

8    each selected file on its data storage system using the file location information from the file record

9    associated with each corresponding selected file.

10

### 8.   CLAIM 22 OF THE '360 PATENT

11   280.   As discussed above in Paragraphs 243-253 herein, upon information and belief, the

12   category descriptions of the search filter are logically combined in the search filter.  Further, upon

13   information and belief, the set of category descriptions that are logically combined in the search

14   filter were selected by choosing one category description at a time, in any order as described in

15   Paragraphs 243-253 and 256 herein.

16   **B.   INDIRECT INFRINGEMENT OF THE '360 PATENT BY DELL**

17   281.   Upon information and belief, at all times during the time period starting on September

18   23, 2003 up to and including August 6, 2013, Defendant Dell indirectly infringed claims 1-2, 7, 11,

19   15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including,

20   but not limited to, visitors to its websites in the United States who searched for products available

21   for sale on the websites by selecting pre-defined categories descriptive of the products.  Dell's acts

22   of inducing infringement were conducted with knowledge of the '360 patent, and, upon information

23   and belief, with knowledge that such acts by visitors to its websites would constitute direct

24   infringement of claims of the '360 patent.

25   282.   Upon information and belief, at all times during the time period starting on September

26   23, 2003 up to and including August 6, 2013, Defendant Dell indirectly infringed claims 1-2, 7, 11,

27   15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites in

28

-98-

1  the United States, the use of software for use in practicing the patented process(es) of the '360 patent

2  and constituting a material part of the invention, knowing the same to be especially made or

3  especially adapted for use in an infringement of the '360 patent, and not a staple article or

4  commodity of commerce suitable for substantial non-infringing use.  Dell's acts of contributory

5  infringement were conducted with knowledge of the '360 patent, and, upon information and belief,

6  with knowledge that acts by visitors to its websites when using Dell's website would constitute

7  direct infringement of claims of the '360 patent.

8      283.   Upon information and belief, Defendant Dell's foregoing acts of direct and indirect

9  infringement were willful.

10      284.   As a result of Defendant Dell's infringement, Plaintiff SpeedTrack has suffered

11  monetary damages in an amount not yet determined.

12  ## VIII.   FIFTH CLAIM FOR RELIEF

13  ### Against Defendants Best Buy and Best Buy.com
   ### For Infringement Of U.S. Patent No. 5,544,360

15      285.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4,

16  10-11, and 22-29 of this Complaint as though fully set forth herein.

17      286.   Upon information and belief, at all times during the time period starting on September

18  23, 2003 up to and including August 6, 2013, Defendant Best Buy directly infringed claims 1-2, 7,

19  11, 15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

20  selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

21  the websites to search for products available for sale (i.e., search for files stored in a data storage

22  system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

23  the website at http://www.bestbuy.com ("www.bestbuy.com").  SpeedTrack's allegations are not

24  limited to www.bestbuy.com, but rather include all websites owned and/or operated by Best Buy

25  during the time period starting on September 23, 2003 up to and including August 6, 2013 that

26  operated in essentially the same manner as www.bestbuy.com with respect to the infringement

27  allegations contained herein, including, but not limited to, http://www.espanol.bestbuy.com.

28  Although SpeedTrack's allegations herein are descriptive of www.bestbuy.com, such allegations are

-99-

equally applicable to all websites owned and/or operated by Best Buy during the time period starting on September 23, 2003 up to and including August 6, 2013 that operated in essentially the same manner as www.bestbuy.com with respect to the infringement allegations contained herein.

287.   SpeedTrack first gave written notice to Best Buy of the '360 patent and of Best Buy's infringement of the '360 patent on or about December 20, 2006.

**A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY BEST BUY**

       **1.      CLAIM 1 OF THE '360 PATENT**

             **a)      Preamble of Claim 1 of the '360 Patent**

288.   Best Buy owns and operates a website located on the Internet at http://www.bestbuy.com.  Upon information and belief, Best Buy's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage systems, and one or more computers used by Best Buy to interact with the web servers and the data storage systems (hereinafter collectively "Best Buy's website").

289.   Upon information and belief, the computer system of Best Buy's website has, among other things: (1) means for reading and writing data from the data storage system including device drivers (the software that controls the data storage system including formatting data) and associated hardware; (2) means for displaying information (computer displays); and (3) means for accepting user input (keyboard or mouse, and associated driver(s)).

290.   Customers and potential customers, who are at a location that is remote from Best Buy's computer system of its website, use their computers to communicate with Best Buy's website.

291.   Upon information and belief, Best Buy stores many files on these data storage systems for the various products offered for sale by Best Buy or its partners on www.bestbuy.com.  For example, upon information and belief, for each product offered for sale on the Best Buy website, there is at least one file, i.e., collection of data or information stored on Best Buy's computer system, for such product.  The collection of data or information includes text pertaining to the product and/or one or more pictures of the product.

292.    Best Buy interacts with the web servers and the data storage systems of its website in order to, among other things, permit the creation and editing of data for the files in the data storage system.  A true and correct screenshot taken on or about July 9, 2008 of the Best Buy webpage showing the Canon VIXIA Digital Camcorder offered for sale by Best Buy, with a red box added, is reproduced below.  An example of the collection of information or data (or at least a portion thereof) that comprises a file stored on Best Buy's computer system is depicted below in the red box below:



293.    Upon information and belief, each file stored on Best Buy's data storage system has a file name.  For example, for the file depicted above, the file name is "Canon - VIXIA 3.3MP High-Definition Digital Camcorder with Flash Memory – Silver."

Second Amended and Supplemental
Complaint for Patent Infringement

1

**b)**      **Step (a) of Claim 1 of the '360 Patent**

2      294.    Step (a) of claim 1 of the '360 patent requires that a "category description table" be

3  initially created in the computer system.  Upon information and belief, Best Buy defines a number of

4  category descriptions in the computer system of its website prior to its creation of a file information

5  directory (step (b)) and prior to its creation of a search filter (step (c)).

6      295.    For example, Best Buy configured its website for the sale of digital point and shoot

7  cameras.  A customer or potential customer ("user") who visited Best Buy's website

8  (www.bestbuy.com) on or about July 9, 2008 would have instructed the Best Buy website to display

9  the Best Buy landing page in his or her browser.  A true and correct screenshot taken on or about

10  July 9, 2008 of the landing page of www.bestbuy.com showing the pull-down menu at "Cameras &

11  Camcorders" is reproduced below, with the red oval added:

12
13
14
15
16      
17
18
19
20
21
22
23

24      296.    Upon reaching the above webpage, a user looking for camcorders could have clicked

25  the link "Camcorders" from the pull down menu above, thereby instructing Best Buy's website to

26  display the below webpage in the user's browser.  A true and correct screenshot taken on or about

27
28

July 9, 2008 of the webpage displayed after selecting "Camcorders" on www.bestbuy.com is reproduced below:



297.    On the above webpage, Best Buy presented to the user a list, on the left side of the screen, of a plurality of additional linked names that are descriptive of something about at least one of Best Buy's stored files (i.e., descriptions in alphabetic form), including, but not limited to, "DVD," "Hard Drive," "High-Definition," "MiniDV," "Flash Memory," "Kids Camcorders," "Current Offers," "On Sale," "Special Offers," "Free Shipping," "Package Deals," "Online Only," "Outlet Center," "Brand," "Sony," "Canon," "JVC," "DXG," "Panasonic," "Aiptek," "Pure Digital," "Samsung," "Price Range," "$50 - $99.99," "$100 - $149.99," "$150 - $199.99," "$200 - $249.99," "$250 - $499.99," "$500 - $749.99," "$750 - $999.99," "$1000 - $1249," "$1250 - $1499," "$3000 and Up," "Optical Zoom," "Up to 15x," "16x-25x," "Above 25x," "Digital Zoom, "2x," "4x," "8x," "12x," "20x," "80x," "200x," "300x," "LCD Screen Size," "2.4" and Under," "2.5" - 2.9"," "3.0" and Up," "Color Category," "Black," "Silver/Gray," "Blue," "White," "Red," "Pink," "Multi," "Orange," "Status," "New Arrivals," "Pre-Order," "Collection," "Pro Shop," and "Small Business."

-103-

These terms, and the term "Camcorders" from the above webpages, are descriptive of something about at least one of Best Buy's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

298.   Upon information and belief, Best Buy created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

299.   Upon information and belief, the category descriptions contained in the category description table created by Best Buy have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

### c)   Step (b) of Claim 1 of the '360 Patent

300.   Upon information and belief, after Best Buy creates the category description table in the computer system of its website (step (a)) and before Best Buy creates a search filter in the computer system of its website (step (b)), Best Buy created a directory in the computer system of its website comprising information corresponding to at least one file on the data storage system of the Best Buy website.  Upon information and belief, this directory has, among other things, a plurality of entries, wherein each entry corresponds to at least one file stored on Best Buy's data storage system of its website and wherein the files contained information for the products offered for sale on Best Buy's website.  This directory is hereinafter referred to as a "file information directory."

301.   Upon information and belief, each entry of Best Buy's file information directory also included a unique identifier for each corresponding file, which may include a file name for the file.

302.   Upon information and belief, each entry of Best Buy's file information directory corresponding to a file on Best Buy's data storage system also included *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a

1    description in alphabetic form of something about a stored file (option 2).  To the extent that Best

2    Buy's website operates using option 1, Best Buy literally meets this element of step (b) of claim 1

3    and literally infringes the claims of the '360 patent.  To the extent that Best Buy's website operates

4    using option 2, Best Buy meets this element of step (b) of claim 1 under the doctrine of equivalents

5    and infringes the claims of the '360 patent under the doctrine of equivalents.

6         303.   Upon information and belief, Best Buy's file information directory contained, for

7    example, an entry for the file for the Canon - VIXIA 3.3MP High-Definition Digital Camcorder

8    with Flash Memory – Silver ("Canon VIXIA Digital Camcorder") and, upon information and belief,

9    such file had a file name, "Canon - VIXIA 3.3MP High-Definition Digital Camcorder with Flash

10   Memory – Silver."  Upon information and belief, this entry in Best Buy's file information directory

11   did not contain the file itself, but instead contained, among other things, a unique identifier for the

12   file, such as, for example, information for the location of the file in Best Buy's data storage system.

13        304.   Upon information and belief, this entry in Best Buy's file information directory also

14   contained *either*: (1) information selected from the category description table that includes a

15   description in alphabetic form of something about a stored file, such as, for example, "Canon," High

16   Definition," "$750-$999.99," and "Silver/Gray" (option 1); *or* (2) a set of identifiers, each uniquely

17   associated with, and therefore representative of, information stored in the category description table

18   that includes a description in alphabetic form of something about a stored file, such as, for example,

19   identifiers that are uniquely associated with, and therefore representative of, "Canon," High

20   Definition," "$750-$999.99," and "Silver/Gray" (option 2).

21            **d)    Step (c) of Claim 1 of the '360 Patent**

22        305.   After Best Buy created the category description table in the computer system of its

23   website (step (a)) and after Best Buy created the file information directory in the computer system of

24   its website (step (b)), the user of Best Buy's website engages in a search for a camcorder by

25   instructing the Best Buy to create within its computer system one or more search filters.  Starting at

26   Best Buy's landing page (www.bestbuy.com), the user could have selected "Camcorders," as

27

28

-105-

1  demonstrated above in Paragraph 295, which would instruct Best Buy's website to present the user

2  with lists of category descriptions, as also demonstrated above in Paragraphs 296-297.

3       306.   For example, from the webpage that Best Buy displays after the user selects

4  "Camcorder," the user could have first selected the category description "Canon" which corresponds

5  to a "Brand" of camcorders.  The Best Buy webpage includes the indication in the parenthetical next

6  to the term "Canon" of "(25)" meaning that, upon information and belief, at that time Best Buy had

7  categorized 25 files on the computer system of its website as being camcorders that were branded

8  "Canon" and stored entries for the files for those camcorders in its file information directory.

9  Alternatively, the user could have selected any other available category description.  A true and

10  correct screenshot taken on or about July 9, 2008 of the webpage displayed after selecting

11  "Camcorders" with the red oval being added is reproduced below:



26       307.   Upon information and belief, selection by the user of the category description

27  "Canon" from the webpage depicted above instructed the computer system of the Best Buy website

1    to create a search filter and conduct a search of the information stored in the Best Buy website for all

2    "Canon" branded camcorders by, upon information and belief, searching the category descriptions

3    of each stored entry in the file information directory for a logical match to the category descriptions

4    of the defined search filter.  Accordingly, upon information and belief, Best Buy created a filter in

5    the computer system of its website to search for all files associated with the category description

6    "Canon" as a brand of camcorders, hereinafter referred to as a "search filter."

7            308.   Upon information and belief, for the category description "Canon," as a brand of

8    camcorders, that comprises the above-described search filter, there is guaranteed to be at least one

9    entry in the Best Buy file information directory associated with those category descriptions, because

10   the Best Buy website only presented category descriptions to the user for which such entries existed,

11   i.e., the Best Buy website did not present any category descriptions to the user for which no such

12   entries existed.  This is demonstrated by the fact that, in the screenshot above, each category

13   description available for the selection by the user has associated with it a number that is greater than

14   zero, which, upon information and belief, indicates that the number of files associated with that

15   category description in the file information directory is greater than zero.

16           309.   Upon application of the search filter by Best Buy, the Best Buy computer system

17   returned a webpage to the user showing, upon information and belief, the matching Canon brand

18   camcorders together with the remaining category descriptions that match the Canon brand

19   camcorders.  The Best Buy computer system further removed all other category descriptions that are

20   unrelated to the Canon brand camcorders as were previously associated by Best Buy in the file

21   information directory, making such removed category descriptions unselectable.  A true and correct

22   screenshot taken on or about July 9, 2008 of the webpage displayed after selecting the category

23   description "Canon" with the red oval being added is reproduced below:

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15    310.    From the webpage returned to the user by the Best Buy website after the Best Buy

16  computer system created and applied the search filter having the category description "Canon," the

17  user could have next selected the category description "High Definition" for the Canon brand

18  camcorders in the Best Buy computer system.  The Best Buy webpage includes the indication in the

19  parenthetical next to the term "High Definition" of "(6)" meaning that, upon information and belief,

20  at that time Best Buy had categorized 6 files on the computer system (file information directory) of

21  its website as being camcorders that were both branded "Canon" and are "High Definition."

22  Alternatively, the user could have selected any other available category description.

23    311.    Upon information and belief, selection by the user of the category description "High

24  Definition" from the webpage depicted above instructed the computer system of the Best Buy

25  website to create and conduct a search of the information stored in the Best Buy website for all

26  "Canon" branded camcorders that are also "High Definition."  Accordingly, Best Buy created a filter

27  in the computer system of its website to search for all camcorders that are both "Canon" branded

28

1  *and* are "High Definition" by, upon information and belief, searching the category descriptions of

2  each stored entry in the file information directory for a logical match to the category descriptions of

3  the defined search filter.  Thus, upon information and belief, the Best Buy website searched for both

4  category descriptions with the "and" logical connector, all of which comprised the "search filter" in

5  this instance.

6        312.   Upon information and belief, for the category descriptions "Canon" brand and "High

7  Definition" joined by the connector "and" (the search filter in this instance), there is guaranteed to

8  be at least one entry in the Best Buy file information directory for a camcorder having been

9  associated by Best Buy with both the category descriptions "Canon" and "High Definition," because

10  the Best Buy website only presented category descriptions to the user for which such entries existed,

11  i.e., the Best Buy website did not present any category descriptions to the user for which no such

12  entries existed.  This is demonstrated by the fact that, in the screenshot above, each category

13  description available for the selection by the user has associated with it a number that is greater than

14  zero.

15        313.   Upon application of this search filter by Best Buy, the Best Buy computer system

16  returned to the user a webpage showing, upon information and belief, the matching high definition,

17  Canon brand camcorders together with the remaining category descriptions that match the high

18  definition, Canon brand camcorders.  The Best Buy computer system further removed all other

19  category descriptions that are unrelated to the high definition, Canon brand camcorders as were

20  previously associated by Best Buy in the file information directory.   A true and correct screenshot

21  taken on or about July 9, 2008 of the webpage displayed after selecting the category description

22  "Canon" and the category description "High Definition," with the red oval being added, is

23  reproduced below:



314.    From the webpage returned to the user by the Best Buy website after the Best Buy

computer system created and applied the search filter having the category descriptions "Canon" and

"High Definition," the user could have next selected the category description for the price "$750-

$999.99" (shown in the red oval in the above screenshot) to further narrow the search and narrow

the number of results returned to 3, as this is the number depicted next to that category description.

For the reasons described above, the Best Buy computer system creates a search filter comprising

these three category descriptions and two "and" logical connectors: "Canon" and "High Definition"

and "$750-$999.99" and, for the reasons discussed above, the Best Buy computer system of its

website guaranteed at least one entry in the Best Buy file information directory associated with these

three category descriptions because the Best Buy website only presented category descriptions to the

user for which such entries existed.

315.    Upon application of this search filter by Best Buy, the Best Buy computer system

returned to the user a webpage showing, upon information and belief, the matching high definition,

Canon brand camcorders priced between $750 to $999.99 together with the remaining category

descriptions that match these remaining camcorders by, upon information and belief, searching the

category descriptions of each stored entry in the file information directory for a logical match to the

category descriptions of the defined search filter.  The Best Buy computer system further removed

all other category descriptions that are unrelated to the high definition, Canon brand camcorders

priced between $750-$999.99 as were previously associated by Best Buy in the file information

directory. A true and correct screenshot taken on or about July 9, 2008 of the webpage displayed

after selecting the category description "Canon," the category description "High Definition," and the

category description "$750-$999.99," with the red oval being added, is reproduced below:



316.    From the webpage returned to the user by the Best Buy website after the Best Buy

computer system created and applied the search filter having the category descriptions "Canon,"

"High Definition," and "$750-$999.99," the user could have next selected the category description

"Silver/Gray" to further narrow the search and narrow the number of results returned to 1, as this is

the number depicted next to that category description.  For the reasons described above, the Best

Buy computer system created a search filter comprising these four category descriptions and three "and" logical connectors: "Canon" and "High Definition" and "$750 - $999.99" and "Silver/Gray" and, for the reasons discussed above, the Best Buy computer system of its website guaranteed at least one entry in the Best Buy file information directory associated with these four category descriptions because the Best Buy website only presented category descriptions to the user for which such entries existed.

317.   Upon application of this search filter by Best Buy, the Best Buy computer system returned to the user a webpage showing, upon information and belief, the single, matching high definition, silver/gray, Canon brand camcorder priced between $750 to $999.99 by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter. The Best Buy computer system further removed all other category descriptions that are unrelated to the matching Canon camcorder.  A true and correct screenshot taken on or about July 9, 2008 of the webpage displayed after selecting the category description "Canon," the category description "High Definition," the category description "$750-$999.99," and the category description "Silver/Gray," with the red oval being added, is reproduced below:



318.   From the above webpage, the user could have instructed the Best Buy computer to display the file for the matching Canon camcorder by clicking on the file name located within the red oval above.   A true and correct screenshot taken on or about July 9, 2008 of the webpage displayed after selecting the name of the matching Canon camcorder shown in the screenshot above is reproduced below:

Second Amended and Supplemental
Complaint for Patent Infringement



319.   As the Canon VIXIA Digital Camcorder is the only product having a file on the Best Buy computer system for which Best Buy associated in its file information directory the four category descriptions "Canon," "High Definition," "$750-$999.99," and "Silver/Gray," the Best Buy website sends a webpage to the user depicting that product and no other selectable category descriptions.

320.   These were not the only search filters that the user could have instructed Best Buy's computer system to create to locate the file for the Canon VIXIA Digital Camcorder.  For example, the user could have selected other category descriptions, such as, "High Definition," then "$750-$999.99", then "200x," and lastly "Silver/Gray" to reach the Canon VIXIA Digital Camcorder.

## 2.    CLAIM 2 OF THE '360 PATENT

321.   Upon information and belief, if Best Buy follows option 2 described above in Paragraph 302, then the category descriptions in Best Buy's computer system include a "user defined category name" (where the user (person or other computer) is Best Buy, which chooses and

-114-

1    identifies category names) and a "unique category description identifier" created by the Best Buy

2    computer system.

3    **3.      CLAIM 7 OF THE '360 PATENT**

4          322.    As discussed and depicted above in Paragraphs 305-317 herein, the Best Buy

5    computer system creates search filters, and, when it does so, it disables category descriptions which,

6    if added to the search filter, would not match the category descriptions of at least one entry in the

7    file information directory.  The Best Buy computer system further accepts user input selecting at

8    least one category description as a component of the search filter.

9    **4.      CLAIM 11 OF THE '360 PATENT**

10         323.    Upon information and belief, if Best Buy follows option 2 described above in

11   Paragraph 302, each category description comprises a user defined category description name and a

12   unique category description identifier created by the computer system.  Further, the computer

13   system of the Best Buy website displayed the name of each file in the file information directory

14   having category description identifiers matching the category description identifiers of the category

15   descriptions in the search filter, as shown in the example below, for the search filter including the

16   category descriptions "Canon" and "High Definition" for camcorders.  The below is a true and

17   correct screenshot taken on or about July 9, 2008 of the webpage displayed by Best Buy for the

18   search filter comprising the category descriptions "Canon" and "High Definition."  The red oval has

19   been added to show, upon information and belief, the file name for one of the matching files:

20

21

22

23

24

25

26

27

28



5.    **CLAIM 15 OF THE '360 PATENT**

    a)    **Preamble of Claim 15 of the '360 Patent**

324.    As discussed in more detail in Paragraphs 288-291 herein, Best Buy owns and operates a website located on the Internet at http://www.bestbuy.com.   Upon information and belief, Best Buy's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by Best Buy to interact with the web servers and the data storage systems.  Best Buy stores files in its data storage system and such files were accessible by Best Buy.

    b)    **Element (a) of Claim 15 of the '360 Patent**

325.    As discussed in more detail in Paragraph 291 herein, upon information and belief, Best Buy's website stores a plurality of files in its data storage system.

1

### c) Element (b) of Claim 15 of the '360 Patent

2    326.   As discussed in more detail in Paragraphs 294-299 herein, upon information and

3    belief, Best Buy, as a user (person or another computer), chooses and identifies a plurality of

4    category descriptions, wherein each category description comprises a descriptive name, and wherein

5    the category descriptions have no predefined hierarchical relationship with such list or each other,

6    i.e., they are not organized into a single tree structure in which category descriptions are ranked into

7    levels of subordination; each category description has zero, one, or more subordinates; and no

8    category description has more than one superordinate component.

9

### d) Element (c) of Claim 15 of the '360 Patent

10   327.   Upon information and belief, the computer system of the Best Buy website comprises,

11   among other things, the means plus function limitation of a "file association means for associating at

12   least one file with at least one category description selected from the plurality of previously defined

13   category descriptions," which, as disclosed in the specification of the '360 patent, is at least a

14   general purpose computer that was programmed to perform steps to associate at least one file, or an

15   identifier for such file, with at least one category description and/or unique identifier associated with

16   a category description that is selected from the plurality of previously defined category descriptions

17   and to store, in a directory, the file or its identifier and the associated category descriptions and/or

18   their identifiers, as described herein at Paragraphs 300-304.

19

### e) Element (d) of Claim 15 of the '360 Patent

20   328.   Upon information and belief, the computer system of the Best Buy website comprised,

21   among other things, the means plus function limitation of a "category linking means for linking at

22   least one linking category description to at least one linked category description, such that if a

23   specific file is associated with a linking category description, the user must also associate that

24   specific file with at least one of the linked category descriptions corresponding to the linking

25   category description," which, as disclosed in the specification of the '360 patent, is at least a general

26   purpose computer that was programmed to perform steps to allow the input and storage of one or

27   more additional category descriptions and/or identifiers to the plurality of user-defined category

28

-117-

1    descriptions and/or identifiers already stored in the computer system of the Best Buy website, as

2    described herein at Paragraphs 300-304.

3                    **f)       Element (e) of Claim 15 of the '360 Patent**

4           329.   Upon information and belief, the Best Buy website contained linking category

5    descriptions, e.g., category descriptions that are associated with one or more other category

6    descriptions (linked category descriptions), such that, when the linking category description is

7    associated with a file, such file must also be associated with one or more of these other category

8    descriptions.

9           330.   Upon information and belief, the Best Buy website also contained linked category

10   descriptions, e.g., a category description that is associated with one or more other category

11   descriptions (linking category descriptions) such that, when a linking category description is

12   associated with a file, at least one of the category descriptions (linked category descriptions) that are

13   associated with the linking category descriptions are also associated with the file.

14          331.   An example of a linking category description contained in the computer system of the

15   Best Buy website is the term "Brand," as depicted and described above in Paragraph 306 herein.

16   Upon information and belief, when the term "Brand" is associated with a file, that file must also be

17   associated with one or more other category descriptions, such as a specific brand name, for example,

18   "Sony," "Canon," or "JVC," as depicted above in Paragraph 306 herein.

19          332.   Examples of linked category descriptions contained in the computer system of the

20   Best Buy website are the terms "Sony," "Canon," and "JVC," as depicted and described above in

21   Paragraph 306 herein.  Upon information and belief, when the term "Brand" is associated with a file,

22   that file must also be associated with one or more other category descriptions, such as a specific

23   brand name, for example, "Sony," "Canon," or "JVC," as depicted above in Paragraph 306.

24          333.   Upon information and belief, the computer system of the Best Buy website comprised,

25   among other things, the means plus function limitation of a "category linking means for linking at

26   least one linking category description to at least one linked category description, such that if a

27   specific file is associated with a linking category description, the user must also associate that

28

specific file with at least one of the linked category descriptions corresponding to the linking category description," which, as disclosed in the specification of the '360 patent, is at least a general purpose computer that was programmed to perform steps to allow one or more category descriptions stored in the plurality of category descriptions to be characterized as a linking category description and associating such characterization with the category description; allowing one or more category descriptions stored in the plurality of category descriptions in the system to be characterized as a linked category description; and associating each linking category description with one or more linked category descriptions.  Upon information and belief, if a file is associated with a linking category description, then Best Buy also associates that file with one of the linked category descriptions corresponding to the linked category description, as described herein at Paragraphs 300-304.

**6.    CLAIM 20 OF THE '360 PATENT**

**a)    Preamble of Claim 20 of the '360 Patent**

334.   Best Buy performed a method for accessing files in the data storage system of the computer system that comprised its website.  As discussed above in Paragraphs 288-289 herein, the Best Buy computer system had means for reading and writing data from the data storage system, displaying information, and accepting user input.  As discussed above in Paragraphs 292-293, the files located on the Best Buy data storage system had a file name, e.g., "Canon - VIXIA 3.3MP High-Definition Digital Camcorder with Flash Memory – Silver."

**b)    Step (a) of Claim 20 of the '360 Patent**

335.   As discussed above in Paragraphs 294-299 herein, Best Buy initially (i.e., before steps (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other.

**c)    Step (b) of Claim 20 of the '360 Patent**

336.   As discussed above in Paragraphs 300-304 herein, Best Buy thereafter (i.e., after performing step (a) of claim 1) accepted user input (i.e., input from an Best Buy person or other

-119-

computers) associating with a file at least one category description from at least one defined list. Upon information and belief, Best Buy associated *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of something about a stored file  (option 2).  To the extent that Best Buy's website operates using option 1, Best Buy literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360 patent.  To the extent that Best Buy's website operates using option 2, Best Buy meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

### d)      Step (c) of Claim 20 of the '360 Patent

337.   As discussed above in Paragraphs 300-304 herein, Best Buy stored in the data storage system of the computer system of its website a file record containing at least the file name, file location information, and the associated category descriptions for the file.  As discussed above, Best Buy operated using either option 1 or option 2 described in the Paragraph above.

### e)      Step (d) of Claim 20 of the '360 Patent

338.   As discussed above in Paragraphs 305-317 herein, Best Buy's website displayed from each defined list, as selectable items, only those category descriptions associated with at least one file.

### f)      Step (e) of Claim 20 of the '360 Patent

339.   As discussed above in Paragraphs 305-317 herein, Best Buy's computer system of its website accepted user positional input defining a search filter of at least one category description selected from at least one displayed defined list.

### g)      Step (f) of Claim 20 of the '360 Patent

340.   As discussed above in Paragraphs 305-317 herein, Best Buy's computer system for its website automatically disabled, in the computer system, selectability of all other category

1   descriptions in each displayed list that do not have associated files which are also associated with the

2   category descriptions of the defined search filter.

3   **h)      Step (g) of Claim 20 of the '360 Patent**

4   341.   As discussed above in Paragraphs 305-317, Best Buy searched, in its computer system

5   of its website, the category descriptions of each stored file record for a logical match to the category

6   descriptions of the defined search filter.

7   **i)      Step (h) of Claim 20 of the '360 Patent**

8   342.   As discussed and depicted above in Paragraphs 305-317, Best Buy displayed the file

9   names of all file records having category descriptions that logically match each category description

10  of the defined search filter.

11  **7.      CLAIM 21 OF THE '360 PATENT**

12  343.   As discussed above in Paragraphs 317-318 herein, Best Buy, via the computer system

13  for its website, accepted user input selecting at least one file from the displayed file names and it

14  accessed each selected file on its data storage system using the file location information from the file

15  record associated with each corresponding selected file.

16  **8.      CLAIM 22 OF THE '360 PATENT**

17  344.   As discussed above in Paragraphs 305-317 herein, upon information and belief, the

18  category descriptions of the search filter are logically combined in the search filter.  Further, upon

19  information and belief, the set of category descriptions that are logically combined in the search

20  filter were selected by choosing one category description at a time, in any order, as described herein

21  in Paragraphs 305-317 and 320.

22  **B.      INDIRECT INFRINGEMENT OF THE '360 PATENT BY BEST BUY**

23  345.   Upon information and belief, at all times during the time period starting on September

24  23, 2003 up to and including August 6, 2013, Defendant Best Buy indirectly infringed claims 1-2, 7,

25  11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others,

26  including, but not limited to, visitors to its websites in the United States who searched for products

27  available for sale on the websites by selecting pre-defined categories descriptive of the products.

28

1  Best Buy's acts of inducing infringement were conducted with knowledge of the '360 patent, and,

2  upon information and belief, with knowledge that such acts by visitors to its websites would

3  constitute direct infringement of claims of the '360 patent.

4        346.   Upon information and belief, at all times during the time period starting on September

5  23, 2003 up to and including August 6, 2013, Defendant Best Buy indirectly infringed claims 1-2, 7,

6  11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its

7  websites in the United States, the use of software for use in practicing the patented process(es) of the

8  '360 patent and constituting a material part of the invention, knowing the same to be especially

9  made or especially adapted for use in an infringement of the '360 patent, and not a staple article or

10  commodity of commerce suitable for substantial non-infringing use.  Best Buy's acts of contributory

11  infringement were conducted with knowledge of the '360 patent, and, upon information and belief,

12  with knowledge that acts by visitors to its websites when using Best Buy's website would constitute

13  direct infringement of claims of the '360 patent.

14        347.   Upon information and belief, Defendant Best Buy's foregoing acts of direct and

15  indirect infringement were willful.

16        348.   As a result of Defendant Best Buy's infringement, Plaintiff SpeedTrack has suffered

17  monetary damages in an amount not yet determined.

18                **IX.   <ins>SIXTH CLAIM FOR RELIEF</ins>**

19        **Against Defendant Systemax For Infringement Of U.S. Patent No. 5,544,360**

20        349.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4,

21  12, and 22-29 of this Complaint as though fully set forth herein.

22        350.   Upon information and belief, at all times during the time period starting on September

23  23, 2003 up to and including August 6, 2013, Defendant Systemax directly infringed claims 1-2, 7,

24  11, 15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

25  selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

26  the websites to search for products available for sale (i.e., search for files stored in a data storage

27  system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

28

the website at http://www.tigerdirect.com ("www.tigerdirect.com").  SpeedTrack's allegations are

not limited to www.tigerdirect.com, but rather include all websites owned and/or operated by

Defendants Systemax, Inc., or its subsidiaries, NA Tech Direct, Inc., Pocahontas Corporation, SYX

North America Tech Holdings LLC, or Global Computer Supplies, Inc., or their legal predecessors,

during the time period starting on September 23, 2003 up to and including August 6, 2013 that

operated in essentially the same manner as www.tigerdirect.com with respect to the infringement

allegations contained herein, including, but not limited to, http://www.globalcomputer.com,

http://www.compusa.com, and http://www.circuitcity.com.  Although SpeedTrack's allegations

herein are descriptive of www.tigerdirect.com, such allegations are equally applicable to all websites

owned and/or operated by Defendants Systemax, Inc., NA Tech Direct, Inc., Pocahontas

Corporation, SYX North America Tech Holdings LLC, or Global Computer Supplies, Inc. during

the time period starting on September 23, 2003 up to and including August 6, 2013 that operated in

essentially the same manner as www.tigerdirect.com with respect to the infringement allegations

contained herein.

351.   SpeedTrack first gave written notice to Systemax of the '360 patent and of Systemax's

infringement of the '360 patent on or about December 20, 2006.

**A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY SYSTEMAX**

**1.      CLAIM 1 OF THE '360 PATENT**

**a)      Preamble of Claim 1 of the '360 Patent**

352.   Defendant NA Tech Direct, Inc.'s legal predecessor Tiger Direct, Inc. owned and

operated a website located on the Internet at http://www.tigerdirect.com (hereinafter "Systemax's

website") during the relevant time period (September 23, 2003 to August 6, 2013).  Upon

information and belief, Systemax's website is hosted on a computer system comprising, among

other things, one or more web servers, one or more data storage systems, and one or more computers

used by Systemax to interact with the web servers and the data storage systems (hereinafter

collectively "Systemax's website").

353.   Upon information and belief, the computer system of Systemax's website has, among

1    other things: (1) means for reading and writing data from the data storage system including device

2    drivers (the software that controls the data storage system including formatting data) and associated

3    hardware; (2) means for displaying information (computer displays); and (3) means for accepting

4    user input (keyboard or mouse, and associated driver(s)).

5        354.   Customers and potential customers, who are at a location that is remote from

6    Systemax's computer system of its website, use their computers to communicate with Systemax's

7    website.

8        355.   Upon information and belief, Systemax stores many files on these data storage

9    systems for the various products offered for sale by Systemax or its partners on

10   www.tigerdirect.com.  For example, upon information and belief, for each product offered for sale

11   on the Systemax website, there is at least one file, i.e., collection of data or information stored on

12   Systemax's computer system, for such product.  The collection of data or information includes text

13   pertaining to the product and/or one or more pictures of the product.

14       356.   Systemax interacts with the web servers and the data storage systems of its website in

15   order to, among other things, permit the creation and editing of data for the files in the data storage

16   system.  A true and correct screenshot taken on or about July 11, 2008 of the Systemax webpage

17   showing the Optiquest LCD Monitor offered for sale by Systemax, with a red box added, is

18   reproduced below.  An example of the collection of information or data (or at least a portion thereof)

19   that comprises a file stored on Systemax's computer system is depicted below in the red box below:

20

21

22

23

24

25

26

27

28

Case No. 4:09-CV-04479-JSW                                    Second Amended and Supplemental
                                                              Complaint for Patent Infringement
1311385

1
2
3
4
5
6
7
8
9
10
11
12



13    357.   Upon information and belief, each file stored on Systemax's data storage system has a

14  file name.  For example, for the file depicted above, the file name is "Optiquest Q2162wb 21.6"

15  Widescreen LCD Monitor - 5ms, 1000:1, 1680x1050 (WSXGA+), VGA, Black."

16        **b)        Step (a) of Claim 1 of the '360 Patent**

17    358.   Step (a) of claim 1 of the '360 patent requires that a "category description table" be

18  initially created in the computer system.  Upon information and belief, Systemax defines a number

19  of category descriptions in the computer system of its website prior to its creation of a file

20  information directory (step (b)) and prior to its creation of a search filter (step (c)).

21    359.   For example, Systemax configured its website for the sale of computer monitors

22  among other things.  A customer or potential customer ("user") who visited Systemax's website

23  (www.tigerdirect.com) on or about July 11, 2008 would have instructed the Systemax website to

24  display the Systemax landing page in his or her browser.  A true and correct screenshot taken on or

25  about July 11, 2008 of the landing page of www.tigerdirect.com is reproduced below, with the red

26  oval added:

27

28

1

2

3

4

5

6

7

8

9

10

11



12   360.   Upon reaching the above webpage, a user looking for computer monitors could have

13   clicked the link "Monitors & LCDs," thereby instructing Systemax's website to display the below

14   webpage in the user's browser.  A true and correct screenshot taken on or about July 11, 2008 of the

15   webpage displayed after selecting "Monitors & LCDs" on www.tigerdirect.com is reproduced

16   below:

17

18

19

20

21



22

23

24

25

26

27

28   361.   On the above webpage, Systemax presented to the user a list, on the left side of the

-126-

screen, of a plurality of additional linked names that are descriptive of something about at least one of Systemax's stored files (i.e., descriptions in alphabetic form).  On its website, Systemax  presents lists of many such names, including, but not limited to, "Manufacturers," "Acer," "Asus," "Dell," "Hyundai IT Corp," "LG Electronics," "Optiquest powered by Viewsonic," "Samsung," "Sceptre Technologies," "Sylvania," "ViewSonic," "Famous Brand," "Planar Systems," "BenQ," "HP," "NEC Display Solutions," "Joy Systems," "SVA," "DCLCD," "Lenovo," "Gvision," Hyvision / Megavision," "Hannspree," "Hanns G," "I-Inc," "Westinghouse," "Price Range," "$100 to $199," "$200 to $499," "$500 to $999," "More than $1000," "Display Type," "TFT ActiveMatrix," "TFT LCD," "Touch Screen LCD," "Touchscreen LCD," "Widescreen LCD," "Widescreen Plasma Display," "Viewable Screen Size," "14 inches," "15 inches," "16 inches," "17 inches," "18 inches," "19 inches," "20 inches," "20.1 inches," "21.6 inches," "22 inches," "23 inches," "24 inches," "25.5 inches," "26 inches," "28 inches," "30 inches," "32 inches," "40 inches," "46 inches," "50 inches," "Contrast Ratio," "10,000:1," "1000:1," "1200:1," "2000:1," "2500:1," "300:1," "Maximum Resolution," "1024 x 768," "1280 x 1024," "1280 x 1024 @ 60Hz," "1280 x 768," "1366 x 768," "1440 x 900," "1600 x 1200," "1680 x 1050," "1920 x 1080 @ 60Hz (compressed)," "1920 x 1200," and "2560 x 1600."  These terms, and the term "Monitors & LCDs" from the above webpages, are descriptive of something about at least one of Systemax's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

362.   Upon information and belief, Systemax created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

363.   Upon information and belief, the category descriptions contained in the category description table created by Systemax have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

1

### c) Step (b) of Claim 1 of the '360 Patent

2        364.   Upon information and belief, after Systemax creates the category description table in

3 the computer system of its website (step (a)) and before Systemax creates a search filter in the

4 computer system of its website (step (b)), Systemax created a directory in the computer system of its

5 website comprising information corresponding to at least one file on the data storage system of the

6 Systemax website.  Upon information and belief, this directory has, among other things, a plurality

7 of entries, wherein each entry corresponds to at least one file stored on Systemax's data storage

8 system of its website and wherein the files contained information for the products offered for sale on

9 Systemax's website.  This directory is hereinafter referred to as a "file information directory."

10       365.   Upon information and belief, each entry of Systemax's file information directory also

11 included a unique identifier for each corresponding file, which may include a file name for the file.

12       366.   Upon information and belief, each entry of Systemax's file information directory

13 corresponding to a file on Systemax's data storage system also included *either*: (1) information

14 selected from the category description table that includes a description in alphabetic form of

15 something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with,

16 and therefore representative of, information stored in the category description table that includes a

17 description in alphabetic form of something about a stored file (option 2).  To the extent that

18 Systemax's website operates using option 1, Systemax literally meets this element of step (b) of

19 claim 1 and literally infringes the claims of the '360 patent.  To the extent that Systemax's website

20 operates using option 2, Systemax meets this element of step (b) of claim 1 under the doctrine of

21 equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

22       367.   Upon information and belief, Systemax's file information directory contained, for

23 example, an entry for the file for the Optiquest Q2162wb 21.6" Widescreen LCD Monitor - 5ms,

24 1000:1, 1680x1050 (WSXGA+), VGA, Black ("Optiquest LCD Monitor") and, upon information

25 and belief, such file had a file name, "Optiquest Q2162wb 21.6" Widescreen LCD Monitor - 5ms,

26 1000:1, 1680x1050 (WSXGA+), VGA, Black."  Upon information and belief, this entry in

27 Systemax's file information directory did not contain the file itself, but instead contained, among

28

1    other things, a unique identifier for the file, such as, for example, information for the location of the

2    file in Systemax's data storage system.

3        368.   Upon information and belief, this entry in Systemax's file information directory also

4    contained *either*: (1) information selected from the category description table that includes a

5    description in alphabetic form of something about a stored file, such as, for example, "LCDs –

6    21.6"/22"," "Optiquest Powered by ViewSonic," and "$100-$199" (option 1); *or* (2) a set of

7    identifiers, each uniquely associated with, and therefore representative of, information stored in the

8    category description table that includes a description in alphabetic form of something about a stored

9    file, such as, for example, identifiers that are uniquely associated with, and therefore representative

10   of, "LCDs – 21.6"/22"," "Optiquest Powered by ViewSonic," and "$100-$199" (option 2).

11            **d)      Step (c) of Claim 1 of the '360 Patent**

12       369.   After Systemax created the category description table in the computer system of its

13   website (step (a)) and after Systemax created the file information directory in the computer system

14   of its website (step (b)), the user of Systemax's website engages in a search for a computer monitor

15   by instructing the Systemax to create within its computer system one or more search filters.  Starting

16   at Systemax's landing page (www.tigerdirect.com), the user could have selected "Monitors &

17   LCDs," as demonstrated above in Paragraph 359, which would instruct Systemax's website to

18   present the user with lists of category descriptions, as also demonstrated above in Paragraph 360.

19       370.   For example, from the webpage that Systemax displays after the user selects

20   "Monitors & LCDs," the user could have first selected the category description "LCDs – 21.6"/22"."

21   The Systemax webpage includes the indication in the parenthetical next to the term "LCDs –

22   21.6"/22"" of "(43)" meaning that, upon information and belief, at that time Systemax had

23   categorized 43 files on the computer system of its website as being monitors and LCDs that were

24   LCDs – 21.6"/22" and stored entries for the files for those monitors and LCDs in its file information

25   directory.  Alternatively, the user could have selected any other available category description.  A

26   true and correct screenshot taken on or about July 11, 2008 of the webpage displayed after selecting

27   "Monitors & LCDs" with the red oval being added is reproduced below:

28

-129-



371.   Upon information and belief, selection by the user of the category description "LCDs – 21.6"/22"" from the webpage depicted above instructed the computer system of the Systemax website to create a search filter and conduct a search of the information stored in the Systemax website for all "LCDs – 21.6"/22"" monitors and LCDs by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter.  Accordingly, upon information and belief, Systemax created a filter in the computer system of its website to search for all files associated with the category description "LCDs – 21.6"/22"," hereinafter referred to as a "search filter."

372.   Upon information and belief, for the category description "LCDs – 21.6"/22""that comprises the above-described search filter, there is guaranteed to be at least one entry in the Systemax file information directory associated with those category descriptions, because the Systemax website only presented category descriptions to the user for which such entries existed, i.e., the Systemax website did not present any category descriptions to the user for which no such entries existed.  This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero, which, upon information and belief, indicates that the number of files associated with that

-130-

1   category description in the file information directory is greater than zero.

2        373.   Upon application of the search filter by Systemax, the Systemax computer system

3   returned a webpage to the user showing, upon information and belief, the matching LCDs –

4   21.6"/22" monitors and LCDs together with the remaining category descriptions that match those

5   monitors.  The Systemax computer system further removed all other category descriptions that are

6   unrelated to the LCDs – 21.6"/22" monitors as were previously associated by Systemax in the file

7   information directory, making such removed category descriptions unselectable.  A true and correct

8   screenshot taken on or about July 11, 2008 of the webpage displayed after selecting the category

9   description "LCDs – 21.6"/22"" with the red oval being added is reproduced below:



21        374.   From the webpage returned to the user by the Systemax website after the Systemax

22   computer system created and applied the search filter having the category description "LCDs –

23   21.6"/22"," the user could have next selected the category description "Optiquest Powered by

24   ViewSonic" in the Systemax computer system.  The Systemax webpage includes the indication in

25   the parenthetical next to the term "Optiquest Powered by ViewSonic" of "(2)" meaning that, upon

26   information and belief, at that time Systemax had categorized 2 files on the computer system (file

27   information directory) of its website as being monitors and LCDs that were both "LCDs –

28

21.6"/22"" and are "Optiquest Powered by ViewSonic." Alternatively, the user could have selected any other available category description.

375. Upon information and belief, selection by the user of the category description "Optiquest Powered by ViewSonic" from the webpage depicted above instructed the computer system of the Systemax website to create and conduct a search of the information stored in the Systemax website for all "LCDs – 21.6"/22"" monitors and LCDs that are also "Optiquest Powered by ViewSonic." Accordingly, Systemax created a filter in the computer system of its website to search for all monitors and LCDs that are both "LCDs – 21.6"/22"" *and* are "Optiquest Powered by ViewSonic" by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter. Thus, upon information and belief, the Systemax website searched for both category descriptions with the "and" logical connector, all of which comprised the "search filter" in this instance.

376. Upon information and belief, for the category descriptions "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic" joined by the connector "and" (the search filter in this instance), there is guaranteed to be at least one entry in the Systemax file information directory for a camcorder having been associated by Systemax with both the category descriptions "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic," because the Systemax website only presented category descriptions to the user for which such entries existed, i.e., the Systemax website did not present any category descriptions to the user for which no such entries existed. This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero.

377. Upon application of this search filter by Systemax, the Systemax computer system returned to the user a webpage showing, upon information and belief, the matching LCDs – 21.6"/22", Optiquest Powered by ViewSonic brand monitor and LCDs together with the remaining category descriptions that match the LCDs – 21.6"/22", Optiquest Powered by ViewSonic brand monitor and LCDs. The Systemax computer system further removed all other category descriptions

-132-

that are unrelated to the LCDs – 21.6"/22", Optiquest Powered by ViewSonic brand monitor and LCDs as were previously associated by Systemax in the file information directory.   A true and correct screenshot taken on or about July 11, 2008 of the webpage displayed after selecting the category description "LCDs – 21.6"/22"" and the category description "Optiquest Powered by ViewSonic," with the red oval being added, is reproduced below:



378.    From the webpage returned to the user by the Systemax website after the Systemax computer system created and applied the search filter having the category descriptions "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic," the user could have next selected the category description for the price $100-$199" (shown in the red oval in the above screenshot) to further narrow the search and narrow the number of results returned to 1, as this is the number depicted next to that category description.  For the reasons described above, the Systemax computer system creates a search filter comprising these three category descriptions and two "and" logical connectors: "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic" and "$100-$199" and, for the reasons discussed above, the Systemax computer system of its website guaranteed at least one entry in the Systemax file information directory associated with these three category descriptions because the Systemax website only presented category descriptions to the user for which such

-133-

1    entries existed.

2        379.   Upon application of this search filter by Systemax, the Systemax computer system

3    returned to the user a webpage showing, upon information and belief, the single, matching LCDs –

4    21.6"/22", Optiquest Powered by ViewSonic monitors and LCDs priced between $100-199 by, upon

5    information and belief, searching the category descriptions of each stored entry in the file

6    information directory for a logical match to the category descriptions of the defined search filter.

7    The Systemax computer system further removed all other category descriptions that are unrelated to

8    the matching Optiquest LCD Monitor.  A true and correct screenshot taken on or about July 11,

9    2008 of the webpage displayed after selecting the category description "LCDs – 21.6"/22"," the

10   category description "Optiquest Powered by ViewSonic," the category description "$100-199," with

11   the red oval being added, is reproduced below:



24       380.   From the above webpage, the user could have instructed the Systemax computer to

25   display the file for the matching Optiquest LCD Monitor  by clicking on the file name located within

26   the red oval above.   A true and correct screenshot taken on or about July 11, 2008 of the webpage

27   displayed after selecting the name of the matching Optiquest LCD Monitor shown in the screenshot

28   above is reproduced below:

1
2
3
4
5
6
7
8
9
10
11



12    381.    As the Canon VIXIA Digital Camcorder is the only product having a file on the

13  Systemax computer system for which Systemax associated in its file information directory the three

14  category descriptions "LCDs – 21.6"/22"," "Optiquest Powered by ViewSonic," and "$100-199,"

15  the Systemax website sends a webpage to the user depicting that product and no other selectable

16  category descriptions.

17    382.    These were not the only search filters that the user could have instructed Systemax's

18  computer system to create to locate the file for the Canon VIXIA Digital Camcorder.  For example,

19  the user could have selected other category descriptions, such as, "LCDs – 21.6"/22"," then "$100-

20  199," and lastly "Optiquest Powered by ViewSonic" to reach the Canon VIXIA Digital Camcorder.

21    **2.    CLAIM 2 OF THE '360 PATENT**

22    383.    Upon information and belief, if Systemax follows option 2 described above in

23  Paragraph 366, then the category descriptions in Systemax's computer system include a "user

24  defined category name" (where the user (person or other computer) is Systemax, which chooses and

25  identifies category names) and a "unique category description identifier" created by the Systemax

26  computer system.

27

28

### 3.   CLAIM 7 OF THE '360 PATENT

384.   As discussed and depicted above in Paragraphs 369-379 herein, the Systemax computer system creates search filters, and, when it does so, it disables category descriptions which, if added to the search filter, would not match the category descriptions of at least one entry in the file information directory.  The Systemax computer system further accepts user input selecting at least one category description as a component of the search filter.

### 4.   CLAIM 11 OF THE '360 PATENT

385.   Upon information and belief, if Systemax follows option 2 described above in Paragraph 366, each category description comprises a user defined category description name and a unique category description identifier created by the computer system.  Further, the computer system of the Systemax website displayed the name of each file in the file information directory having category description identifiers matching the category description identifiers of the category descriptions in the search filter, as shown in the example below, for the search filter including the category descriptions "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic" for monitors and LCDs.  The below is a true and correct screenshot taken on or about July 11, 2008 of the webpage displayed by Systemax for the search filter comprising the category descriptions "LCDs – 21.6"/22"" and "Optiquest Powered by ViewSonic."  The red oval has been added to show, upon information and belief, the file name for one of the matching files:

-136-



**5.**      **CLAIM 15 OF THE '360 PATENT**

      **a)**      **Preamble of Claim 15 of the '360 Patent**

386.   As discussed in more detail in Paragraphs 352-355 herein, Systemax owns and operates a website located on the Internet at http://www.tigerdirect.com.   Upon information and belief, Systemax's website is hosted on a computer system comprising, among other things, one or more web servers, one or more data storage system, and one or more computers used by Systemax to interact with the web servers and the data storage systems.  Systemax stores files in its data storage system and such files were accessible by Systemax.

      **b)**      **Element (a) of Claim 15 of the '360 Patent**

387.   As discussed in more detail in Paragraph 355 herein, upon information and belief, Systemax's website stores a plurality of files in its data storage system.

      **c)**      **Element (b) of Claim 15 of the '360 Patent**

388.   As discussed in more detail in Paragraphs 358-363 herein, upon information and belief, Systemax, as a user (person or another computer), chooses and identifies a plurality of category descriptions, wherein each category description comprises a descriptive name, and wherein the category descriptions have no predefined hierarchical relationship with such list or each other,

-137-

1   i.e., they are not organized into a single tree structure in which category descriptions are ranked into

2   levels of subordination; each category description has zero, one, or more subordinates; and no

3   category description has more than one superordinate component.

4           **d)**      **Element (c) of Claim 15 of the '360 Patent**

5        389.   Upon information and belief, the computer system of the Systemax website comprises,

6   among other things, the means plus function limitation of a "file association means for associating at

7   least one file with at least one category description selected from the plurality of previously defined

8   category descriptions," which, as disclosed in the specification of the '360 patent, is at least a

9   general purpose computer that was programmed to perform steps to associate at least one file, or an

10   identifier for such file, with at least one category description and/or unique identifier associated with

11   a category description that is selected from the plurality of previously defined category descriptions

12   and to store, in a directory, the file or its identifier and the associated category descriptions and/or

13   their identifiers, as described herein at Paragraphs 364-368.

14           **e)**      **Element (d) of Claim 15 of the '360 Patent**

15        390.   Upon information and belief, the computer system of the Systemax website

16   comprised, among other things, the means plus function limitation of a "category linking means for

17   linking at least one linking category description to at least one linked category description, such that

18   if a specific file is associated with a linking category description, the user must also associate that

19   specific file with at least one of the linked category descriptions corresponding to the linking

20   category description," which, as disclosed in the specification of the '360 patent, is at least a general

21   purpose computer that was programmed to perform steps to allow the input and storage of one or

22   more additional category descriptions and/or identifiers to the plurality of user-defined category

23   descriptions and/or identifiers already stored in the computer system of the Systemax website, as

24   described herein at Paragraphs 364-368.

25           **f)**      **Element (e) of Claim 15 of the '360 Patent**

26        391.   Upon information and belief, the Systemax website contained linking category

27   descriptions, e.g., category descriptions that are associated with one or more other category

28

-138-

1    descriptions (linked category descriptions), such that, when the linking category description is

2    associated with a file, such file must also be associated with one or more of these other category

3    descriptions.

4        392.   Upon information and belief, the Systemax website also contained linked category

5    descriptions, e.g., a category description that is associated with one or more other category

6    descriptions (linking category descriptions) such that, when a linking category description is

7    associated with a file, at least one of the category descriptions (linked category descriptions) that are

8    associated with the linking category descriptions are also associated with the file.

9        393.   An example of a linking category description contained in the computer system of the

10   Systemax website is the term "Brand," as depicted and described above in Paragraph 373 herein.

11   Upon information and belief, when the term "Brand" is associated with a file, that file must also be

12   associated with one or more other category descriptions, such as a specific brand name, for example,

13   "Acer," "HP," or "ViewSonic," as depicted above in Paragraph 373 herein.

14       394.   Examples of linked category descriptions contained in the computer system of the

15   Systemax website are the terms "Acer," "HP," and "Viewsonic," as depicted and described above in

16   Paragraph 373 herein.  Upon information and belief, when the term "Brand" is associated with a file,

17   that file must also be associated with one or more other category descriptions, such as a specific

18   brand name, for example, "Acer," "HP," or "ViewSonic," as depicted above in Paragraph 373.

19       395.   Upon information and belief, the computer system of the Systemax website

20   comprised, among other things, the means plus function limitation of a "category linking means for

21   linking at least one linking category description to at least one linked category description, such that

22   if a specific file is associated with a linking category description, the user must also associate that

23   specific file with at least one of the linked category descriptions corresponding to the linking

24   category description," which, as disclosed in the specification of the '360 patent, is at least a general

25   purpose computer that was programmed to perform steps to allow one or more category descriptions

26   stored in the plurality of category descriptions to be characterized as a linking category description

27   and associating such characterization with the category description; allowing one or more category

28

-139-

1  descriptions stored in the plurality of category descriptions in the system to be characterized as a

2  linked category description; and associating each linking category description with one or more

3  linked category descriptions.  Upon information and belief, if a file is associated with a linking

4  category description, then Systemax also associates that file with one of the linked category

5  descriptions corresponding to the linked category description, as described herein at Paragraphs 364-

6  368.

7  **6.      CLAIM 20 OF THE '360 PATENT**

8  **a)      Preamble of Claim 20 of the '360 Patent**

9  396.   Systemax performed a method for accessing files in the data storage system of the

10  computer system that comprised its website.  As discussed above in Paragraphs 352-353 herein, the

11  Systemax computer system had means for reading and writing data from the data storage system,

12  displaying information, and accepting user input.  As discussed above in Paragraphs 356-357, the

13  files located on the Systemax data storage system had a file name, e.g., "Optiquest Q2162wb 21.6"

14  Widescreen LCD Monitor - 5ms, 1000:1, 1680x1050 (WSXGA+), VGA, Black."

15  **b)      Step (a) of Claim 20 of the '360 Patent**

16  397.   As discussed above in Paragraphs 358-363 herein, Systemax initially (i.e., before steps

17  (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of category

18  descriptions, each category description comprising a descriptive name, the category descriptions

19  having no predefined hierarchical relationship with such list or each other.

20  **c)      Step (b) of Claim 20 of the '360 Patent**

21  398.   As discussed above in Paragraphs 364-368 herein, Systemax thereafter (i.e., after

22  performing step (a) of claim 1) accepted user input (i.e., input from an Systemax person or other

23  computers) associating with a file at least one category description from at least one defined list.

24  Upon information and belief, Systemax associated *either*: (1) information selected from the category

25  description table that includes a description in alphabetic form of something about a stored file

26  (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of,

27  information stored in the category description table that includes a description in alphabetic form of

28

-140-

something about a stored file  (option 2).  To the extent that Systemax's website operates using option 1, Systemax literally meets this element of step (b) of claim 20 and literally infringes the claims of the '360 patent.  To the extent that Systemax's website operates using option 2, Systemax meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

**d)    Step (c) of Claim 20 of the '360 Patent**

399.    As discussed above in Paragraphs 364-368 herein, Systemax stored in the data storage system of the computer system of its website a file record containing at least the file name, file location information, and the associated category descriptions for the file.  As discussed above, Systemax operated using either option 1 or option 2 described in the Paragraph above.

**e)    Step (d) of Claim 20 of the '360 Patent**

400.    As discussed above in Paragraphs 369-379 herein, Systemax's website displayed from each defined list, as selectable items, only those category descriptions associated with at least one file.

**f)    Step (e) of Claim 20 of the '360 Patent**

401.    As discussed above in Paragraphs 369-379 herein, Systemax's computer system of its website accepted user positional input defining a search filter of at least one category description selected from at least one displayed defined list.

**g)    Step (f) of Claim 20 of the '360 Patent**

402.    As discussed above in Paragraphs 369-379 herein, Systemax's computer system for its website automatically disabled, in the computer system, selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined search filter.

**h)    Step (g) of Claim 20 of the '360 Patent**

403.    As discussed above in Paragraphs 369-379, Systemax searched, in its computer system of its website, the category descriptions of each stored file record for a logical match to the category descriptions of the defined search filter.

Second Amended and Supplemental
Complaint for Patent Infringement

1

i)      **Step (h) of Claim 20 of the '360 Patent**

2       404.    As discussed and depicted above in Paragraphs 369-379, Systemax displayed the file

3  names of all file records having category descriptions that logically match each category description

4  of the defined search filter.

5       **7.      CLAIM 21 OF THE '360 PATENT**

6       405.    As discussed above in Paragraphs 379-380 herein, Systemax, via the computer system

7  for its website, accepted user input selecting at least one file from the displayed file names and it

8  accessed each selected file on its data storage system using the file location information from the file

9  record associated with each corresponding selected file.

10      **8.      CLAIM 22 OF THE '360 PATENT**

11      406.    As discussed above in Paragraphs 369-379 herein, upon information and belief, the

12  category descriptions of the search filter are logically combined in the search filter.  Further, upon

13  information and belief, the set of category descriptions that are logically combined in the search

14  filter were selected by choosing one category description at a time, in any order as described herein

15  in Paragraphs 369-379 and 382.

16  **B.      INDIRECT INFRINGEMENT OF THE '360 PATENT BY SYSTEMAX**

17      407.    Upon information and belief, at all times during the time period starting on September

18  23, 2003 up to and including August 6, 2013, Defendant Systemax indirectly infringed claims 1-2,

19  7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others,

20  including, but not limited to, visitors to its websites in the United States who searched for products

21  available for sale on the websites by selecting pre-defined categories descriptive of the products.

22  Systemax's acts of inducing infringement were conducted with knowledge of the '360 patent, and,

23  upon information and belief, with knowledge that such acts by visitors to its websites would

24  constitute direct infringement of claims of the '360 patent.

25      408.    Upon information and belief, at all times during the time period starting on September

26  23, 2003 up to and including August 6, 2013, Defendant Systemax indirectly infringed claims 1-2,

27  7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its

28

-142-

1    websites in the United States, the use of software for use in practicing the patented process(es) of the

2    '360 patent and constituting a material part of the invention, knowing the same to be especially

3    made or especially adapted for use in an infringement of the '360 patent, and not a staple article or

4    commodity of commerce suitable for substantial non-infringing use.  Systemax's acts of

5    contributory infringement were conducted with knowledge of the '360 patent, and, upon information

6    and belief, with knowledge that acts by visitors to its websites when using Systemax's website

7    would constitute direct infringement of claims of the '360 patent.

8          409.   Upon information and belief, Defendant Systemax's foregoing acts of direct and

9    indirect infringement were willful.

10         410.   As a result of Defendant Systemax's infringement, Plaintiff SpeedTrack has suffered

11   monetary damages in an amount not yet determined.

12              **X.     SEVENTH CLAIM FOR RELIEF**

13         **Against Defendant OfficeMax For Infringement Of U.S. Patent No. 5,544,360**

14         411.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4,

15   13, and 22-29 of this Complaint as though fully set forth herein.

16         412.   Upon information and belief, at all times during the time period starting on September

17   23, 2003 up to and including August 6, 2013, Defendant OfficeMax directly infringed claims 1-2, 7,

18   11, 15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

19   selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

20   the websites to search for products available for sale (i.e., search for files stored in a data storage

21   system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

22   the website at http://www.officemax.com ("www.officemax.com").  SpeedTrack's allegations are

23   not limited to www.officemax.com, but rather include all websites owned and/or operated by

24   OfficeMax during the time period starting on September 23, 2003 up to and including August 6,

25   2013 that operated in essentially the same manner as www.officemax.com with respect to the

26   infringement allegations contained herein.  Although SpeedTrack's allegations herein are descriptive

27   of www.officemax.com, such allegations are equally applicable to all websites owned and/or

28

1   operated by OfficeMax during the time period starting on September 23, 2003 up to and including

2   August 6, 2013 that operated in essentially the same manner as www.officemax.com with respect to

3   the infringement allegations contained herein.

4       413.   SpeedTrack first gave written notice to OfficeMax of the '360 patent and of

5   OfficeMax's infringement of the '360 patent on or about December 20, 2006.

6   **A.      DIRECT INFRINGEMENT OF THE '360 PATENT BY OFFICEMAX**

7       **1.      CLAIM 1 OF THE '360 PATENT**

8           **a)      Preamble of Claim 1 of the '360 Patent**

9       414.   OfficeMax owns and operates a website located on the Internet at

10  http://www.officemax.com.  Upon information and belief, OfficeMax's website is hosted on a

11  computer system comprising, among other things, one or more web servers, one or more data

12  storage systems, and one or more computers used by OfficeMax to interact with the web servers and

13  the data storage systems (hereinafter collectively "OfficeMax's website").

14      415.   Upon information and belief, the computer system of OfficeMax's website has, among

15  other things: (1) means for reading and writing data from the data storage system including device

16  drivers (the software that controls the data storage system including formatting data) and associated

17  hardware; (2) means for displaying information (computer displays); and (3) means for accepting

18  user input (keyboard or mouse, and associated driver(s)).

19      416.   Customers and potential customers, who are at a location that is remote from

20  OfficeMax's computer system of its website, use their computers to communicate with OfficeMax's

21  website.

22      417.   Upon information and belief, OfficeMax stores many files on these data storage

23  systems for the various products offered for sale by OfficeMax or its partners on

24  www.officemax.com.  For example, upon information and belief, for each product offered for sale

25  on the OfficeMax website, there is at least one file, i.e., collection of data or information stored on

26  OfficeMax's computer system, for such product.  The collection of data or information includes text

27  pertaining to the product and/or one or more pictures of the product.

28

418.   OfficeMax interacts with the web servers and the data storage systems of its website in order to, among other things, permit the creation and editing of data for the files in the data storage system.  A true and correct screenshot taken on or about July 14, 2008 of the OfficeMax webpage showing the Western Digital 1 TB External Hard Drive offered for sale by OfficeMax, with a red box added, is reproduced below.  An example of the collection of information or data (or at least a portion thereof) that comprises a file stored on OfficeMax's computer system is depicted below in the red box below:



419.   Upon information and belief, each file stored on OfficeMax's data storage system has a file name.  For example, for the file depicted above, the file name is "Western Digital 1TB My Book External Hard Drive."

    b)   **Step (a) of Claim 1 of the '360 Patent**

420.   Step (a) of claim 1 of the '360 patent requires that a "category description table" be initially created in the computer system.  Upon information and belief, OfficeMax defines a number

1    of category descriptions in the computer system of its website prior to its creation of a file

2    information directory (step (b)) and prior to its creation of a search filter (step (c)).

3        421.    For example, OfficeMax configured its website for the sale of computer hard drives,

4    among other things.  A customer or potential customer ("user") who visited OfficeMax's website

5    (www.officemax.com) on or about July 14, 2008 would have instructed the OfficeMax website to

6    display the OfficeMax landing page in his or her browser.  A true and correct screenshot taken on or

7    about July 14, 2008 of the landing page of www.officemax.com is reproduced below, with the red

8    oval added, and showing the pull down menu for the letter "H":



22        422.    Upon reaching the above webpage, a user looking for hard drives could have clicked

23    the link "Hard Drives & Storage," thereby instructing OfficeMax's website to display the below

24    webpage in the user's browser.  A true and correct screenshot taken on or about July 14, 2008 of the

25    webpage displayed after selecting "Hard Drives & Storage" on www.officemax.com is reproduced

26    below:

1

2

3

4

5

6

7

8

9

10

11

12

13

14



15      423.   On the above webpage, OfficeMax presented to the user a list, on the left side of the

16  screen, of a plurality of additional linked names that are descriptive of something about at least one

17  of OfficeMax's stored files (i.e., descriptions in alphabetic form).  On its website, OfficeMax

18  presents lists of many such names, including, but not limited to, "Category," "External Hard

19  Drives," "USB Flash Drives," "Computer Memory," "Portable Hard Drives," "Direct Attached

20  Storage," "DVD Drives," "Fire & Waterproof Data Storage," "Internal Hard Drives," "Carry Cases

21  for Storage Drives," "Clearance Peripherals & Hard Drives," "Brand," "ACP," "Adaptec,"

22  "Buffalo," "Carter's," "Case Logic," "Centon," "HP," "LaCie," "Lexar," "Linksys," "Maxtor,"

23  "Memorex," "Netdisk," "Pointe," "Sandisk," "Seagate," "SentrySafe," "SimpleTech,"

24  "SnowDrive," "Toshiba," "Verbatim," "Western Digital," "Price," "$6 to $58.99," "$59 to $98.99,"

25  "$99 to $124.99," "$125 to $198.99," "$199 to $2000," "Capacity," "512MB," "1GB," "4GB,"

26  "8GB," "60GB," "160GB," "250GB," "320GB," "500GB," "750GB," "1TB," "2TB," "3TB,"

27  "4TB," "2GB," "250 GB," "1000 GB," "160 GB," "320 GB," "Rotational Speed," "5400 RPMs,"

28  "7200 RPMs," "USB," and "2.0."  These terms, and the term "Hard Drives & Storage" from the

-147-

1    above webpage, are descriptive of something about at least one of OfficeMax's stored files (i.e.,

2    descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

3        424.   Upon information and belief, OfficeMax created in its computer system a table

4    containing at least one list of at least the category descriptions identified in the paragraph above,

5    which is hereinafter referred to as a "category description table."

6        425.   Upon information and belief, the category descriptions contained in the category

7    description table created by OfficeMax have no predefined hierarchical relationship with such list or

8    each other, i.e., they are not organized into a single tree structure in which category descriptions are

9    ranked into levels of subordination; each category description has zero, one, or more subordinates;

10   and no category description has more than one superordinate component.

11            c)    **Step (b) of Claim 1 of the '360 Patent**

12       426.   Upon information and belief, after OfficeMax creates the category description table in

13   the computer system of its website (step (a)) and before OfficeMax creates a search filter in the

14   computer system of its website (step (b)), OfficeMax created a directory in the computer system of

15   its website comprising information corresponding to at least one file on the data storage system of

16   the OfficeMax website.  Upon information and belief, this directory has, among other things, a

17   plurality of entries, wherein each entry corresponds to at least one file stored on OfficeMax's data

18   storage system of its website and wherein the files contained information for the products offered for

19   sale on OfficeMax's website.  This directory is hereinafter referred to as a "file information

20   directory."

21       427.   Upon information and belief, each entry of OfficeMax's file information directory

22   also included a unique identifier for each corresponding file, which may include a file name for the

23   file.

24       428.   Upon information and belief, each entry of OfficeMax's file information directory

25   corresponding to a file on OfficeMax's data storage system also included *either*: (1) information

26   selected from the category description table that includes a description in alphabetic form of

27   something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with,

28

-148-

1   and therefore representative of, information stored in the category description table that includes a

2   description in alphabetic form of something about a stored file (option 2).  To the extent that

3   OfficeMax's website operates using option 1, OfficeMax literally meets this element of step (b) of

4   claim 1 and literally infringes the claims of the '360 patent.  To the extent that OfficeMax's website

5   operates using option 2, OfficeMax meets this element of step (b) of claim 1 under the doctrine of

6   equivalents and infringes the claims of the '360 patent under the doctrine of equivalents.

7        429.   Upon information and belief, OfficeMax's file information directory contained, for

8   example, an entry for the file for the Western Digital 1TB My Book External Hard Drive ("Western

9   Digital Hard Drive") and, upon information and belief, such file had a file name, "Western Digital

10  1TB My Book External Hard Drive."  Upon information and belief, this entry in OfficeMax's file

11  information directory did not contain the file itself, but instead contained, among other things, a

12  unique identifier for the file, such as, for example, information for the location of the file in

13  OfficeMax's data storage system.

14        430.   Upon information and belief, this entry in OfficeMax's file information directory also

15  contained *either*: (1) information selected from the category description table that includes a

16  description in alphabetic form of something about a stored file, such as, for example, "External Hard

17  Drives," "Western Digital," and "1 TB" (option 1); *or* (2) a set of identifiers, each uniquely

18  associated with, and therefore representative of, information stored in the category description table

19  that includes a description in alphabetic form of something about a stored file, such as, for example,

20  identifiers that are uniquely associated with, and therefore representative of, "External Hard Drives,"

21  "Western Digital," and "1 TB" (option 2).

22        **d)     Step (c) of Claim 1 of the '360 Patent**

23        431.   After OfficeMax created the category description table in the computer system of its

24  website (step (a)) and after OfficeMax created the file information directory in the computer system

25  of its website (step (b)), the user of OfficeMax's website engages in a search for a hard drive by

26  instructing the OfficeMax to create within its computer system one or more search filters.  Starting

27  at OfficeMax's landing page (www.officemax.com), the user could have selected "Hard Drives &

28

-149-

1   Storage," as demonstrated above in Paragraph 421, which would instruct OfficeMax's website to

2   present the user with lists of category descriptions, as also demonstrated above in Paragraph 422.

3        432.   For example, from the webpage that OfficeMax displays after the user selects "Hard

4   Drives & Storage," the user could have first selected the category description "External Hard

5   Drives."  The OfficeMax webpage includes the indication in the parenthetical next to the term

6   "External Hard Drives" of "(28)" meaning that, upon information and belief, at that time OfficeMax

7   had categorized 28 files on the computer system of its website as being "Hard Drives & Storage"

8   that were external hard drives and stored entries for the files for those hard drives in its file

9   information directory.  Alternatively, the user could have selected any other available category

10  description.  A true and correct screenshot taken on or about July 14, 2008 of the webpage displayed

11  after selecting "Hard Drives & Storage" with the red oval being added is reproduced below:



12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  433.   Upon information and belief, selection by the user of the category description

27  "External Hard Drives" from the webpage depicted above instructed the computer system of the

28

-150-

OfficeMax website to create a search filter and conduct a search of the information stored in the OfficeMax website for all "External Hard Drives" by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter.  Accordingly, upon information and belief, OfficeMax created a filter in the computer system of its website to search for all files associated with the category description "External Hard Drives," hereinafter referred to as a "search filter."

434.   Upon information and belief, for the category description "External Hard Drives" that comprises the above-described search filter, there is guaranteed to be at least one entry in the OfficeMax file information directory associated with those category descriptions, because the OfficeMax website only presented category descriptions to the user for which such entries existed, i.e., the OfficeMax website did not present any category descriptions to the user for which no such entries existed.  This is demonstrated by the fact that, in the screenshot above, each category description available for the selection by the user has associated with it a number that is greater than zero, which, upon information and belief, indicates that the number of files associated with that category description in the file information directory is greater than zero.

435.   Upon application of the search filter by OfficeMax, the OfficeMax computer system returned a webpage to the user showing, upon information and belief, the matching External Hard Drives together with the remaining category descriptions that match those hard drives.  The OfficeMax computer system further removed all other category descriptions that are unrelated to the External Hard Drives as were previously associated by OfficeMax in the file information directory, making such removed category descriptions unselectable.  A true and correct screenshot taken on or about July 14, 2008 of the webpage displayed after selecting the category description "External Hard Drives" with the red oval being added is reproduced below:



436.   From the webpage returned to the user by the OfficeMax website after the OfficeMax computer system created and applied the search filter having the category description "External Hard Drives," the user could have next selected the category description "Western Digital" in the OfficeMax computer system.  The OfficeMax webpage includes the indication in the parenthetical next to the term "Western Digital" of "(3)" meaning that, upon information and belief, at that time OfficeMax had categorized 3 files on the computer system (file information directory) of its website as being hard drives that were both "External Hard Drives" and are "Western Digital." Alternatively, the user could have selected any other available category description.

437.   Upon information and belief, selection by the user of the category description "Western Digital" from the webpage depicted above instructed the computer system of the OfficeMax website to create and conduct a search of the information stored in the OfficeMax website for all "External Hard Drives" that are also "Western Digital."  Accordingly, OfficeMax created a filter in the computer system of its website to search for all hard drives and storage that are

-152-

1   both "External Hard Drives" *and* are "Western Digital" by, upon information and belief, searching

2   the category descriptions of each stored entry in the file information directory for a logical match to

3   the category descriptions of the defined search filter.  Thus, upon information and belief, the

4   OfficeMax website searched for both category descriptions with the "and" logical connector, all of

5   which comprised the "search filter" in this instance.

6          438.   Upon information and belief, for the category descriptions "External Hard Drives" and

7   "Western Digital" joined by the connector "and" (the search filter in this instance), there is

8   guaranteed to be at least one entry in the OfficeMax file information directory for a camcorder

9   having been associated by OfficeMax with both the category descriptions "External Hard Drives"

10  and "Western Digital," because the OfficeMax website only presented category descriptions to the

11  user for which such entries existed, i.e., the OfficeMax website did not present any category

12  descriptions to the user for which no such entries existed.  This is demonstrated by the fact that, in

13  the screenshot above, each category description available for the selection by the user has associated

14  with it a number that is greater than zero.

15         439.   Upon application of this search filter by OfficeMax, the OfficeMax computer system

16  returned to the user a webpage showing, upon information and belief, the matching Western Digital

17  External Hard Drives together with the remaining category descriptions that match the Western

18  Digital External Hard Drives.  The OfficeMax computer system further removed all other category

19  descriptions that are unrelated to the Western Digital External Hard Drives as were previously

20  associated by OfficeMax in the file information directory.   A true and correct screenshot taken on or

21  about July 14, 2008 of the webpage displayed after selecting the category description "External

22  Hard Drives" and the category description "Western Digital," with the red oval being added, is

23  reproduced below:

24

25

26

27

28



440.   From the webpage returned to the user by the OfficeMax website after the OfficeMax computer system created and applied the search filter having the category descriptions "External Hard Drives" and "Western Digital," the user could have next selected the category description for "1 TB" (shown in the red oval in the above screenshot) to further narrow the search and narrow the number of results returned to 1, as this is the number depicted next to that category description. For the reasons described above, the OfficeMax computer system creates a search filter comprising these three category descriptions and two "and" logical connectors: "External Hard Drives" and "Western Digital" and "1 TB" and, for the reasons discussed above, the OfficeMax computer system of its website guaranteed at least one entry in the OfficeMax file information directory associated with these three category descriptions because the OfficeMax website only presented category descriptions to the user for which such entries existed.

441.   Upon application of this search filter by OfficeMax, the OfficeMax computer system returned to the user a webpage showing, upon information and belief, the single, matching Western Digital 1 TB External Hard Drive by, upon information and belief, searching the category descriptions of each stored entry in the file information directory for a logical match to the category descriptions of the defined search filter.   The OfficeMax computer system further removed all other category descriptions that are unrelated to the matching Western Digital Hard Drive.   A true and correct screenshot taken on or about July 14, 2008 of the webpage displayed after selecting the category description "External Hard Drives," the category description "Western Digital," the category description "1 TB," with the red oval being added, is reproduced below:



442.   As the Western Digital 1TB My Book External Hard Drive is the only product having a file on the OfficeMax computer system for which OfficeMax associated in its file information directory the three category descriptions "External Hard Drives," "Western Digital," and "1 TB," the

1   OfficeMax website sends a webpage to the user depicting that product and no other selectable

2   category descriptions, as shown in the paragraph above.

3   443.   These were not the only search filters that the user could have instructed OfficeMax's

4   computer system to create to locate the file for the Western Digital 1TB My Book External Hard

5   Drive.  For example, the user could have selected other category descriptions, such as, "$199-

6   $2000," then "Western Digital"" to reach the Western Digital 1TB My Book External Hard Drive.

7   **2.      CLAIM 2 OF THE '360 PATENT**

8   444.   Upon information and belief, if OfficeMax follows option 2 described above in

9   Paragraph 428, then the category descriptions in OfficeMax's computer system include a "user

10  defined category name" (where the user (person or other computer) is OfficeMax, which chooses

11  and identifies category names) and a "unique category description identifier" created by the

12  OfficeMax computer system.

13  **3.      CLAIM 7 OF THE '360 PATENT**

14  445.   As discussed and depicted above in Paragraphs 431-441 herein, the OfficeMax

15  computer system creates search filters, and, when it does so, it disables category descriptions which,

16  if added to the search filter, would not match the category descriptions of at least one entry in the

17  file information directory.  The OfficeMax computer system further accepts user input selecting at

18  least one category description as a component of the search filter.

19  **4.      CLAIM 11 OF THE '360 PATENT**

20  446.   Upon information and belief, if OfficeMax follows option 2 described above in

21  Paragraph 428, each category description comprises a user defined category description name and a

22  unique category description identifier created by the computer system.  Further, the computer

23  system of the OfficeMax website displayed the name of each file in the file information directory

24  having category description identifiers matching the category description identifiers of the category

25  descriptions in the search filter, as shown in the example below, for the search filter including the

26  category descriptions "External Hard Drives" and "Western Digital" for Hard Drives and Storage.

27  The below is a true and correct screenshot taken on or about July 14, 2008 of the webpage displayed

28

-156-

by OfficeMax for the search filter comprising the category descriptions "External Hard Drives" and

"Western Digital."  The red oval has been added to show, upon information and belief, the file name

for one of the matching files:



5.   **CLAIM 15 OF THE '360 PATENT**

a)   **Preamble of Claim 15 of the '360 Patent**

447.   As discussed in more detail in Paragraphs 414-417 herein, OfficeMax owns and

operates a website located on the Internet at http://www.officemax.com.   Upon information and

belief, OfficeMax's website is hosted on a computer system comprising, among other things, one or

more web servers, one or more data storage system, and one or more computers used by OfficeMax

to interact with the web servers and the data storage systems.  OfficeMax stores files in its data

storage system and such files were accessible by OfficeMax.

1

          **b)**       **Element (a) of Claim 15 of the '360 Patent**

2

     448.   As discussed in more detail in Paragraph 417 herein, upon information and belief,

3

OfficeMax's website stores a plurality of files in its data storage system.

4

          **c)**       **Element (b) of Claim 15 of the '360 Patent**

5

     449.   As discussed in more detail in Paragraphs 420-425 herein, upon information and

6

belief, OfficeMax, as a user (person or another computer), chooses and identifies a plurality of

7

category descriptions, wherein each category description comprises a descriptive name, and wherein

8

the category descriptions have no predefined hierarchical relationship with such list or each other,

9

i.e., they are not organized into a single tree structure in which category descriptions are ranked into

10

levels of subordination; each category description has zero, one, or more subordinates; and no

11

category description has more than one superordinate component.

12

          **d)**       **Element (c) of Claim 15 of the '360 Patent**

13

     450.   Upon information and belief, the computer system of the OfficeMax website

14

comprises, among other things, the means plus function limitation of a "file association means for

15

associating at least one file with at least one category description selected from the plurality of

16

previously defined category descriptions," which, as disclosed in the specification of the '360 patent,

17

is at least a general purpose computer that was programmed to perform steps to associate at least one

18

file, or an identifier for such file, with at least one category description and/or unique identifier

19

associated with a category description that is selected from the plurality of previously defined

20

category descriptions and to store, in a directory, the file or its identifier and the associated category

21

descriptions and/or their identifiers, as described herein at Paragraphs 426-430.

22

          **e)**       **Element (d) of Claim 15 of the '360 Patent**

23

     451.   Upon information and belief, the computer system of the OfficeMax website

24

comprised, among other things, the means plus function limitation of a "category linking means for

25

linking at least one linking category description to at least one linked category description, such that

26

if a specific file is associated with a linking category description, the user must also associate that

27

specific file with at least one of the linked category descriptions corresponding to the linking

28

category description," which, as disclosed in the specification of the '360 patent, is at least a general purpose computer that was programmed to perform steps to allow the input and storage of one or more additional category descriptions and/or identifiers to the plurality of user-defined category descriptions and/or identifiers already stored in the computer system of the OfficeMax website, as described herein at Paragraphs 426-430.

### f)       Element (e) of Claim 15 of the '360 Patent

452.   Upon information and belief, the OfficeMax website contained linking category descriptions, e.g., category descriptions that are associated with one or more other category descriptions (linked category descriptions), such that, when the linking category description is associated with a file, such file must also be associated with one or more of these other category descriptions.

453.   Upon information and belief, the OfficeMax website also contained linked category descriptions, e.g., a category description that is associated with one or more other category descriptions (linking category descriptions) such that, when a linking category description is associated with a file, at least one of the category descriptions (linked category descriptions) that are associated with the linking category descriptions are also associated with the file.

454.   An example of a linking category description contained in the computer system of the OfficeMax website is the term "Brand," as depicted and described above in Paragraph 435 herein. Upon information and belief, when the term "Brand" is associated with a file, that file must also be associated with one or more other category descriptions, such as a specific brand name, for example, "Seagate," "HP," or "Western Digital," as depicted above in Paragraph 435 herein.

455.   Examples of linked category descriptions contained in the computer system of the OfficeMax website are the terms "Seagate," "HP," and "Western Digital," as depicted and described above in Paragraph 435 herein. Upon information and belief, when the term "Brand" is associated with a file, that file must also be associated with one or more other category descriptions, such as a specific brand name, for example, "Seagate," "HP," or "Western Digital," as depicted above in Paragraph 435.

456.   Upon information and belief, the computer system of the OfficeMax website comprised, among other things, the means plus function limitation of a "category linking means for linking at least one linking category description to at least one linked category description, such that if a specific file is associated with a linking category description, the user must also associate that specific file with at least one of the linked category descriptions corresponding to the linking category description," which, as disclosed in the specification of the '360 patent, is at least a general purpose computer that was programmed to perform steps to allow one or more category descriptions stored in the plurality of category descriptions to be characterized as a linking category description and associating such characterization with the category description; allowing one or more category descriptions stored in the plurality of category descriptions in the system to be characterized as a linked category description; and associating each linking category description with one or more linked category descriptions.  Upon information and belief, if a file is associated with a linking category description, then OfficeMax also associates that file with one of the linked category descriptions corresponding to the linked category description, as described herein at Paragraphs 426-430.

### 6.   CLAIM 20 OF THE '360 PATENT

#### a)   Preamble of Claim 20 of the '360 Patent

457.   OfficeMax performed a method for accessing files in the data storage system of the computer system that comprised its website.  As discussed above in Paragraphs 414-417 herein, the OfficeMax computer system had means for reading and writing data from the data storage system, displaying information, and accepting user input.  As discussed above in Paragraphs 418-419, the files located on the OfficeMax data storage system had a file name, e.g., "Western Digital 1TB My Book External Hard Drive."

#### b)   Step (a) of Claim 20 of the '360 Patent

458.   As discussed above in Paragraphs 420-425 herein, OfficeMax initially (i.e., before steps (b)-(h) of claim 20) defined in its computer system at least one list having a plurality of

-160-

1   category descriptions, each category description comprising a descriptive name, the category

2   descriptions having no predefined hierarchical relationship with such list or each other.

3         **c)**     **Step (b) of Claim 20 of the '360 Patent**

4       459.   As discussed above in Paragraphs 426-430 herein, OfficeMax thereafter (i.e., after

5   performing step (a) of claim 1) accepted user input (i.e., input from an OfficeMax person or other

6   computers) associating with a file at least one category description from at least one defined list.

7   Upon information and belief, OfficeMax associated ***either***: (1) information selected from the

8   category description table that includes a description in alphabetic form of something about a stored

9   file (option 1); ***or*** (2) a set of identifiers, each uniquely associated with, and therefore representative

10  of, information stored in the category description table that includes a description in alphabetic form

11  of something about a stored file  (option 2).  To the extent that OfficeMax's website operates using

12  option 1, OfficeMax literally meets this element of step (b) of claim 20 and literally infringes the

13  claims of the '360 patent.  To the extent that OfficeMax's website operates using option 2,

14  OfficeMax meets this element of step (b) of claim 20 under the doctrine of equivalents and infringes

15  the claims of the '360 patent under the doctrine of equivalents.

16        **d)**     **Step (c) of Claim 20 of the '360 Patent**

17      460.   As discussed above in Paragraphs 426-430 herein, OfficeMax stored in the data

18  storage system of the computer system of its website a file record containing at least the file name,

19  file location information, and the associated category descriptions for the file.  As discussed above,

20  OfficeMax operated using either option 1 or option 2 described in the Paragraph above.

21        **e)**     **Step (d) of Claim 20 of the '360 Patent**

22      461.   As discussed above in Paragraphs 431-441 herein, OfficeMax's website displayed

23  from each defined list, as selectable items, only those category descriptions associated with at least

24  one file.

25

26

27

28

1          **f)    Step (e) of Claim 20 of the '360 Patent**

2          462.   As discussed above in Paragraphs 431-441 herein, OfficeMax's computer system of

3  its website accepted user positional input defining a search filter of at least one category description

4  selected from at least one displayed defined list.

5          **g)    Step (f) of Claim 20 of the '360 Patent**

6          463.   As discussed above in Paragraphs 431-441 herein, OfficeMax's computer system for

7  its website automatically disabled, in the computer system, selectability of all other category

8  descriptions in each displayed list that do not have associated files which are also associated with the

9  category descriptions of the defined search filter.

10         **h)    Step (g) of Claim 20 of the '360 Patent**

11         464.   As discussed above in Paragraphs 431-441, OfficeMax searched, in its computer

12  system of its website, the category descriptions of each stored file record for a logical match to the

13  category descriptions of the defined search filter.

14         **i)    Step (h) of Claim 20 of the '360 Patent**

15         465.   As discussed and depicted above in Paragraphs 431-441, OfficeMax displayed the file

16  names of all file records having category descriptions that logically match each category description

17  of the defined search filter.

18      **7.    CLAIM 21 OF THE '360 PATENT**

19         466.   As discussed above in Paragraph 446 herein, OfficeMax, via the computer system for

20  its website, accepted user input selecting at least one file from the displayed file names and it

21  accessed each selected file on its data storage system using the file location information from the file

22  record associated with each corresponding selected file.

23      **8.    CLAIM 22 OF THE '360 PATENT**

24         467.   As discussed above in Paragraphs 431-441 herein, upon information and belief, the

25  category descriptions of the search filter are logically combined in the search filter.  Further, upon

26  information and belief, the set of category descriptions that are logically combined in the search

27

28
                                              -162-

1  filter were selected by choosing one category description at a time, in any order as described in

2  Paragraphs 431-441 and 443.

3  **B.      INDIRECT INFRINGEMENT OF THE '360 PATENT BY OFFICEMAX**

4          468.    Upon information and belief, at all times during the time period starting on September

5  23, 2003 up to and including August 6, 2013, Defendant OfficeMax indirectly infringed claims 1-2,

6  7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(b) by actively inducing others,

7  including, but not limited to, visitors to its websites in the United States who searched for products

8  available for sale on the websites by selecting pre-defined categories descriptive of the products.

9  OfficeMax's acts of inducing infringement were conducted with knowledge of the '360 patent, and,

10  upon information and belief, with knowledge that such acts by visitors to its websites would

11  constitute direct infringement of claims of the '360 patent.

12          469.    Upon information and belief, at all times during the time period starting on September

13  23, 2003 up to and including August 6, 2013, Defendant OfficeMax indirectly infringed claims 1-2,

14  7, 11, 15, and 20-22 of the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its

15  websites in the United States, the use of software for use in practicing the patented process(es) of the

16  '360 patent and constituting a material part of the invention, knowing the same to be especially

17  made or especially adapted for use in an infringement of the '360 patent, and not a staple article or

18  commodity of commerce suitable for substantial non-infringing use.  OfficeMax's acts of

19  contributory infringement were conducted with knowledge of the '360 patent, and, upon information

20  and belief, with knowledge that acts by visitors to its websites when using OfficeMax's website

21  would constitute direct infringement of claims of the '360 patent.

22          470.    Upon information and belief, Defendant OfficeMax's foregoing acts of direct and

23  indirect infringement were willful.

24          471.    As a result of Defendant OfficeMax's infringement, Plaintiff SpeedTrack has suffered

25  monetary damages in an amount not yet determined.

26

27

28

-163-

1

## XI.   EIGHTH CLAIM FOR RELIEF

2

**Against Defendants Macy's and Macys.com For Infringement Of U.S. Patent No. 5,544,360**

3       472.   Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-4,

4  14-15, and 22-29 of this Complaint as though fully set forth herein.

5       473.   Upon information and belief, at all times during the time period starting on September

6  23, 2003 up to and including August 6, 2013, Defendant Macy's directly infringed claims 1-2, 7, 11,

7  15, and 20-22 of the '360 patent in the United States under 35 U.S.C. § 271(a) by making, using,

8  selling, offering to sell, and/or otherwise providing websites on the Internet which permit visitors to

9  the websites to search for products available for sale (i.e., search for files stored in a data storage

10  system) by selecting pre-defined categories descriptive of the products, including, but not limited to,

11  the website at http://www.macys.com ("www.macys.com").  SpeedTrack's allegations are not

12  limited to www.macys.com, but rather include all websites owned and/or operated by Macy's during

13  the time period starting on September 23, 2003 up to and including August 6, 2013 that operated in

14  essentially the same manner as www.macys.com with respect to the infringement allegations

15  contained herein, including, but not limited to, http://www.bloomingdales.com,

16  http://www.macysweddingchannel.com, and http://.www.bloomingdalesweddingchannel.com.

17  Although SpeedTrack's allegations herein are descriptive of www.macys.com, such allegations are

18  equally applicable to all websites owned and/or operated by Macy's during the time period starting

19  on September 23, 2003 up to and including August 6, 2013 that operated in essentially the same

20  manner as www.macys.com with respect to the infringement allegations contained herein.

21       474.   SpeedTrack first gave written notice to Macy's of the '360 patent and of Macy's

22  infringement of the '360 patent on or about July 23, 2008.

23  **A.     DIRECT INFRINGEMENT OF THE '360 PATENT BY MACY'S**

24       **1.     CLAIM 1 OF THE '360 PATENT**

25             **a)     Preamble of Claim 1 of the '360 Patent**

26       475.   Macy's owns and operates a website located on the Internet at http://www.macys.com.

27  Upon information and belief, Macy's website is hosted on a computer system comprising, among

28

-164-

1  other things, one or more web servers, one or more data storage systems, and one or more computers

2  used by Macy's to interact with the web servers and the data storage systems (hereinafter

3  collectively "Macy's website").

4      476.   Upon information and belief, the computer system of Macy's website has, among

5  other things: (1) means for reading and writing data from the data storage system including device

6  drivers (the software that controls the data storage system including formatting data) and associated

7  hardware; (2) means for displaying information (computer displays); and (3) means for accepting

8  user input (keyboard or mouse, and associated driver(s)).

9      477.   Customers and potential customers, who are at a location that is remote from Macy's

10  computer system of its website, use their computers to communicate with Macy's website.

11      478.   Upon information and belief, Macy's stores many files on these data storage systems

12  for the various products offered for sale by Macy's or its partners on www.macys.com.  For

13  example, upon information and belief, for each product offered for sale on the Macy's website, there

14  is at least one file, i.e., collection of data or information stored on Macy's computer system, for such

15  product.  The collection of data or information includes text pertaining to the product and/or one or

16  more pictures of the product.

17      479.   Macy's interacts with the web servers and the data storage systems of its website in

18  order to, among other things, permit the creation and editing of data for the files in the data storage

19  system.  A true and correct screenshot taken on or about July 15, 2008 of the Macy's webpage

20  showing the Calvin Klein Striped Knit Sweater offered for sale by Macy's, with a red box added, is

21  reproduced below.  An example of the collection of information or data (or at least a portion thereof)

22  that comprises a file stored on Macy's computer system is depicted below in the red box below:

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    480.    Upon information and belief, each file stored on Macy's data storage system has a file

16  name.  For example, for the file depicted above, the file name is "Calvin Klein Striped Knit

17  Sweater."

18         b)      **Step (a) of Claim 1 of the '360 Patent**

19    481.    Step (a) of claim 1 of the '360 patent requires that a "category description table" be

20  initially created in the computer system.  Upon information and belief, Macy's defines a number of

21  category descriptions in the computer system of its website prior to its creation of a file information

22  directory (step (b)) and prior to its creation of a search filter (step (c)).

23    482.    For example, Macy's configured its website for the sale of sweaters, among other

24  things.  A customer or potential customer ("user") who visited Macy's website (www.macys.com)

25  on or about July 15, 2008 would have instructed the Macy's website to display the Macy's landing

26  page in his or her browser.  A true and correct screenshot taken on or about July 15, 2008 of the

27
28

Second Amended and Supplemental
Complaint for Patent Infringement

landing page of www.macys.com with the word "sweaters" added, with the red oval added, is

reproduced below:



483.    Upon reaching the above webpage, a user looking for hard drives could have input the

term "sweaters" into the search box thereby instructing Macy's website to display the below

webpage in the user's browser.  A true and correct screenshot taken on or about July 15, 2008 of the

webpage displayed after inputting the term "sweaters" on www.macys.com is reproduced below:



484.   On the above webpage, Macy's presented to the user a list, on the left side of the screen, of a plurality of additional linked names that are descriptive of something about at least one of Macy's stored files (i.e., descriptions in alphabetic form).  On its website, Macy's  presents lists of many such names, including, but not limited to, "GENDER," "Women's," "Men's," "Juniors," "Girls," "Young Men's," "BRAND," "Calvin Klein," "INC International Concepts," "Charter Club," "Mimi Maternity," "Ralph Lauren," "Jones New York," "Tommy Hilfiger," "BCX," "Guess?," "Perry Ellis," "SPECIAL SIZE," "Regular," "Juniors," "Maternity," "Petites," "Plus Sizes," "SIZE," "XS," "S," "M," "L," "XL," "XXL," "1X," "2X," "3X," "COLOR," "White," "Black," "Blue," "Grey," "Brown," "Pink," "Green," "Red," "Beige," "Multi/ Print," "SWEATER STYLE," "Cardigan," "PRICE," "$5 to $19.99," "$20 to $29.99," "$30 to $39.99," "$40 to $59.99," and "$60 to $199.99."  These terms are descriptive of something about at least one of Macy's stored files (i.e., descriptions in alphabetic form) and are hereinafter referred to as "category descriptions."

485.   Upon information and belief, Macy's created in its computer system a table containing at least one list of at least the category descriptions identified in the paragraph above, which is hereinafter referred to as a "category description table."

486.   Upon information and belief, the category descriptions contained in the category description table created by Macy's have no predefined hierarchical relationship with such list or each other, i.e., they are not organized into a single tree structure in which category descriptions are ranked into levels of subordination; each category description has zero, one, or more subordinates; and no category description has more than one superordinate component.

c)     <u>Step (b) of Claim 1 of the '360 Patent</u>

487.   Upon information and belief, after Macy's creates the category description table in the computer system of its website (step (a)) and before Macy's creates a search filter in the computer system of its website (step (b)), Macy's created a directory in the computer system of its website comprising information corresponding to at least one file on the data storage system of the Macy's website.  Upon information and belief, this directory has, among other things, a plurality of entries, wherein each entry corresponds to at least one file stored on Macy's data storage system of its website and wherein the files contained information for the products offered for sale on Macy's website.  This directory is hereinafter referred to as a "file information directory."

488.   Upon information and belief, each entry of Macy's file information directory also included a unique identifier for each corresponding file, which may include a file name for the file.

489.   Upon information and belief, each entry of Macy's file information directory corresponding to a file on Macy's data storage system also included *either*: (1) information selected from the category description table that includes a description in alphabetic form of something about a stored file (option 1); *or* (2) a set of identifiers, each uniquely associated with, and therefore representative of, information stored in the category description table that includes a description in alphabetic form of something about a stored file (option 2).  To the extent that Macy's website operates using option 1, Macy's literally meets this element of step (b) of claim 1 and literally infringes the claims of the '360 patent.  To the extent that Macy's website operates using option 2,

-169-

1   Macy's meets this element of step (b) of claim 1 under the doctrine of equivalents and infringes the

2   claims of the '360 patent under the doctrine of equivalents.

3        490.   Upon information and belief, Macy's file information directory contained, for

4   example, an entry for the file for the Calvin Klein Striped Knit Sweater and, upon information and

5   belief, such file had a file name, "Calvin Klein Striped Knit Sweater."  Upon information and belief,

6   this entry in Macy's file information directory did not contain the file itself, but instead contained,

7   among other things, a unique identifier for the file, such as, for example, information for the location

8   of the file in Macy's data storage system.

9        491.   Upon information and belief, this entry in Macy's file information directory also

10  contained **_either_**: (1) information selected from the category description table that includes a

11  description in alphabetic form of something about a stored file, such as, for example, "Men's,"

12  "Sweaters," "Calvin Klein," and "$30-$49.99" (option 1); **_or_** (2) a set of identifiers, each uniquely

13  associated with, and therefore representative of, information stored in the category description table

14  that includes a description in alphabetic form of something about a stored file, such as, for example,

15  identifiers that are uniquely associated with, and therefore representative of, "Men's," "Sweaters,"

16  "Calvin Klein," and "$30-$49.99" (option 2).

17            **d)    Step (c) of Claim 1 of the '360 Patent**

18       492.   After Macy's created the category description table in the computer system of its

19  website (step (a)) and after Macy's created the file information directory in the computer system of

20  its website (step (b)), the user of Macy's website engages in a search for a sweater by instructing the

21  Macy's to create within its computer system one or more search filters.  Starting at Macy's landing

22  page (www.macys.com), the user could have input the term "sweaters" into the text search box as

23  demonstrated above in Paragraph 482, which would instruct Macy's website to present the user with

24  lists of category descriptions pertaining to sweaters, as also demonstrated above in Paragraph 483.

25       493.   For example, from the webpage that Macy's displays after inputting the term

26  "sweaters," the user could have first selected the category description "Men's."  The Macy's

27  webpage includes the indication in the parenthetical next to the term "Men's" of "(50)" meaning

28

-170-

1 that, upon information and belief, at that time Macy's had categorized 50 files on the computer

2 system of its website as being "Men's" sweaters (according to the search term) and stored entries for

3 the files for those hard drives in its file information directory.  Alternatively, the user could have

4 selected any other available category description.  A true and correct screenshot taken on or about

5 July 15, 2008 of the webpage displayed after inputting the term "sweaters" with the red oval being

6 added is reproduced below:



22      494.    Upon information and belief, selection by the user of the category description

23 "Men's" from the webpage depicted above instructed the computer system of the Macy's website to

24 create a search filter and conduct a search of the information stored in the Macy's website for all

25 "Men's" clothing that, by the search term, are sweaters, by, upon information and belief, searching

26 the category descriptions of each stored entry in the file information directory for a logical match to

27 the category descriptions of the defined search filter.  Accordingly, upon information and belief,

28

-171-

1   Macy's created a filter in the computer system of its website to search for all files associated with

2   the category description "Men's," hereinafter referred to as a "search filter."

3        495.   Upon information and belief, for the category description "Men's" that comprises the

4   above-described search filter, there is guaranteed to be at least one entry in the Macy's file

5   information directory associated with those category descriptions, because the Macy's website only

6   presented category descriptions to the user for which such entries existed, i.e., the Macy's website

7   did not present any category descriptions to the user for which no such entries existed.  This is

8   demonstrated by the fact that, in the screenshot above, each category description available for the

9   selection by the user has associated with it a number that is greater than zero, which, upon

10   information and belief, indicates that the number of files associated with that category description in

11   the file information directory is greater than zero.

12        496.   Upon application of the search filter by Macy's, the Macy's computer system returned

13   a webpage to the user showing, upon information and belief, the matching External Hard Drives

14   together with the remaining category descriptions that match those hard drives.  The Macy's

15   computer system further removed all other category descriptions that are unrelated to the External

16   Hard Drives as were previously associated by Macy's in the file information directory, making such

17   removed category descriptions unselectable.  A true and correct screenshot taken on or about July

18   15, 2008 of the webpage displayed after selecting the category description "Men's" with the red oval

19   being added is reproduced below:

20

21

22

23

24

25

26

27

28

-172-

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15    497.   From the webpage returned to the user by the Macy's website after the Macy's

16  computer system created and applied the search filter having the category description "Men's," the

17  user could have next selected the category description "Sweaters" in the Macy's computer system.

18  The Macy's webpage includes the indication in the parenthetical next to the term "Sweaters" of

19  "(41)" meaning that, upon information and belief, at that time Macy's had categorized 41 files on

20  the computer system (file information directory) of its website as being Men's sweaters.

21  Alternatively, the user could have selected any other available category description.

22    498.   Upon information and belief, selection by the user of the category description

23  "Sweaters" from the webpage depicted above instructed the computer system of the Macy's website

24  to create and conduct a search of the information stored in the Macy's website for all men's

25  sweaters.  Accordingly, Macy's created a filter in the computer system of its website to search for all

26  men's sweaters by, upon information and belief, searching the category descriptions of each stored

27  entry in the file information directory for a logical match to the category descriptions of the defined

28  search filter.  Thus, upon information and belief, the Macy's website searched for both category

-173-

1    descriptions with the "and" logical connector, all of which comprised the "search filter" in this

2    instance.

3         499.   Upon information and belief, for the category descriptions "Men's" and "Sweaters"

4    joined by the connector "and" (the search filter in this instance), there is guaranteed to be at least

5    one entry in the Macy's file information directory for clothing having been associated by Macy's

6    with both the category descriptions "Men's" and "Sweaters," because the Macy's website only

7    presented category descriptions to the user for which such entries existed, i.e., the Macy's website

8    did not present any category descriptions to the user for which no such entries existed.  This is

9    demonstrated by the fact that, in the screenshot above, each category description available for the

10   selection by the user has associated with it a number that is greater than zero.

11        500.   Upon application of this search filter by Macy's, the Macy's computer system

12   returned to the user a webpage showing, upon information and belief, the matching men's sweaters

13   together with the remaining category descriptions that correspond to the matching men's sweaters.

14   The Macy's computer system further removed all other category descriptions that are unrelated to

15   the matching men's sweaters as were previously associated by Macy's in the file information

16   directory.   A true and correct screenshot taken on or about July 15, 2008 of the webpage displayed

17   after selecting the category description "Men's" and the category description "Sweaters," with the

18   red oval being added, is reproduced below:

19

20

21

22

23

24

25

26

27

28