UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEEDTRACK, INC.,<br>        Plaintiff,<br>    v.<br>AMAZON.COM, INC., et al.,<br>        Defendants. | Case No. 4:09-cv-04479-JSW (KAW)<br>**ORDER REGARDING 2/5/19 JOINT LETTER**<br>Re: Dkt. No. 356 |

On February 5, 2019, the parties filed a joint letter concerning Plaintiff SpeedTrack, Inc.'s Special Interrogatory No. 1, which is a non-infringement contention interrogatory, and the production of documents supporting same. (Joint Letter, Dkt. No. 356 at 1.) Defendants Amazon.com, Dell, Inc., BestBuy.com, LLC, Office Max, Inc., Macy's, Inc., Macys.com, LLC, Overstock.com, Inc., REI, Evine Live, Inc., and B & H Foto & Electronics Corp. assert that the requested supplemented responses are premature. (Joint Letter at 4.)

Upon review of the joint letter, and for the reasons set forth below, the Court finds that Plaintiff's request is premature.

## I. BACKGROUND

On September 23, 2009, Plaintiff SpeedTrack, Inc. filed a lawsuit based on Defendants' alleged infringement of U.S. Patent No. 5,544,360 (the "'360 patent") through their retail websites. Specifically, Plaintiff alleges that the websites infringe on claims 1, 2, 7, 11, 15, 20, 21 and 22 of the '360 patent. (*See, generally,* 2d Am. Compl., Dkt. No. 283; Dkt. No. 298 at 2:10-11.)

Claim construction deadlines have been set as follows: the deadline to exchange preliminary claim construction and extrinsic evidence was July 25, 2016; the joint claim

construction statement was filed on December 19, 2018; claim construction discovery closed on January 25, 2019; the opening claim construction brief was filed on February 8, 2019, the responsive brief was filed on March 8, 2019, and the reply brief was filed on March 18, 2019; the tutorial is set for August 15, 2019; and the *Markman* hearing is on August 22, 2019.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery need not be admissible to be discoverable. *Id.* The court, however, "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by precluding discovery, by conditioning disclosure or discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Rule 33 pertains to written interrogatories. "Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008). Indeed, "courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete." *HTC Corp. v. Tech. Properties Ltd.*, No. C08-00882 JF HRL, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011)(quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)). A party moving to compel responses to contention interrogatories at an early stage in

litigation must show that the responses would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Courts in this district place "a burden of justification" on a party seeking "answers to contention interrogatories before substantial documentary or testimonial discovery has been completed." *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 WL 913105, at *2 (N.D. Cal. Mar. 10, 2016) (citing *In re Convergent*, 108 F.R.D. at 338). To meet this burden, a party seeking early answers must present "specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Convergent*, 108 F.R.D. at 338-339.

### III.     DISCUSSION

The parties do not dispute that the information sought is relevant, such that Plaintiff is eventually entitled to supplemental responses. Rather, at issue is whether Plaintiff's non-infringement contention interrogatory is premature given that the claim construction process is not completed.

Plaintiff has requested substantive responses within seven days after claim construction briefing concluded. (Joint Letter at 2.) That date, March 25, 2019, recently passed. Plaintiff contends that Defendants received amended infringement contentions on December 5, 2018, which provided detailed contentions based on both side's proposed constructions. *Id.* at 3. Furthermore, Plaintiff argues that having an early response to the contention interrogatory, and the corresponding documents, will permit SpeedTrack to focus its discovery on the portions of Defendants systems that are actually in dispute. *Id.*

Defendants contend that the request is premature, and propose serving supplemental responses 60 days after the claim construction order is issued. (Joint Letter at 1.) In support of their position, Defendants cite extensively to the undersigned's July 29, 2016 order in *24/7 Customer, Inc. v. Liveperson, Inc.*, No. 15-CV-02897-JST(KAW), 2016 WL 4054884, at *2 (N.D. Cal. July 29, 2016). The cases, however, are distinguishable on the facts. In *24/7*, the parties had

not completed claim construction discovery or submitted their briefing. To the contrary, here, claim construction discovery has closed; Plaintiff has served amended infringement contentions; and the parties have completed claim construction briefing. As a result, Plaintiff has more or less finalized its infringement position. This was not the case in *24/7,* where Plaintiff argued for the contention interrogatory response to assist it in "clarifying and narrowing the issues in dispute, including selection of claim terms for construction and reducing the number of asserted claims." 2016 WL 4054884, at *2. Defendants argue that the case is still in its early stages of discovery, evidenced by the fact that depositions have not occurred. (*See* Joint Letter at 4.) To their credit, Defendants also acknowledge that deposition transcripts from other litigation have been produced. *Id.*

Plaintiff argues that this case was filed in 2009, and it has already produced over 800,000 pages of documents, so the case is not in its early stages. (Joint Letter at 2.) When a case was filed and the number of documents produced are not necessarily an indication of whether or not a case is in its "early stages." Indeed, courts in this district have found that the claims construction stage is sufficiently early to merit not requiring supplementation of contention interrogatories. *HTC Corp. v. Tech. Properties Ltd.*, No. C08-00882 JF HRL, 2011 WL 97787, at *2 (N.D. Cal. Jan. 12, 2011)(defendants produced 3.7 million pages of documents and two depositions had already taken place). In *HTC*, the court found that since discovery was in "full swing," and other discovery cut-offs had not been set, the request to supplement was premature. *Id.* at *2-3.

Moreover, the Court agrees with Defendants that Plaintiff has not shown how supplemental responses before a claim construction order is issued would meaningfully contribute to clarifying the issues in the case or narrowing the scope of the dispute. (*See* Joint Letter at 4.) Plaintiff's argument that it provided amended infringement contentions in December, so Defendants should have to do so now, is not a sufficient reason. (Joint Letter at 3.) Afterall, Plaintiff is the party prosecuting this case, and should know its theories of infringement. Accordingly, Plaintiff has not met its burden of showing that requiring supplemental responses to the contention interrogatory prior to the issuance of a claim construction order is proportional under Rule 26. *See In re Convergent Techs. Sec. Litig.,* 108 F.R.D. 328, 338 (N.D. Cal. 1985)

4

(burden is on party seeking responses to contention interrogatories before completion of substantial documentary or testimonial discovery).

Accordingly, Defendants are ordered to serve their supplemental responses within 30 days of the issuance of the claim construction order.

### IV. CONCLUSION

In light of the foregoing, the Court DENIES Plaintiff's request to compel supplemental responses to Interrogatory No. 1 on the grounds that the request is premature. Defendants shall serve their supplemental responses to Interrogatory No. 1, and produce the documents supporting same, within 30 days of the district court's issuance of the claim construction order.

IT IS SO ORDERED.

Dated: April 1, 2019

KANDIS A. WESTMORE
United States Magistrate Judge