Michael J. Bettinger (SBN 122196)
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400

Richard A. Cederoth (Admitted *Pro Hac Vice*)
rcederoth@sidley.com
Nathaniel C. Love (Admitted *Pro Hac Vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

*Attorneys for Defendants Amazon.com, Inc.;
Bestbuy.com, LLC; and Dell, Inc.*

Michael A. Berta (SBN 194650)
michael.berta@arnoldporter.com
Ryan J. Casamiquela (SBN 228559)
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:     (415) 471-3100
Facsimile:      (415) 471-3400

*Attorneys for Defendants
Officemax, Inc.; B & H Foto & Electronics
Corp.; Evine Live, Inc.; Macy's, Inc.;
Macys.com, LLC; Overstock.com, Inc.; and
Recreational Equipment, Inc.*

ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPEEDTRACK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON.COM, INC.; BARNES & NOBLE BOOKSELLERS, INC.; J & R ELECTRONICS, INC.; DELL, INC.; BESTBUY.COM, LLC; OFFICEMAX, INC.; MACY'S INC.; MACYS.COM, LLC; OVERSTOCK.COM, INC.; RECREATIONAL EQUIPMENT, INC; EVINE LIVE, INC.; B & H FOTO & ELECTRONICS CORP., <br><br> Defendants. | Case No. 4:09-cv-04479-JSW <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)** <br><br> **Hearing Date:  February 14, 2020** <br> **Time:  9:00 A.M.** <br> **Location:  Courtroom 5, 2nd Floor** <br> **Judge:  Hon. Jeffrey S. White** |

# TABLE OF CONTENTS

ISSUE TO BE DECIDED .................................................................................................1

I.     SUMMARY OF ARGUMENT ..............................................................................1

II.    LEGAL STANDARD..............................................................................................3

III.   ARGUMENT ...........................................................................................................3

       A.    Patent Law Prohibits Functional Claiming without Disclosing Structure or
             Acts Sufficient to Accomplish the Claimed Function. ............................... 3

       B.    The '360 Patent Claims a Function: a Search Filter Guaranteeing a Search
             Result. ......................................................................................................... 7

       C.    The Asserted Claims Must, But Do Not, Describe How To Accomplish The
             Guaranteed-Search-Result Function. ........................................................... 9

             1.    Claims 1 and 22 ................................................................................. 10

             2.    Claim 20................................................................................................ 12

             3.    Claim 7................................................................................................. 15

             4.    Claims 2, 11, and 21 ......................................................................... 15

       D.    The Asserted Claims Are Indefinite. ......................................................... 16

IV.    CONCLUSION........................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adv. Ground Info. Sys., Inc. v. Life360, Inc.*,
   830 F.3d 1341 (Fed. Cir. 2016).................................................................................. 6

*Atmel Corp. v. Info. Storage Devices, Inc.*,
   198 F.3d 1374 (Fed. Cir. 1999).................................................................................. 7

*Blackboard, Inc. v. Desire2Learn, Inc.*,
   574 F.3d 1371 (Fed. Cir. 2009).................................................................................. 7

*Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*,
   382 F. Supp. 3d 586 (E.D. Tex. 2019)....................................................................... 6

*Encyclopaedia Brittanica, Inc. v. Alpine Elecs., Inc.*,
   355 Fed. App'x 389 (Fed. Cir. 2009)......................................................................... 7

*Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*,
   785 F.3d 616 (Fed. Cir. 2015).................................................................................... 6

*Fuller v. Yentzer*,
   94 U.S. 288 (1876)...................................................................................................... 4

*General Elec. Co. v. Wabash Appliance Corp.*,
   304 U.S. 364 (1938)..................................................................................................... 5

*Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*,
   249 F. Supp. 3d 767 (D. Del. 2017)........................................................................... 6

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
   896 F.2d 1542 (9th Cir. 1989) .................................................................................... 3

*Halliburton Energy Servs. v. M-I LLC*,
   514 F.3d 1244 (Fed. Cir. 2008).................................................................................. 5

*Halliburton Oil Well Cementing Co. v. Walker*,
   329 U.S. 1 (1946)..................................................................................................... 4, 5

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
   No. 16-cv-00057-JRG-RSP, 2017 WL 2691227 (E.D. Tex. June 21, 2017)............... 6

*Konami Gaming, Inc. v. High 5 Games, LLC*,
   No. 14-cv-01483-RFB-NJK, 2018 WL 1020120 (D. Nev. Feb. 21, 2018), *aff'd*,
   756 Fed. App'x 994 (Fed. Cir. 2019)......................................................................... 6

*Med. Instrumentation & Diagnostics Corp. v. Elekta AB*,
 344 F.3d 1205 (Fed. Cir. 2003)..................................................................................... 5

*Media Rights Techs., Inc. v. Capital One Fin. Corp.*,
 800 F.3d 1366 (Fed. Cir. 2015)................................................................................. 3, 6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
 572 U.S. 898 (2014) ...................................................................................................... 4

*New Hampshire v. Maine*,
 532 U.S. 742 (2001) .................................................................................................... 14

*Noah Sys. v. Intuit*,
 675 F.3d 1302 (Fed. Cir. 2012)..................................................................................... 5

*O'Reilly v. Morse*,
 56 U.S. (How.) 62 (1853) ......................................................................................... 2, 4

*Potter Voice Techs. LLC v. Google, Inc.*,
 No. 12-cv-01096-REB-CBS, 2016 WL 9725291 (D. Colo. Sept. 28, 2016)................................. 3

*In re Qualcomm Litig.*,
 No. 17-cv-00108-GPC-MDD, 2018 WL 2229344 (S.D. Cal. May 16, 2018)............................. 6

*Ross v. U.S. Bank Nat'l Ass'n*,
 542 F. Supp. 2d 1014 (N.D. Cal 2008) ......................................................................... 3

*Synachronoss Techs., Inc. v. Dropbox, Inc.*,
 No. 16-cv-00119-HSG, 2017 WL 6059302 (N.D. Cal. Dec. 7, 2017) ......................... 6

*In re TLI Commc'ns LLC Patent Litig.*,
 87 F. Supp. 3d 773 (E.D. Va. 2015), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016)................................ 3

*Triton Tech of Texas, LLC v. Nintendo of Am., Inc.*,
 753 F.3d 1375 (Fed. Cir. 2014)..................................................................................... 7

*Twin Peaks Software, Inc. v. IBM Corp.*,
 690 Fed. App'x 656 (Fed. Cir. 2017)............................................................................ 6

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
 166 F. Supp. 3d 364 (S.D.N.Y. 2016)........................................................................... 6

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
 520 U.S. 17 (1997)........................................................................................................ 4

*Williamson v. Citrix Online, LLC*,
 792 F.3d 1339 (Fed. Cir. 2015)..................................................................................... 5

**Statutes**

35 U.S.C. § 101 ................................................................................................................. 8, 14

35 U.S.C. § 112(b) ................................................................................................................... 4

35 U.S.C. § 112(f) ............................................................................................................. 2, 5, 9

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2020 at 9:00 AM, or as soon thereafter as the matter may be heard, in Courtroom 5, 2nd Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California 94612, defendants Amazon.com, Inc.; Bestbuy.com, LLC; Dell, Inc.; Officemax, Inc.; B & H Foto & Electronics Corp.; Evine Live, Inc.; Macy's, Inc.; Macys.com, LLC; Overstock.com, Inc.; and Recreational Equipment, Inc., will and hereby do move the Court for an order granting judgment on the pleadings against plaintiff SpeedTrack, Inc. ("SpeedTrack") that asserted claims 1, 2, 7, 11, 20, 21, and 22 of U.S. Patent No. 5,544,360 (the "'360 patent") are invalid.

This motion is made pursuant to Federal Rule of Civil Procedure 12(c), and on the ground that in view of the Court's November 8, 2019 Claim Construction Order (Dkt. No. 383, "Claim Construction Order") and January 23, 2017 Order Denying Defendants' Motion to Dismiss (Dkt. No. 163, "101 Order") all asserted claims are invalid as indefinite.  Defendants' motion is based on the following memorandum of points and authorities, along with all pleadings and papers filed herein, oral argument by counsel, and such other further matter that properly may be received by the Court.

## ISSUE TO BE DECIDED

Whether the asserted claims are invalid because they recite an allegedly novel computing function — *i.e.,* guaranteeing that a search for files will yield at least one result — without reciting an algorithm sufficient to achieve this computing function.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      SUMMARY OF ARGUMENT

Few rules of patent law are as old and important as the prohibition against owning a naked result.  Vigorous enforcement of the rule balances the twin purposes of our patent system — protecting the contributions of private inventors while incentivizing the public to devise improvements.  If a private firm monopolizes a result independent of any particular way of achieving it, other inventors cannot seek out better ways to achieve the same result during the life of the patent.  As the Supreme Court cautioned more than 150 years ago, a patent on a naked result

"shuts the door against inventions of other persons." *O'Reilly v. Morse*, 56 U.S. (How.) 62 (1853). Modern patent law refers to this as the "rule against functional claiming" — that is, claiming an invention solely by what it *does* or *accomplishes* rather than what it *is* or *how* it works.  A patent that violates this rule is considered "indefinite" — that is, it is by definition not limited to a specific *thing* or *way* of doing something.  In the simplest terms, one cannot own "trapping a mouse without harming it" unless the inventor claims a specific device or method of doing so.  This is how our patent system promotes building better mousetraps from which everyone — from private inventors to the public — benefits.

The rule against functional claiming requires a patent to state somewhere (whether in the claims or the specification) at least one way to achieve every claimed novel result.  The prohibition against functional claiming asks whether the inventor actually contributed something technically sufficient to the public store of knowledge.  The test is whether the way disclosed in the patent is *sufficient* to achieve what is claimed.  The inquiry is limited to the patent document itself.  This is critical.  Countless decisions hold that a patentee who discloses no way, or discloses an insufficient way, of achieving a novel result may not rely on extrinsic expert evidence that *someone else* could supply the technical want of the patent.  Either a patentee actually contributed something technically sufficient to the public store of knowledge or she didn't.  And our law interrogates the patent itself to find out.  In the computing arts, this means the Court interrogates the patent for an algorithm — that is, system logic sufficient to instruct a generic processor to achieve the allegedly novel computing result.

SpeedTrack's patent violates the rule against functional claiming as a matter of law. "Guaranteeing" at least one search result is a critical point of novelty of the '360 patent, according to both SpeedTrack and this Court's prior ruling.  SpeedTrack successfully defeated a motion to dismiss by persuading this Court that "guaranteeing" a search result is a point of novelty.  (*See* Dkt. No. 156; 101 Order.)  Yet it is beyond dispute that the '360 patent's claims say nothing about how to achieve this result.  Ordinarily, a plaintiff under these circumstances would look to the specification to fill the gap and urge the Court to construe the claims under 35 U.S.C. § 112(f).  But SpeedTrack cannot do that here.  During *Markman*, SpeedTrack argued vigorously that its claims

should *not* be construed under 112(f) but instead should be taken at face value.  (*See* Dkt. No. 359 at 17-18; Dkt. No. 363 at 12-14; Dkt. No. 380 at 93:9-98:7.)  This Court agreed.  (Claim Construction Order at 15-18).  The combined effect of SpeedTrack's arguments and this Court's rulings leave no doubt:  The claim construction proceedings have ended this case.  "Guaranteeing" a result is a novel aspect of the claims, and the claims say *nothing* about how to achieve that result.  SpeedTrack cannot look anywhere else to fill the gap.  Because the asserted claims on their own fail utterly to recite any algorithm to achieve the allegedly novel "guaranteeing" function, the claims are invalid as a matter of law for violating the rule against functional claiming.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) challenges the legal sufficiency of the claims asserted in the complaint.  A Rule 12(c) motion is "substantially identical" to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal 2008).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  A patent attached to a complaint is part of the pleadings, and thus judgment on the pleadings is appropriate in patent cases, including in cases where patents are facially indefinite. *See, e.g., Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1371 (Fed. Cir. 2015) (upholding judgment on the pleadings of indefiniteness).[1]

## III.   ARGUMENT

### A.   Patent Law Prohibits Functional Claiming without Disclosing Structure or Acts Sufficient to Accomplish the Claimed Function.

A patent must conclude with one or more claims "particularly pointing out and distinctly claiming" the alleged invention.  35 U.S.C. § 112(b).  Indefinite claims "fail to inform, with

---

[1] *See also Potter Voice Techs. LLC v. Google, Inc.*, No. 12-cv-01096-REB-CBS, 2016 WL 9725291, at *7 (D. Colo. Sept. 28, 2016) (invalidating claims as indefinite following claim construction)*; In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773 (E.D. Va. 2015), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016) (granting motion to dismiss for patent invalidity on multiple grounds, including indefiniteness).

reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). The definiteness requirement serves to "appris[e] the public of what is still open to them" and help them avoid a "zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement claims." *Id.* at 909-10 (quotation marks and citations omitted).

Functional claiming is a kind of indefiniteness, one with a particularly long and distinguished history. It dates back at least to 1853, when the Supreme Court reviewed Samuel Morse's patent on telegraphy. *O'Reilly v. Morse*, 56 U.S. (How.) 62 (1853). One of Morse's claims failed to specify any particular way of achieving telegraphy, and thus covered the result itself. The claim sought to remove from the public "electro magnetism, however developed," for "printing intelligible characters, signs, or letters at a distance." *Id.* at 112. As the Court warned, allowing such a purely functional claim would "shut[] the door against inventions of other persons" who might achieve the same result in some better way. *Id.* at 113. Naturally, Morse's claims describing the specific structures of his telegraph were valid. But his effort to cover the naked result "distinct from the process or machinery necessary to produce it" failed; the claim was invalidated. *Id.* at 120; *Fuller v. Yentzer*, 94 U.S. 288, 288 (1876) (articulating the "established rule" that a patent "will not be sustained if the claim is for a result").

The Supreme Court has never wavered from this longstanding, fundamental rule. Nearly 100 years after the Morse case, the Supreme Court invalidated another patent for claiming an entire function untethered to some particular way of achieving it. *Halliburton Oil Well Cementing Co. v. Walker*, 329 U.S. 1 (1946), superseded in part by statute as stated in *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 27 (1997). The claims in *Halliburton* purported to cover a device for measuring distances by detecting echoes. The *specification* identified a particular device, a resonator, for achieving that result. But the *claims* themselves did not "even suggest the physical structure of the acoustical resonator." *Id.* at 8. Instead, the "language of the claim[s] … describe[d the invention] in terms of what it will do rather than in terms of its own physical characteristics . . . ." *Id.* at 9. The claims thus failed because "they do not describe the invention

but use 'conveniently functional language at the exact point of novelty.'"  *Id.* at 8 (quoting *General Elec. Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 371 (1938)).

In response to *Halliburton*, Congress added what is now § 112(f) to the Patent Act.[2]  That provision allows what *Halliburton* forbade, but only in part.  Today, a claim may recite functional language, but only *so long as* the claims are construed to be limited to the specific structure, or way, of achieving that function disclosed in the specification.  To be clear, our patent laws still — even after § 112(f) — do not allow owning a naked result.  Rather, Congress broadened where the public and courts may look within a patent to determine a patent claim's scope and identify the "structure, material, or acts" actually claimed.  35 U.S.C. § 112(f); *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008) (condemning as the primary "vice of functional claiming" the use of "conveniently functional language at the exact point of novelty") (quotation marks and citations omitted).  Thanks to § 112(f), a patentee may disclose this essential part of an invention in the specification rather than only in the claims themselves.  *Id.* at 1256 n.7.  As the Federal Circuit has observed, the "price" for "express[ing] a claim in terms of function" is limiting the claim to the disclosure of the specific structure or way of achieving that function in the specification.  *Med. Instrumentation & Diagnostics Corp. v. Elekta AB*, 344 F.3d 1205, 1211 (Fed. Cir. 2003).  Anyone unwilling to pay that price suffers invalidation of their patent.  *See Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1352 (Fed. Cir. 2015) (invalidating patent claims for failing to disclose sufficient structure corresponding to the "coordinating" function of a learning module).

This longstanding, bedrock, and essential rule against functional claiming applies with special vigor to software patents.  The Federal Circuit has been unequivocal:  Where allegedly novel computing results are achieved using generic hardware, the patent must disclose how that hardware is instructed to achieve those novel results.  This is not to say that software patents must disclose actual source code programming.  But they must provide some algorithm:  the basic step-by-step logic of how generic computer components should be instructed.  *Noah Sys. v. Intuit*, 675 F.3d 1302, 1318 (Fed. Cir. 2012) (the purpose of the algorithm requirement is "to prevent purely

---

[2] As the Court noted (*see* Claim Construction Order at 15 n. 9), when the '360 patent was filed in 1995, the relevant statutory provision (with identical language) was 35 U.S.C. § 112 ¶ 6, as it was numbered when originally enacted.

functional claiming"). Without disclosure of some kind of algorithm, a software patent is just an aspiration. Computers can do nearly anything, and thus any claim to an actual invention lies solely in the *way* generic computers are instructed. For this reason, the Federal Circuit has not hesitated to invalidate software patent claims for violating the rule against functional claiming when they failed to disclose the algorithm essential to define the claim's scope.[3]

It is no response for SpeedTrack to argue that a person of skill in the art might themselves have figured out some algorithm implementing the function (the claimed "guarantee") at the time of the application. The Federal Circuit has "repeatedly and unequivocally rejected" such arguments as "meritless," holding that "a person of ordinary skill in the art plays no role whatsoever in determining whether an algorithm must be disclosed as structure for a functional claim element." *Eon Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 623 (Fed. Cir. 2015). Even if an algorithm for performing a specific function could have been devised by one of

---

[3] *See, e.g.*, *Adv. Ground Info. Sys., Inc. v. Life360, Inc.*, 830 F.3d 1341, 1346-50 (Fed. Cir. 2016) (affirming final judgment entered at claim construction and holding claims indefinite because there was no algorithm for performing the claimed "symbol generator" function); *Media Rights Techs.*, 800 F.3d at 1371-75 (affirming judgment on the pleadings because there was no algorithm for "compliance mechanism"); *Twin Peaks Software, Inc. v. IBM Corp.,* 690 Fed. App'x 656, 661-65 (Fed. Cir. 2017) (affirming invalidity judgment entered at claim construction because there was no algorithm for "means for mounting" a file system). *See also Konami Gaming, Inc. v. High 5 Games, LLC*, No. 14-cv-01483-RFB-NJK, 2018 WL 1020120, at \*12-14 (D. Nev. Feb. 21, 2018) (claim indefinite where claim and specification merely showed what "appears on the 'display'" rather than "an algorithm or programming to create or generate what is on 'the display'"), *aff'd*, 756 Fed. App'x 994 (Fed. Cir. 2019); *Cypress Lake Software, Inc. v. Samsung Elecs. Am., Inc.*, 382 F. Supp. 3d 586, 620-23, 628 (E.D. Tex. 2019) (claim terms indefinite after construction for failing to recite an algorithm to accomplish "code for presenting . . . visual component," "code for detecting . . . input," and "code for detecting access."); *In re Qualcomm Litig.*, No. 17-cv-00108-GPC-MDD, 2018 WL 2229344, at \*5, \*12 (S.D. Cal. May 16, 2018) (claim indefinite after construction for failure to disclose algorithm to support "comparing the measured power level" and "mobile station having memory."); *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 16-cv-00057-JRG-RSP, 2017 WL 2691227, at \*36-37 (E.D. Tex. June 21, 2017) (claims invalid following claim construction for failure to disclose algorithm for "selection module" and "key derivation module"); *Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, 249 F. Supp. 3d 767, 776-77 (D. Del. 2017) (claim term indefinite for failing to provide an algorithm to support a "second selector"); *Synachronoss Techs., Inc. v. Dropbox, Inc.*, No. 16-cv-00119-HSG, 2017 WL 6059302, at \*5–9 (N.D. Cal. Dec. 7, 2017) (claims invalid following claim construction for failure to disclose algorithm for "user identifier module," "authentication module," and "user login authenticator"); *Verint Sys. Inc. v. Red Box Recorders Ltd.*, 166 F. Supp. 3d 364, 383-84 (S.D.N.Y. 2016) (claim indefinite because "specification d[id] not provide an algorithm" for "monitoring device" nor "analysis module").

skill, that is not sufficient under 112(f) — the algorithm must be disclosed in the patent itself (and here, because SpeedTrack has disavowed reliance on the specification, the algorithm must be found in the claims).  *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009) ("A patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function.  To allow that form of claiming under section 112, paragraph 6, would allow the patentee to claim all possible means of achieving a function.")[4]

**B.     The '360 Patent Claims a Function: a Search Filter Guaranteeing a Search Result.**

The inventors of the '360 Patent declared that their "invention overcomes the problem of search filter definition" by "ensuring that the user defines *a filter which will always find at least one file*."  '360 Patent at 4:5-8 (emphasis added).  A review of the claims themselves confirms that the guaranteed-search-result function is claimed throughout.

Claim 1 recites a "method for accessing files" ending with this step:

> creating in the computer system a search filter comprising a set of category descriptions, *wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions of the search filter*.

'360 Patent at 17:5-11 (emphasis added).[5]  The Court construed this "guarantee" limitation as:

> wherein for each category description in the search filter there is always at least one file in the file information directory having a set of category descriptions matching the set of category descriptions of the search filter.

(Claim Construction Order at 18.)  So in this invention, the act of "creating in the computer system a search filter" produces a specified result: it guarantees that at least one file will match the search filter.

---

[4] *See Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1380 (Fed. Cir. 1999) ("consideration of the understanding of one skilled in the art in no way relieves the patentee of adequately disclosing sufficient structure in the specification").  *See also Triton Tech of Texas, LLC v. Nintendo of Am., Inc.*, 753 F.3d 1375, 1378-79 (Fed. Cir. 2014) (same); *Encyclopaedia Brittanica, Inc. v. Alpine Elecs., Inc.*, 355 Fed. App'x 389, 393-94 (Fed. Cir. 2009) (same).

[5] Dependent claims 2, 7, and 11 contain the same limitation.

Claim 22 contains nearly identical language reciting the same guarantee, adding additional language (underlined below) stating that the category descriptions of the search filter are "logically combined":

> creating in the computer system a search filter comprising a set of category descriptions, wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions <u>logically combined in</u> the search filter, <u>said set of category descriptions logically combined selected by choosing one category description at a time, in any order</u>.

'360 Patent at C1 2:15-23.

The remaining independent claim, claim 20, also claims the guaranteed-search result function, though it does not use the word "guarantee."  Claim 20 recites a "method for accessing files" that includes steps: "(d) displaying . . . as selectable items, only those category descriptions associated with at least one file," and, after step (e), in which the user selects at least one category description to search for, "(f) automatically disabling … selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined [*i.e.,* user-selected] search filter."  '360 Patent at 20:19-29. What gets returned at the end of the process are the file names that are "a logical match to the category descriptions of the defined search filter."  '360 Patent 30-37.  Claim 20, like claims 1 and 22, promises to return some file when the user is finished generating the search filter.

SpeedTrack has repeatedly acknowledged all asserted claims contain the guaranteed-search-result limitation.  In opposing Defendants' motion to dismiss pursuant to 35 U.S.C. § 101, SpeedTrack contended that all of the "claimed methods" of the '360 patent require "a 'search filter' comprised of a set of category descriptions and logical connectors that guarantees a search result." (Dkt. No. 156 at 1.)  Indeed, according to SpeedTrack, the guaranteed-search-result function is *the* key innovation, the point of novelty, that made the invention patentable.  SpeedTrack asserted that "none of the conventional file access methods … could guarantee a search result," and insisted its invention solved this problem by providing a "search filter definition so that the user is guaranteed a search result."  (*Id.* at 11-12.)  According to SpeedTrack, this "guarantee" was the specific,

"technical improvement over prior art methods" for searching for files.  (*Id.* at 15.)  Over and over, SpeedTrack explained that its claims were "*specifically limited* to the use of the combination" of certain data structures "to guarantee a search result," that the inventors "invented and *narrowly* claimed a specific, improved method … [of] guaranteeing a search result," and that all claims "require structures … that require there to be a 'guaranteed search result.'"  (*Id.* at 9-10, 16 (emphasis added)).  And more recently, in the Joint Claim Construction statement, SpeedTrack stated "[a]s to asserted claims 1, 2, 7, 11, 20, 21, and 22, there is only one potentially dispositive phrase"—the guarantee limitation.  (Dkt. No. 345 at 2.)

As noted above, the Court has already determined that SpeedTrack's patent claims the guaranteed-search-result function.  The Court has determined that the asserted claims are not abstract because they recited a "specific implementation" for "retrieving and accessing files" which "guarantees a search result."  (101 Order at 9.)  Further, the Court found the claims to "recite an improvement over the prior art methods for accessing such files" because of the "additional features created to guarantee a search result."  (*Id.*)

### C.    The Asserted Claims Must, But Do Not, Describe How To Accomplish The Guaranteed-Search-Result Function.

Because it is agreed that the invention claims a function — guaranteeing a search result — to satisfy the rule against functional claiming, the patent must describe *how* it achieves that result.  Importantly, given this Court's claim construction ruling, that description must be found in the claims themselves.  This Court has, at SpeedTrack's urging, ruled that these claims do not get the benefit of § 112(f).  (*See* Claim Construction Order at 15-18.)  So SpeedTrack cannot mine the specification for any description of how to achieve the guarantee function.  Like the claims in Morse's telegraph patent, evaluated long before § 112(f) existed, each of the claims of SpeedTrack's patent survives only to the extent that *within that claim* the inventors disclosed the algorithm or logical instructions given to the computer system for achieving the claimed guarantee.

As detailed below, none of the asserted claims contain what the rule against functional claiming requires. The inventors did not describe how to achieve the claimed guarantee in *any* claim.[6]

### 1.   Claims 1 and 22

Claims 1 and 22 each recite "a method for accessing files" comprising three steps. The claims begin by describing the creation of a category description table: the set of user-created tags used to tag files for later retrieval:

> (a) initially creating in the computer system a category description table containing a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other;

'360 Patent at 16:60-65; *id.* at C1 2:1-6.

The second step of claims 1 and 22 describes the creation of a file information directory: the data structure holding "unique file identifiers" along with the set of tags associated with each file:

> (b) thereafter creating in the computer system a file information directory comprising at least one entry corresponding to a file on the data storage system, each entry comprising at least a unique file identifier for the corresponding file, and a set of category descriptions selected from the category description table;

'360 Patent at 16:66-17:4; *id.* at C1 2:8-13.

The final step of claims 1 and 22 recites the creation of a search filter, and declares that the filter will "guarantee" a matching file:

> (c) creating in the computer system a search filter comprising a set of category descriptions, wherein for each category description in the search filter there is guaranteed to be at least one entry in the file information directory having a set of category descriptions matching the set of category descriptions of the search filter.

---

[6] In view of the Claim Construction Order, any disclosures in the specification are irrelevant, but as Defendants explained in Claim Construction briefing, the disclosures of the specification do not accomplish the claimed guarantee either. (Dkt. No. 362 at 22-26.)

'360 Patent at 17:5-11; *see id.* at C1 2:15-23 (same limitation, adding that the category descriptions are "logically combined in the search filter, said set of category descriptions logically combined selected by choosing one category description at a time, in any order").  Under the agreed claim construction, a search filter is "a set of one or more category descriptions (depending upon the context of claim 1 or claim 20) and at least one logical operator if there is more than one category description in the search filter that is used to search."  Therefore, "creating … a search filter" involves identifying one or more category descriptions and, if more than one, combining them with logical operators.  As the '360 patent explains, these logical operators include "*AND*," "*OR*," and "*NOT*."  '360 Patent at 11:3-9.

How does the system achieve the guarantee?  There is not a word in these claims devoted to answering that critical question.  All the reader has to go on is (a) set up a table with a list of category descriptions, (b) populate a directory with at least one file that has *some* (maybe just one) of those category descriptions associated with it, and (c) let the user create a search filter out of *any* of the category descriptions listed in the table described in step (a).  Nothing in the claim explains why the reader should expect that the category description, or logically combined set of category descriptions, put into the search filter will match the category descriptions associated with any file in the directory.  An arbitrary set of category descriptions, combined using some logical operators, may or may not match an entry in the file information directory.  If it happens to match a file, it is just luck.  It is not because the claim has described a way to *guarantee* that it will be so.

A simple example drawn from the '360 patent illustrates the point.  At step (a), the user could create a category description table with two category descriptions, "LEGAL" and "LETTER," as in the following:

| LEGAL | LETTER |
|---|---|

**category description table**

At step (b), the user could create a file information directory with a single entry—a file associated only with the tag "LEGAL."

| unique file identifier | category descriptions |
|------------------------|-----------------------|
| file1.doc | LEGAL |

**file information directory – example 1**

At this point, there are no files tagged with the category description "LETTER." If the user can create a search filter containing the category description "LETTER," the search will return no matching files. The language of step (c) does not prevent the user from creating that search filter. Likewise, step (c) does not prevent the user from creating the search filter "*NOT* LEGAL," or "LETTER AND LEGAL." None of these search filters will match and deliver a result because the single file in the file information directory is tagged only with "LEGAL."

### 2.   Claim 20

Claim 20 recites a "method for accessing files" similar to claims 1 and 22, but describing the alleged invention over a sequence of eight steps. The first three steps concern creating the category description table and a file information directory, using language similar to the first two steps of claims 1 and 22:

> (a) initially defining in the computer system at least one list having a plurality of category descriptions, each category description comprising a descriptive name, the category descriptions having no predefined hierarchical relationship with such list or each other;
>
> (b) thereafter accepting user input associating with a file at least one category description from at least one defined list;
>
> (c) storing in the data storage system a file record containing at least the file name, file location information, and the associated category descriptions for the file;

'360 Patent at 20:7-18.

In steps (d), (e), and (f), claim 20 describes steps connected to the user's definition of a search filter. Beginning with steps (d) and (e):

> (d) displaying from each defined list, as selectable items, only those category descriptions associated with at least one file;
>
> (e) accepting user positional input defining a search filter of at least one category description selected from at least one displayed defined list;

'360 Patent at 20:19-24.  Step (d) concerns the initial set of category descriptions shown to the user for selection — only tags used with at least one file in the file information directory will be shown. Step (e) then describes defining a search filter.  The user can choose one or more than one category description from that (limited) display.  And, as noted above, if the user selects more than one, the claim construction of "search filter" requires adding at least one logical connector.

These additional steps do not deliver the needed guaranteed-search-result function.  A small addition to our example above illustrates the point.  Assume both LEGAL and LETTER remain category descriptions, but now the user adds a second file and tags it with LETTER.  So the directory now contains two files, each with one tag, the first with LEGAL and the second with LETTER.

| unique file identifier | category descriptions |
| :---: | :---: |
| file1.doc | LEGAL |
| file2.doc | LETTER |

**file information directory – example 2**

When the user defines a search filter in step (e) by selecting both LEGAL and LETTER, and combines them with the logical connector AND, searching the computer system at step (g) for a file that is a "logical match" to the "search filter" will yield no files at step (h) to "display[.]" There is no file tagged with both of those category descriptions.  The guarantee failed.

The next step, step (f), does not solve the problem.  It provides:

> (f) automatically disabling, in the computer system, selectability of all other category descriptions in each displayed list that do not have associated files which are also associated with the category descriptions of the defined search filter;

This step comes into play *after* the user generates a search filter in step (e).  The step declares that the system will make it impossible for the user to add to the search filter any category description that is not associated with files that also match the initial search filter.  But that cannot solve the problem identified above.  Disabling *additional* options from the category description table *after* the initial search filter produced no matches in the file directory will not magically produce a match.  The guarantee that failed before step (f) is not fulfilled by step (f).

It is not hard to produce other examples based on other logical connectors between category descriptions in the search filter.  Suppose that in step (b) the user tags a single file in the system with both LEGAL and LETTER:

| unique file identifier | category descriptions |
|---|---|
| file1.doc | LEGAL, LETTER |

**file information directory – example 3**

Step (d) will display both LEGAL and LETTER for selection.  The user may selects both LEGAL and LETTER (step (e) allows the user to select more than one category description).  The user may choose the logical connectors "*AND NOT*," which claim 20 does not prevent, so that the search filter is "LEGAL *AND NOT* LETTER."  Once again, the search of the computer's file system (step (g)) produces no matches to display (step (h)).  The guarantee has failed.

It is no response for SpeedTrack to suggest, as it did at the claim construction hearing, "that there is no guarantee in Claim 20."  (Dkt. No. 380 at 97:13.)  The guarantee is essential to the validity of the claim.  As noted above, SpeedTrack repeatedly argued precisely that when opposing Defendants' 101 motion.  And that argument succeeded.  This Court's ruling denying the 101 motion ruled that the claims — including claim 20 — were patent-eligible because they recited a "specific implementation" for "retrieving and accessing files" which "guarantees a search result." (101 Order at 9.)  Judicial estoppel precludes SpeedTrack arguing to the contrary now.  *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001) ("[J]udicial estoppel forbids use of intentional self-contradiction … as a means of obtaining unfair advantage.") (quotation marks and citations omitted).  Even if SpeedTrack were permitted to contradict its prior position (and it is not), that would not save claim 20.  It would amount to an admission that, in light of this Court's ruling on § 101, claim 20 claims unpatentable subject matter.  If claim 20 lacks the "guarantee," that means claim 20 is *not* "directed at solving a challenge unresolved by the prior art in which a search in a hierarchical directory structure did not guarantee a result" and does not contain the "inventive concept" required by the second step of the *Alice* framework.  (101 Order at 7, 9.)

### 3.     Claim 7

Claim 7 depends from claim 1 and recites that "the step of creating a search filter" in claim 1 comprises two additional steps:

> (1) disabling category descriptions which if added to the search filter would not match the category descriptions of at least one entry in the file information directory;
>
> (2) accepting user input selecting at least one category description as a component of the search filter.

'360 Patent at 17:53-61.  This claim language tracks steps (e) and (f) of claim 20, as described above, and for the same reasons these limitations do not provide a mechanism for guaranteeing a search result.  Like step (e) of claim 20, step (2) of claim 7 permits the user to select multiple category descriptions.  Version 2 of the running example illustrates the problem:

| unique file identifier | category descriptions |
|------------------------|-----------------------|
| file1.doc | LEGAL |
| file2.doc | LETTER |

### file information directory – example 2

Step (1) of claim 7 would not disable any category descriptions, because LEGAL and LETTER are each used.  In step (2), the user can select LEGAL *AND* LETTER, and the search will result in no matching files, because there is no file tagged with both of those category descriptions.  The "disabling" language in claim 7, like step (f) in claim 20, does not accomplish the "guarantee."

### 4.     Claims 2, 11, and 21

Dependent claims 2, 11, and 21 all add limitations with no connection to the claimed search filter, so those limitations cannot provide any mechanism for enforcing the guarantee of a search result.  Claims 2 and 11 ultimately depend from claim 1, and thus each contains the same "guarantee" limitation; claim 21 depends from claim 20, and thus includes its variant of the guarantee discussed above.

Both claims 2 and claim 11 add the additional limitation "wherein each category description comprises a user defined category name and a unique category description identifier created by the computer system."  '360 Patent at 17:12-15; *id.* at 18:11-14.  The use of a two-part

1  "category description" with a "user defined category name" along with an "identifier created by the

2  computer system" does not provide any mechanism for achieving the claimed "guarantee."

3  Claim 11 adds an additional step of "further including the step of displaying the name of

4  each file in the file information directory having category description identifiers matching the

5  category description identifiers of the category descriptions in the search filter." *Id.* at 18:15-19.

6  Displaying the names of matching files does not provide a mechanism for achieving the claimed

7  "guarantee." Further, for the reasons noted above, the additional steps of claim 7 present in claim

8  11 do not provide that mechanism either.

9  Finally, claim 21 adds two additional steps to claim 20, which follow the search results

10  displayed in step (h): "accepting user input selecting at least one file from the displayed file

11  names," then "accessing each selected file" using "file location information." *Id.* at 20:40-45.

12  These steps (which take place after the creation of a search filter, and after the search has been run)

13  do not provide any mechanism for achieving the claimed "guarantee."

14  **D.    The Asserted Claims Are Indefinite.**

15  The Court has held that the '360 patent claims "are directed to a specific improvement to

16  computer functionality"—namely, "ensuring that the user is guaranteed a search result." (101

17  Order at 7-8.) The '360 patent claims use functional language at that exact alleged point of

18  novelty: that a search result of at least one matching file is guaranteed. The claim language does

19  not recite acts accomplishing that claimed result, and thus fails to "particularly point[ ] out and

20  distinctly claim[ ]" the alleged invention, as § 112 requires. All asserted claims are invalid as

21  indefinite.

22  **IV.    CONCLUSION**

23  For the foregoing reasons, Defendants' motion for judgment on the pleadings that asserted

24  claims 1, 2, 7, 11, 20, 21, and 22 of the '360 patent are invalid as indefinite should be granted.

25

26

27

28

1

Respectfully submitted,

2

DATED:  January 10, 2020

3

By:   /s/ Michael J. Bettinger
Michael J. Bettinger, SBN 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:   (415) 772-1200
Facsimile:    (415) 772-7400

4

5

6

7

Richard A. Cederoth (Admitted *Pro Hac Vice*)
rcederoth@sidley.com
Nathaniel C. Love (Admitted *Pro Hac Vice*)
nlove@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn
Chicago, IL 60603
Telephone:   (312) 853-7000
Facsimile:    (312) 853-7036

8

9

10

11

12

*Attorneys for Defendants Amazon.com, Inc.,*
*Bestbuy.com, LLC, and Dell, Inc.*

13

Joseph A. Micallef, SBN 443679
jmicallef@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, D.C. 20005
Telephone:  (202) 736-8000
Facsimile:   (202) 736-8711

14

15

16

17

Roderick M. Thompson, SBN 96192
rthompson@fbm.com
Eugene Y. Mar, SBN 227071
emar@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:  (415) 954 4400
Facsimile:   (415) 954 4480

18

19

20

21

22

*Attorneys for Defendant Dell, Inc.*

23

DATED:  January 10, 2020

24

By:   /s/ Ryan J. Casamiquela
Michael A. Berta, SBN 194650
michael.berta@arnoldporter.com
Ryan J. Casamiquela, SBN 228559
ryan.casamiquela@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   (415) 471-3100
Facsimile:    (415) 471-3400

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants Officemax, Inc.; B & H Foto & Electronics Corp.; Evine Live, Inc.; Macy's, Inc.; Macys.com, LLC; Overstock.com, Inc.; and Recreational Equipment, Inc.*

DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)
CASE NO. 4:09-CV-04479-JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Michael J. Bettinger, am the ECF user whose user ID and password are being used to file the foregoing document. Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from all of the above signatories to this document.


Dated:  January 10, 2020                              */s/ Michael J. Bettinger*
                                                      Michael J. Bettinger

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 10, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.


Dated: January 10, 2020                    */s/ Michael J. Bettinger*
                                           Michael J. Bettinger