**MCKOOL SMITH HENNIGAN, P.C.**
RODERICK G. DORMAN (SBN 96908)
rdorman@mckoolsmithhennigan.com
ALAN P. BLOCK (SBN 143783)
ablock@mckoolsmithhennigan.com
MARC MORRIS (SBN 183728)
mmorris@mckoolsmithhennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
T: (213) 694-1200; F: (213) 694-1234

**MCKOOL SMITH P.C.**
DOUGLAS A. CAWLEY (*admitted pro hac*)
dcawley@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
T: (214) 978-4000; F: (214) 978-4044

**MCKOOL SMITH P.C.**
JOHN B. CAMPBELL (*admitted pro hac vice*)
jcampbell@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas 78701
T: (512) 692-8700; F: (512) 692-8744

Attorneys for Plaintiff SPEEDTRACK, INC.

REDACTED VERSION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SPEEDTRACK, INC., | Case No. 4:09-cv-04479-JSW |
| Plaintiff, | |
| vs. | **PLAINTIFF SPEEDTRACK, INC.'S NOTICE OF MOTION AND MOTION TO: (1) CLARIFY THE COURT'S CLAIM CONSTRUCTION ORDER (DOC. 383); (2) PRECLUDE DEFENDANTS FROM CONFUSING THE JURY WITH CONTENTIONS RELATED TO THEIR REJECTED "FIELD" AND "VALUE" CONSTRUCTION; AND (3) STRIKE PORTIONS OF DEFENDANTS' NON-INFRINGEMENT CONTENTIONS** |
| AMAZON.COM, INC.; BARNES & NOBLE BOOKSELLERS, INC.; J & R ELECTRONICS, INC.; DELL, INC.; BEST BUY.COM, LLC; SYSTEMAX, INC.; NA TECH DIRECT, INC.; POCAHONTAS CORP; SYX NORTH AMERICAN TECH HOLDINGS LLC; NA TECH COMPUTER SUPPLIES INC.; OFFICEMAX, INC.; MACY'S, INC.; MACYS.COM, LLC; OVERSTOCK.COM, INC.; RECREATIONAL EQUIPMENT, INC.; EVINE LIVE, INC. (f/k/a VALUE VISION INTERNATIONAL, INC., DBA SHOPNBC.COM); B &H FOTO & ELECTRONICS CORP.; HP INC. (f/k/a HEWLETT-PACKARD COMPANY); RETAIL | |
| | Date:  February 14, 2020 |
| | Time:  9:00 AM |
| | Ctrm:  Hon. Jeffrey S. White |
| | Courtroom 5, Second Floor |

1   CONVERGENCE.COM, LP, DBA                    )
    SMARTBARGAINS.COM,                          )
2                                               )
                    Defendants.                 )
3   _____ )

Case No. 4:09-CV-04479-JSW                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                              CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1

**TABLE OF CONTENTS**

2

Page(s)

3

NOTICE OF MOTION ................................................................................................1

4

MEMORANDUM OF POINTS AND AUTHORITIES .........................................2

5

I.        INTRODUCTION ...........................................................................................3

6

II.       BACKGROUND FACTS ................................................................................5

7

          A.        The Court's Claim Construction Order...................................................5

8

          B.        Defendants' Non-Infringement Contentions...........................................6

9

III.      THE COURT SHOULD CLARIFY ITS CLAIM CONSTRUCTION ORDER TO
          ENSURE DEFENDANTS COMPLIANCE WITH IT.........................................7

10

11

          A.        The Court Should Clarify that it Intends to Instruct the Jury Only With
                    its Construction for "[Category Descriptions] Having No Predefined
                    Hierarchical Relationship"......................................................................7

12

13

          B.        Defendants Should Not Be Permitted to Use the Court's Explanation
                    for the Rejection of Defendants' "Field / Value" Proposal as an End-
                    Around of the Court's Actual Construction.............................................9

14

15

          C.        The Court Should Avoid a "Mini-Trial" Requiring the Jury to Resolve
                    the Parties' Dispute Over the Meaning of Terms Not Part of the Claims
                    or the Court's Construction....................................................................11

16

17

          D.        The Court Should Correct its Typographical Error To Specify that "No
                    Component Has More Than One *Superordinate* Coordinate"...........................13

18

IV.       THE COURT SHOULD STRIKE DEFENDANTS' NON-INFRINGEMENT
          CONTENTIONS NOT TIED TO THE ACTUAL CLAIM LANGUAGE OR
          THE COURT'S CLAIM CONSTRUCTION ..................................................14

19

20

V.        CONCLUSION..............................................................................................14

21

22

23

24

25

26

27

28

Case No. 4:09-CV-04479-JSW                                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                                             CLARIFICATION OF CLAIM CONSTRUCTION ORDER

4842-9310-0976

1

**TABLE OF AUTHORITIES**

2

Page(s)

3

**Cases**

4

*Acumed LLC v. Stryker Corp.*,
    483 F.3d 800 (Fed. Cir. 2007)........................................................................8, 10, 11, 12

*Chapco, Inc. v. Woodway USA, Inc.*,
    282 F. Supp. 3d 472, 482 (D. Conn. 2017) ...........................................................8

*MercExchange, LLC v. eBay, Inc.*,
    401 F.3d 1323 (Fed Cir. 2005) ...............................................................................8

*SpeedTrack, Inc. v. Wal-Mart Stores, Inc.*,
    2008 U.S. Dist. LEXIS 120644 (N.D. Cal. June 19, 2008) ........................................14

*Sulzer Textil A.G. v. Picanol N.V.*,
    358 F.3d 1356 (Fed. Cir. 2004).......................................................................8, 12, 14

*Sunny Fresh Foods, Inc. v. Michael Foods, Inc.*,
    130 Fed. Appx. 459 (Fed. Cir. 2005) .....................................................................8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION

TO THE COURT AND TO DEFENDANTS' COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 14, 2020, or as soon as it may be heard thereafter, in the Courtroom of the Honorable Jeffery S. White, 1301 Clay Street, Oakland, CA 94612, Courtroom 5, 2nd Floor, Plaintiff SpeedTrack, Inc. shall move, and hereby does move, for an Order: (1) clarifying the Court's Claim Construction Order (Doc. 383); (2) precluding Defendants from confusing the jury with contentions related to their rejected "field" and "value" construction; and (3) striking portions of defendants' non-infringement contentions.

In its Claim Construction Order, the Court rejected Defendants' proposed construction for the phrase "[category descriptions] having no predefined hierarchical relationship," which relied on "fields" and "values," for three primary reasons: (1) "Defendants attempt to introduce the terms 'field' and 'value' that are found nowhere in the '360 Patent or, indeed, in Schwartz" and therefore "[t]he inclusion of these terms is likely to confuse the jury and require the introduction of extrinsic evidence to explain 'field' and 'value' systems"; (2) "Defendant's argument is overbroad"; and (3) "Defendants' construction excludes any explanation of the term 'hierarchy.' The lack of a definition renders Defendants' construction tautological and unhelpful to the jury." (Doc. 383 at 9:4-13). Having rejected Defendants' proposed construction, the Court adopted Chief Judge Hamilton's construction, which defines "hierarchy" without any reference to "fields" or "values." (*Id.* at 9:14-18). The Court described its construction as being "well-supported by the intrinsic evidence and legally correct." (*Id.* at 6:17-18).

Defendants recently asserted non-infringement contentions that are not based at all on the Court's construction, but rather are based on ███████████████████████████████████ ██████ These non-infringement contentions are in direct contravention of the Court's Order rejecting Defendants' construction and expressly precluding the parties from introducing extrinsic evidence to explain "field" and "value" systems so as to avoid jury confusion.

The Court should require that Defendants comply with the Court's Order. Accordingly, SpeedTrack seeks an Order clarifying that the Court will instruct the jury only that it construed the

1  phrase "[category descriptions] having no predefined hierarchical relationship" to have the meaning

2  determined by the Court (Doc. 383 at 9:14-18). Such an Order would clarify that the Court will not

3  be providing the jury with an explanation as to why the Court rejected Defendants proposal.

4  SpeedTrack also seeks an Order again precluding Defendants from confusing the jury with

5  contentions related to their rejected "field" and "value" construction and striking Defendants' non-

6  infringement contentions that are not based upon to the actual claim language or the Court's claim

7  construction (as shown in the redlines in Exhibits 2, 4, 6, 8, 10, 12, 14, 16, and 18 to the

8  accompanying Declaration of Alan P. Block "Block Decl."). Finally, SpeedTrack seeks an Order

9  correcting a typographical error in the Court's construction to require that, in a hierarchical structure,

10  ". . . no component has more than one ~~subordinate~~ superordinate component."  (*See* Doc. 383 at

11  9:18).

12          SpeedTrack's motion is supported by the attached Memorandum of Points and Authorities,

13  the accompanying Declaration of Alan P. Block, the record in this case, and any other argument or

14  evidence that the Court may receive.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 4:09-CV-04479-JSW                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                              CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3      In construing the phrase "[category descriptions] having no predefined hierarchical

4  relationship" the Court rejected Defendants' proposed construction, which relied on "fields" and

5  "values" (terms that do not appear anywhere in the '360 patent). (Doc. 383 at 9:3-13). The Court

6  adopted SpeedTrack's proposed construction (the construction adopted by Chief Judge Hamilton)

7  (*Id.* at 9:14-18), which defined "hierarchy" without referring to "fields" or "values," and which the

8  Court described as being "well-supported by the intrinsic evidence and legally correct." (*Id.* at 6:17-

9  18). In rejecting Defendants' construction, the Court found that Defendants' construction is

10  "overbroad," that it "excludes any explanation of term 'hierarchy'" and is therefore "tautological and

11  unhelpful to the jury," and that "the inclusion of these terms ['field' and 'value'] is likely to confuse

12  the jury." (*Id.* at 9:7-13). Indeed, Defendants ███████████████████████████████

13  ████████████████████████████████████████████████████ These

14  terms are not part of the claim language, are not used in the specification, are not part of the prior art

15  Schwartz reference, and only appear in the prosecution history. In rejecting Defendants proposal to

16  inject these undefined terms into the case, the Court expressly precluded the parties from introducing

17  "extrinsic evidence to explain 'field' and 'value' systems." (*Id.* at 9:5-7).

18      Despite the Court's rejection of Defendants' proposed construction and its Order that it

19  would not permit the introduction of extrinsic evidence on "field /value" systems, Defendants

20  recently served non-infringement contentions in which Defendants assert non-infringement not

21  because their accused systems fail to meet the Court's claim construction, but instead because ████

22  ████████████████████████████████ Based on out-of-context statements from

23  the Court's Order, Defendants claim that ██████████████████████████████████

24  █████████████████████████████████████████████████████

25  ██████████ For example, Amazon, Best Buy, and Dell contend that:

26  ███████████████████████████████████████████

27  ███████████████████████████████████████████

28  ███████████████████████████████████████████

Case No. 4:09-CV-04479-JSW                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                              CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1

2

(Exhibit 1 at 4, 30; Exhibit 3 at 9, 48; Exhibit 5 at 9, 53).[1]

3

Thus, contrary to the Federal Circuit's test for infringement requiring the accused device be

4

compared to the properly construed claims, Defendants assert non-infringement without applying the

5

claim language or the Court's construction. Instead, Defendants apply

6

contrary to the Court's Order.

7

Thus, the parties have a dispute regarding the Court's Order. As understood by SpeedTrack:

8

(1) the parties are to apply only the Court's construction for "[category descriptions] having no

9

predefined hierarchical relationship" (Doc. 383 at 9:14-18), which does not address "fields" or

10

"values," and the jury will be so instructed; (2) the parties are precluded from introducing extrinsic

11

evidence on "field" and "value" systems so as not to confuse the jury; and (3) because the parties are

12

to apply only the Court's construction for "[category descriptions] having no predefined hierarchical

13

relationship" and are precluded from introducing extrinsic evidence to explain "field" and "value"

14

systems, the parties are also precluded from relying on any statement contained in the Court's Order

15

regarding the basis for the actual construction and rejection of Defendants' proposed construction.

16

Defendants disagree.

17

Accordingly, SpeedTrack seeks clarification from the Court to resolve the parties' dispute

18

and to ensure that Defendants comply with the Court's Order. Specifically, the Court should clarify

19

that it intends to only instruct the jury that it construed the phrase "[category descriptions] having no

20

predefined hierarchical relationship" to have the meaning determined by the Court as stated on page

21

9, lines 14-18 and nothing more, and thus clarify that Defendants cannot

22

The Court should also enter an Order

23

precluding Defendants from confusing the jury with

24

construction and enter an Order striking the portions of Defendants' non-infringement

25

26

[1] Unless stated otherwise, all references to Exhibits herein are to those Exhibits attached to the accompanying Block Decl.

27

28

-4-

contentions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Post-claim construction, Defendants should be required to base their non-infringement contentions (if any) on the actual claim language or claim construction. The portions of Defendants' non-infringement contentions that SpeedTrack seeks to have stricken are identified in Exhibits 2, 4, 6, 8, 10, 12, 14, 16, and 18 to the Block Decl.

Lastly, the Court appears to have made a typographical error in its construction for the phrase "[category descriptions] having no predefined hierarchical relationship." The Court's construction should end with the statement that "no component has more than one ***superordinate*** component." As drafted, however, the Court's construction requires "no component has more than one ***subordinate*** component." (The same error appears in the Court's reproduction of SpeedTrack's proposed construction (Doc. 383 at 5:18-22, first column)). The Court should correct this typographical error.

During the parties meet and confer prior to bringing this motion, Defendants' counsel asserted that this motion is premature, because jury instructions are determined later in the case, just prior to, or during, trial, and that would be the proper time to address this issue, not now. This motion is not premature. SpeedTrack is required to act diligently and it does not want to later be accused of lacking diligence in raising these issues. Further, as ordered by the Court, the parties are currently scheduled for mediations with Mr. LeHocky. The Court's resolution of this dispute may assist the parties to reach settlements at the upcoming mediations.

## II.    BACKGROUND FACTS

### A.    The Court's Claim Construction Order

On November 8, 2019, the Court issued its Claim Construction Order. (Doc. 383). In its Order, the Court construed the phrase "[category descriptions] having no predefined hierarchical relationship" to mean:

> The category descriptions have no predefined hierarchical relationship. A hierarchical relationship is a relationship that pertains to a hierarchy. A hierarchy is a structure in which components are ranked into levels of subordination; each component has zero, one, or more subordinates; and no component has more than one subordinate component.

(Doc. 383 at 9:14-18).

1       In reaching this construction, the Court expressly rejected Defendants' proposed

2   construction—"a data field and its associated values have a predefined hierarchical relationship"—

3   for three reasons: (i) Defendants attempt to introduce the terms "field" and "value" that are found

4   nowhere in the '360 patent or in the Schwartz reference and therefore "inclusion of these terms is

5   likely to confuse the jury and require the introduction of extrinsic evidence to explain 'field' and

6   'value' systems" (Doc. 383 at 9); (ii) "Defendant's argument is overbroad" (*Id.*); and (iii)

7   "Defendants' construction excludes any explanation of the term 'hierarchy'" thereby "render[ing]

8   Defendants' construction tautological and unhelpful to the jury." (*Id.*)

9       **B.**    **Defendants' Non-Infringement Contentions**

10      Pursuant to Magistrate Judge Westmore's Order (Doc. 366), all Defendants finally served

11  their non-infringement contentions thirty days after the Court's claim construction Order. (Exhibits

12  1, 3, 5, 7, 9, 11, 13, 15, and 17 to Block Decl.) Each Defendant included contentions stating that

13  their accused systems do not infringe, because, according to Defendants,

14

15

16      For example, Amazon contends that:



Case No. 4:09-CV-04479-JSW             PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                                    CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1



2     (Exhibit 1 to Block Decl. at 4, 6 and 30, 32)[2].

3         Similarly, OfficeMax contends that:

4

5

6

7

8

9

10

11

12

13

14

15

16     (Exhibit 7 to Block Decl. at 5 and 30-31)[3].

17 **III.**     **THE COURT SHOULD CLARIFY ITS CLAIM CONSTRUCTION ORDER TO ENSURE DEFENDANTS COMPLIANCE WITH IT**

18

19        **A.**     **The Court Should Clarify that it Intends to Instruct the Jury Only With its Construction for "[Category Descriptions] Having No Predefined Hierarchical Relationship"**

20

21         "A finding of patent infringement requires a two-step process: first, the court determines the

22 meaning of the disputed claim terms, then the accused device is compared to the claims as construed

23

24 _____

[2] Best Buy and Dell include similar contentions. (*See* Exhibit 3 to Block Decl. at 9-10, 13 and 48-49, 52; Exhibit 5 to Block Decl. at 9, 12 and 53, 56, respectively).

25

26 [3] Macy's, Overstock.com, REI, Evine Live, and B & H Foto include similar contentions. (*See* Exhibit 7 to Block Decl. at 6-7 and 25-26; Exhibit 9 to Block Decl. at 6-7 and 25-26; Exhibit 11 to Block Decl. at 5-6 and 22; Exhibit 13 to Block Decl. at 3-5 and 20-21; Exhibit 15 to Block Decl. at 3-4 and 19-20; and Exhibit 17 to Block Decl. at 6-8 and 34, respectively).

27

28

1    to determine infringement." *Acumed LLC v. Stryker Corp.,* 483 F.3d 800, 804 (Fed. Cir. 2007).

2         It is legally correct for the Court to instruct the jury only as to its construction for the phrase

3    "[category descriptions] having no predefined hierarchical relationship" and not anything else from

4    its Claim Construction Order. According to the Federal Circuit, it is the trial court's duty to "inform

5    jurors both of the court's claim constructions rulings on all disputed claim terms and of the jury's

6    obligation to adopt and apply the court's determined meanings of disputed claim terms to the jury's

7    deliberations of the facts." *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1365-66 (Fed. Cir.

8    2004). This makes sense, because "it is the ultimate constructions which are controlling, not the

9    analysis itself." *Chapco, Inc. v. Woodway USA, Inc.*, 282 F. Supp. 3d 472, 482 (D. Conn. 2017)

10   (*citing MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323, 1329 (Fed Cir 2005) *vacated on other*

11   *grounds and remanded sub nom. eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006)); *See also*

12   *Sunny Fresh Foods, Inc. v. Michael Foods, Inc*., 130 Fed. Appx. 459, 464-65 (Fed. Cir. 2005)

13   ("[Appellant's] complaint is that the district court provided the jury with merely the disputed claims

14   and their respective definitions but excluded the dicta in the district court's claim construction order

15   setting forth the reasoning accompanying the actual definitions. This court finds no error in this

16   practice. The district court clearly instructed the jury on the meaning of the disputed claim terms.

17   The law requires no more."). Indeed, the Federal Circuit has described a district court's Markman

18   order as "an explanation to the parties of the reasoning behind its claim construction."

19   *MercExchange*, 401 F.3d 1323, 1329 ("We also agree with the district court that it was not necessary

20   for the court to include excerpts from its Markman order in the jury instructions. A district court's

21   Markman order is an explanation to the parties of the reasoning behind its claim construction. The

22   court's analysis need not be part of the jury instructions.").

23         The Court's Claim Construction Order (Doc. 383) can only be understood to mean that the

24   Court intends to instruct the jury only as to its construction for the phrase "[category descriptions]

25   having no predefined hierarchical relationship." The Court's construction, which the Court stated is

26   "well-supported by the intrinsic evidence and legally correct" (Doc. 383 at 6:17-18), does not use the

27   terms "field" or "value" and the Court rejected Defendants' proposed construction in part because it

28

-8-

1    used these terms. The Court explained one reason why it chose not to include "fields" and "values"

2    in its construction and why it rejected Defendants' proposed construction: "the inclusion of these

3    terms is likely to confuse the jury and require the introduction of extrinsic evidence to explain 'field'

4    and 'value' systems." (Doc. 383 at 9:5-7). Indeed, Defendants ███████████████████████

5    ████████████████████████████████████████████████████████████████████████████████

6    ███████ These terms are not part of the claim language, are not used in the specification, are not part

7    of the prior art Schwartz reference, and only appear in the prosecution history. Thus, if the Court is

8    concerned that referring to "fields" and "values" in its construction would confuse the jury and

9    require extrinsic evidence to explain these terms, it logically follows that the Court, for the same

10   reasons, does not intend to instruct the jury regarding any statements contained in its Claim

11   Construction Order discussing "fields" and "values."

12          This is unlike the Court's express intentions with respect to claim term "file." For "file," the

13   Court explicitly stated that it intended to provide the jury with additional guidance regarding its

14   construction: "[t]he lexicography, however, does not resolve the parties' dispute in this case. The

15   Court therefore provides additional guidance on the construction itself." (Doc. 383 at 10:13-14). The

16   Court then stated the additional guidance that it intended to provide the jury regarding the

17   construction of "file": "[a]ccordingly, the Court construes 'file' as 'any collection of data or

18   information stored on a computer system.' The term 'collection of data or information' means 'a set

19   of data or information that the operating system recognizes as a unit.' The 'data or information' must

20   exist as a collection when stored, but it does not need to be stored in a single location." (Doc. 383 at

21   12:15-18).

22          **B.     Defendants Should Not Be Permitted to** ██████████████████████████
                                                             ██████████████ **as an End-Around of the**
23          **Court's Actual Construction**

24          Based on their non-infringement contentions, Defendants intend to use their proposed claim

25   construction as a basis to argue non-infringement despite the Court's rejection of their proposed

26   construction. Defendants are seeking to ████████████████████████████████████████████

27   (an analysis that requires comparing the claim language, as construed by the Court, to the accused

28

Case No. 4:09-CV-04479-JSW                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                              CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1   systems, *Acumed*, 483 F.3d at 804), concepts which the Court rejected in Defendants' proposed

2   construction and which the Court specifically refused to include in its construction for "[category

3   descriptions] having no predefined hierarchical relationship."

4        Defendants' proposed construction for "[category descriptions] having no predefined

5   hierarchical relationship" used the terms "field" and "value" and said nothing about "hierarchy": "[a]

6   data field and its associated values have a predefined hierarchical relationship." The Court explicitly

7   rejected Defendants' proposed construction for three primary reasons.

8        *First*, the Court found that "Defendants attempt to introduce the terms 'field' and 'value' that

9   are found nowhere in the '360 patent or, indeed, in Schwartz" and therefore "[t]he inclusion of [the

10  terms 'field' and 'value'] is likely to confuse the jury and require the introduction of extrinsic

11  evidence to explain 'field' and 'value' systems" (Doc. 383 at 9:4-7). Indeed, Defendants vaguely

12  reference the terms "field" and "value" in their proposed construction, but provide no definition as to

13  what these terms mean or how to identify a "field/value" system. These terms are not part of the

14  claim language, are not used in the specification, are not part of the prior art Schwartz reference, and

15  only appear in the prosecution history. *Second*, the Court found that "Defendant's argument is

16  overbroad." (Doc. 383 at 9:7-11). *Third*, the Court found that "Defendants' construction excludes

17  any explanation of the term 'hierarchy.' The lack of a definition renders Defendants' construction

18  tautological and unhelpful to the jury." (Doc. 383 at 11-13).

19       The Court ultimately adopted Chief Judge Hamilton's prior construction for "[category

20  descriptions] having no predefined hierarchical relationship," which it described as being "well-

21  supported by the intrinsic evidence and legally correct." (Doc. 383 at 6). Consistent with its rejection

22  of Defendants' proposed construction, the Court's construction does not use the terms "field" or

23  "value."

24       Despite the Court having rejected their construction, and having specifically rejected the use

25  of "fields" and "values" in its construction due to the likelihood of jury confusion and requirement of

26  the introduction of extrinsic evidence to explain "field" and "value" systems, Defendants persist in

27  contending that their accused systems do not infringe, because, according to Defendants,

28

-10-

1

2

3

4

5        The Court should not allow Defendants to ███████████████████████████████

6  ███████████████████████████████████████████████ to argue non-infringement

7  while ignoring the Court's actual construction, which does not refer to "fields" or "values." To do as

8  Defendants assert would violate the Federal Circuit test for infringement which requires that the

9  accused device be compared to the properly construed claims.  *Acumed,* 483 F.3d at 804.

10        Clarification of the Court's Order to specify that it will not instruct the jury as to "fields" and

11  "values," but will only instruct the jury as to its actual construction (Doc. 383 at 9:14-18), will

12  ensure Defendants' compliance with the Court's Order, including the preclusion of extrinsic

13  evidence to explain "field" and "value" systems to not only avoid jury confusion, but also to avoid

14  violating Federal Circuit law.

15        **C.    The Court Should Avoid a "Mini-Trial" Requiring the Jury to Resolve the
              Parties' Dispute Over the Meaning of Terms Not Part of the Claims or the
16            Court's Construction**

17        In construing the phrase "[category descriptions] having no predefined hierarchical

18  relationship," the Court correctly recognized that the terms "field" and "value" are "found nowhere

19  in the '360 patent or, indeed, in Schwartz" and also correctly found that "inclusion of these terms is

20  likely to confuse the jury and require the introduction of extrinsic evidence to explain 'field' and

21  'value' systems." (Doc. 383 at 9). The Court thus rejected Defendants' proposed construction and

22  adopted a construction that does not include the terms "field" or "value." (*Id.*)

23        Despite the Court's rejection of Defendants' proposed construction and despite the Court's

24  actual construction, Defendants nevertheless intend to argue that ███████████████████████

25  ██████████████████████████████████████████████████ (Exhibits 1, 3, 5, 7, 9, 11,

26  13, 15, and 17). This will cause the very problems that the Court sought to avoid: jury confusion and

27  the introduction of extrinsic evidence to explain "field" and "value" systems. It will also result in a

28

-11-

Case No. 4:09-CV-04479-JSW                    PLAINTIFF SPEEDTRACK, INC.'S MOTION FOR
                                              CLARIFICATION OF CLAIM CONSTRUCTION ORDER
4842-9310-0976

1    "mini-trial" requiring the jury to resolve the parties' disputes over those terms. The Federal Circuit,

2    however, instructs trial courts to avoid "mini-trials" over the meaning of disputed claim terms:

3    "[T]he trial court in a patent case must at a minimum take steps to assure that the jury understands

4    that it is not free to consider its own meanings for disputed claim terms and that the district court's

5    claim construction, determined as a matter of law, is adopted and applied by the jury in its

6    deliberation of the facts." *Sulzer Textil*, 358 F.3d at 1366. Of course, what Defendants seek to do

7    here is far worse: ██████████████████████████████████████████████████████████

8    ████████████████████████████████████████ which is forbidden under Federal Circuit law.

9    *Acumed,* 483 F.3d at 804.

10          Rather than focus on the actual claim language and claim constructions, Amazon, Best Buy,

11   and Dell contend that ████████████████████████████████████████

12   ██████████████████████████████████████████████████████████████████

13   ██████████████████████ (Exhibit 1 at 4, 30; Exhibit 3 at 9, 48; Exhibit 5 at 9, 53). █████████

14   █████████████████████████████████████

15          One problem ████████████████████████████████████████[4]. The

16   full sentence from the Court's Order reads as follows: "The prosecution history does not show

17   disclaimer of *all* field-and-value relationships, but only those where a value 'must' be associated

18   with a field." (Doc. 383 at 9:8-9; emphasis in original). ██████████████████████████████

19   ████████████████████████████████████████████████████████████ For

20   instance, the Court explicitly limited this sentence to the prosecution history ("The prosecution

21   history does not show . . .") as these terms only appear in the prosecution history, a fact ignored by

22

23   _____

24   [4] ████████████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████████████

28

1   Defendants in their contention. In other words, the Court's statement was not broadly addressed to

2   *any* "field" or "value," ████████████████████████ but was addressed only to the

3   specific "fields" and "values" referenced in the prosecution history, *i.e.*, parts of Schwartz's system

4   the patentees referenced as Schwartz's "fields" and Schwartz's "values." This is an important

5   distinction that, ████████████████████████████ must be explained to

6   the jury.

7        In this portion of the prosecution history referenced by the Court, the inventors argued that

8   Schwartz required fields and values ***in its file records*** (*i.e.*, when associating values with data files),

9   whereas, in the claims of the '360 patent, category descriptions can be "directly associated" with any

10  file ***in the file information directory***, *i.e.*, values are not required to be associated with a field in the

11  file information directory. (*See* Doc. 362-3 at 17). Thus, based on the prosecution history, whether a

12  "value" "must" be associated with a "field" is determined by how the "value" is associated with a

13  file. If the "value" must be associated with a "field" when associating the value with a file in

14  Schwartz's file record, then that relationship in the file record is hierarchical.  If, however, a

15  "category description" can be "directly applied" to a file in the "file information directory," as in the

16  claimed invention, then the relationships are not hierarchical. Defendants ignore the prosecution

17  history referenced by the Court.[5] If Defendants are permitted to rely on ██████████████

18  explaining this distinction will cause jury confusion.

   **D.    The Court Should Correct its Typographical Error To Specify that "No**
   **Component Has More Than One _Superordinate_ Coordinate"**

        In construing the phrase "[category descriptions] having no predefined hierarchical

   relationship," the Court concluded that Chief Judge Hamilton's prior construction is "well-supported

   by the intrinsic evidence and legally correct" and thus adopted Judge Hamilton's construction. (Doc.

---

[5] Defendants previously explained that the inventors' distinction between Schwartz and the claimed invention, as described in the prosecution history, is the contrast between the required use of "fields" in Schwartz's "field-value records" and the lack of such fields in the "file information directory" of the claimed invention: "[t]he applicants then provided a diagram to contrast the entries in the 'file information directory' of the claimed invention with their earlier depiction of the field-value records maintained in Schwartz." (Defendants' Claim Construction Brief, Doc. 362 at 12:16-22).

1   383 at 6, 9). However, the Court made a typographical error in reproducing Judge Hamilton's

2   construction. As written, the Court's construction requires that, in a hierarchy, "no component has

3   more than one **subordinate** component." (Doc. 383 at 9:18; emphasis added).

4          In Judge Hamilton's construction, however, the court construed "[category descriptions]

5   having no predefined hierarchical relationship" to require that, in a hierarchy, "no component has

6   more than one **superordinate** component." *SpeedTrack, Inc. v. Wal-Mart Stores, Inc.*, 2008 U.S.

7   Dist. LEXIS 120644, *26, 47 (N.D. Cal. June 19, 2008) (emphasis added); *See also*, Doc. 383 at 2.

8          The Court should correct this typographical error.

9   **IV.   THE COURT SHOULD STRIKE DEFENDANTS' NON-INFRINGEMENT
         CONTENTIONS NOT TIED TO THE ACTUAL CLAIM LANGUAGE OR THE
10        COURT'S CLAIM CONSTRUCTION**

11         As discussed above, it is the Court's duty to instruct the jury of its "obligation to adopt and

12   apply the court's determined meanings of disputed claim terms to the jury's deliberations of the

13   facts." *Sulzer Textil*, 358 F.3d at 1366. As also discussed above, the Court's Order does not include

14   instructing the jury with an explanation for rejecting Defendants' proposed construction and

15   allowing to use that explanation regarding "fields" and "values" in addition to the Court's actual

16   construction for the phrase "[category descriptions] having no predefined hierarchical relationship."

17         Accordingly, the Court should strike Defendants' non-infringement contentions that are not

18   tied to the actual claim language or the Court's actual claim constructions.

19         SpeedTrack identifies the portions of Defendants' non-infringement contentions which the

20   Court should strike in the redlined versions of Defendants' non-infringement contentions as shown

21   in Exhibits 2, 4, 6, 8, 10, 12, 14, 16, and 18.

22   **V.    CONCLUSION**

23         For the foregoing reasons, SpeedTrack respectfully requests that the Court issue an Order: (i)

24   clarifying that the Court will instruct the jury only that it construed the phrase "[category

25   descriptions] having no predefined hierarchical relationship" to have the meaning determined by the

26   Court (Doc. 383 at 9:14-18), and thus clarifying that the Court will not be providing the jury with an

27   explanation why the Court rejected Defendants proposal, such as instructing the jury that it "held"

28

-14-

1  (as Defendants contend) that the Court's construction excludes certain "field" and "value"

2  relationships; (ii) to preclude Defendants from confusing the jury with contentions related to their

3  rejected "field" and "value" construction; (iii) to strike Defendants' non-infringement contentions

4  that are not tied to the actual claim language or the Court's claim construction (as shown in the

5  redlines in Exhibits 2, 4, 6, 8, 10, 12, 14, 16, and 18 to the accompanying Declaration of Alan P.

6  Block "Block Decl."); and (iv) to correct a typographical error in the Court's construction to require

7  that, in a hierarchical structure, ". . . no component has more than one ~~subordinate~~ superordinate

8  component."  (*See* Doc. 383 at 9:18).

9           Respectfully submitted,

10  DATED: January 10, 2020                    MCKOOL SMITH HENNIGAN P.C.

11                                             By  _____*/s/ Alan P. Block*_____

12                                                     Alan P. Block

13                                             Attorneys for Plaintiff SpeedTrack, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 10, 2020, a true and correct copy of the above and foregoing document has been served on to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*/s/ Yoshie Botta*
Yoshie Botta

-16-